## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Root, Inc.,** *et al.*, | : | Case No. 2:23-cv-512 |
| *Plaintiffs*, | : | Judge Sarah D. Morrison |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| **Silver,** *et al.*, | : | |
| *Defendants*. | : | |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC's (collectively, "Plaintiffs" or "Root") Motion for Temporary Restraining Order against Defendants Brinson Caleb "BC" Silver ("Silver"), William Campbell ("Campbell"), Collateral Damage, LLC ("Collateral Damage"), Eclipse Home Design, LLC ("Eclipse"), Quantasy & Associates, LLC ("Quantasy"), and Paige McDaniel ("McDaniel") (collectively "Defendants") (ECF No. 12). On February 16, 2023, pursuant to S.D. Ohio Civ. R. 65(a)(1), the Court held an informal preliminary conference. Present were counsel for Plaintiffs and counsel for defendants, Quantasy and Campbell. Collateral Damage, Eclipse, McDaniel and Silver did not appear.

For good cause shown, the Court orders as follows:

1. Eclipse and Silver shall not directly, nor through others, transfer, sell, mortgage or otherwise encumber in any fashion the following properties without leave of Court: 13105 Biscayne Island Terrace, Miami, Florida 33181; 9125 North Bayshore Drive, Miami, Florida 33138; and 2543 Walnut Avenue, Venice, California 90291.

2. Defendants Silver, Campbell and McDaniel shall not individually, nor through others, use, convert, sell or otherwise dispose of any assets in their possession, custody, and control in amounts greater than $_____; and

3. Defendants Silver, Campbell and McDaniel shall not individually, nor through others, incur charges or cash advances on any credit card, debit card, or checking card or incur liens or encumbrances on real personal property or other assets, including intangible assets.  Notwithstanding, Silver, Campbell and McDaniel may pay personal expenses for day-to-day living in an amount no greater than $_____; and

4. Defendants Collateral Damage and Eclipse shall not directly, nor through others, use, convert, sell or otherwise dispose of any assets in their possession, custody, and control in amounts greater than $_____; and

5. Defendants Collateral Damage and Eclipse shall not directly not through others incur charges or cash advances on any credit card, debit card, or checking card, or incur liens or encumbrances on real property, personal property or other assets, in an amount greater than $_____; and

6. Quantasy shall not directly, nor through others, use, convert, or dispose of any assets in its possession, custody, and control in amounts greater than $_____; and

7. Quantasy shall not incur charges or cash advances on any credit card, debit card, or checking card, or incur liens or encumbrances on real property, personal property or other assets in an amount greater than $_____. Notwithstanding, Quantasy may pay day-to-day business expenses (including payroll) in an amount no greater than $_____; and

8. In the alternative to the above, Quantasy may deposit with the Clerk of Court a sum of $13.5 Million, until resolution of this action.

This Temporary Restraining Order shall expire fourteen (14) days from the entry of this Order.

Further, this action is set for a preliminary injunction hearing on _____.

**IT IS SO ORDERED.**


Date: _____

                                                Sarah D. Morrison
                                                United States District Judge