IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **Root, Inc.,** *et al.*, | : | Case No. 2:23-cv-512 |
| | : | |
| *Plaintiffs*, | : | Judge Sarah D. Morrison |
| | : | |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| **Silver,** *et al.*, | : | |
| | : | |
| *Defendants*. | : | |

## AGREED PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC's (collectively, "Plaintiffs" or "Root") Motion for Preliminary Injunction against Defendants Brinson Caleb "BC" Silver ("Silver"), William Campbell ("Campbell"), Collateral Damage, LLC ("Collateral Damage"), Eclipse Home Design, LLC ("Eclipse"), Quantasy & Associates, LLC ("Quantasy"), and Paige McDaniel ("McDaniel") (collectively "Defendants"). (ECF No. 12). On February 16, 2023, pursuant to Fed. Civ. R. 65(a), the Court entered a Temporary Restraining Order against Silver, Collateral Damage, Eclipse, and McDaniel and denied the entry of a Temporary Restraining Order against Campbell and Quantasy. (ECF No. 30). On February 21, 2023, the Court held a telephone conference with the parties. (ECF No. 35). Present were counsel for Root, Quantasy, Campbell, Collateral Damage, Eclipse, and Silver. McDaniel did not appear.

Upon agreement of the parties, and for good cause shown, Root's Motion for Preliminary Injunction is **GRANTED in part**. The Court **ORDERS** as follows:

1. Root has withdrawn its motion for preliminary injunction against Campbell and Quantasy.

2. Eclipse and Silver shall not directly, nor through others, transfer, sell, mortgage or otherwise encumber in any fashion the following properties without leave of Court: 13105 Biscayne Island Terrace, Miami, Florida 33181; 9125 North Bayshore Drive, Miami, Florida 33138; and 2543 Walnut Avenue, Venice, California 90291 (collectively the "Properties"), nor shall they transfer, sell, mortgage or otherwise encumber in any fashion any other real property that they own in whole or in part;

   a. Eclipse and Silver are hereby granted leave of Court to take commercially reasonable steps towards the sale of the aforementioned Properties;

   b. Such commercially reasonable steps include, but are not limited to, placing the Properties on the market for sale, engaging the services of a real estate broker and/or agent and agreeing to a commercially reasonable fee for such services, engaging a title company and agreeing to a commercially reasonable fee for such services, and engaging legal counsel to prepare any necessary contracts or documents related to the sale of the properties.

   c. Silver and Eclipse shall provide copies of any proposed contract for the sale of the Properties (or any other real property owned or controlled by Silver or Eclipse), as well as copies of any related documents, to the Court and all parties prior to signing any such document or providing such documents to any potential buyer;

   d. Silver and Eclipse shall not sign any contract for the sale of the Properties (or any other real property owned or controlled by Silver or Eclipse) or offer any such contract to a potential buyer without leave of this Court;

    e. Within two (2) business days of entering into a contract for the sale of the Properties (or any other real property owned or controlled by Silver or Eclipse), Eclipse and Silver shall notify the Court and all parties and shall provide the Court and all parties with a copy of the contract and all related documents;

    f. No less than five (5) business days prior to closing on the sale of the Properties (or any other real property owned or controlled by Silver or Eclipse), Eclipse and Silver shall provide the Court and all parties a copy of any and all documents associated with the proposed sale;

3. All net proceeds from any sale of the Properties (or any other real property owned or controlled by Silver or Eclipse) shall be paid to the Clerk of Courts for the Southern District of Ohio, to be held in trust and subject to disbursement only by further order of this Court;

4. Silver shall not individually, nor through others (including but not limited to any entity Silver owns or controls whether in whole or part) use, convert, sell or otherwise dispose of any assets in his possession, custody, and control totaling more than $5,000 without leave of this Court;

5. Silver shall not individually, nor through others (including but not limited to any entity Silver owns or controls whether in whole or part), incur charges or cash advances on any credit card, debit card, or checking card or incur liens or encumbrances on real personal property or other assets, including intangible assets.  Notwithstanding, Silver may pay personal expenses for day-to-day living in an amount no greater than $7,500 in total per month.  Any amount greater than that shall require leave of this Court;

6. Collateral Damage and Eclipse shall not directly, nor through others, use, convert, sell or otherwise dispose of any assets in their possession, custody, and control totaling more than $5,000 without leave of this Court;

7. Collateral Damage and Eclipse shall not directly nor through others incur charges or cash advances on any credit card, debit card, or checking card, or incur liens or encumbrances on real property, personal property or other assets, in an amount greater than $5,000 in total per month. Any amount greater than that shall require leave of this Court;

8. Root is not required to post a bond.

This Preliminary Injunction shall remain in effect until further Order of this Court.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**