**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ROOT, INC., *et al.*,

        **Plaintiffs,**      :

   v.

BRINSON CALEB SILVER, *et al.*,   :

        **Defendants.**

**Case No. 2:23-cv-512
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura**

## OMNIBUS ORDER

Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (together, "Root") filed this action against, *inter alia*, Brinson Caleb "B.C." Silver, Collateral Damage, LLC, and Eclipse Home Design, LLC, asserting claims of racketeering, fraud, conversion, theft, breach of contract, breach of fiduciary duties, and civil conspiracy. (Am. Compl., ECF No. 20.) The matter came before the Court for an evidentiary hearing on Root's motion to hold Mr. Silver and Eclipse in contempt. (*See* ECF Nos. 74, 76.) Although Root's motion is styled as a Motion for Contempt, it is more properly construed as a Motion for Contempt and for Appointment of a Receiver.

This Omnibus Order memorializes the rulings made during the May 9 hearing. Because certain issues remain outstanding, the parties are **ORDERED** to appear, in-person, before the Court for a hearing on **May 12, 2023, at 3:00 PM in Courtroom 132**.

I.  BACKGROUND

Root's claims center on an alleged scheme, orchestrated by Silver, to divert funds from Root (his former employer) to entities under his control (Collateral Damage and Eclipse) through sham vendor contracts. (*See* Am. Compl., *generally*.) The Amended Complaint alleges that Silver used the diverted funds to purchase three pieces of luxury real estate. (*Id.*, ¶¶ 86–91.)

When it came to light that Silver listed one of the properties for sale, Root filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 21.) On February 16, 2023, the Court issued a Temporary Restraining Order enjoining Silver from (i) disposing of the properties without leave of Court; (ii) using, converting, selling, or otherwise disposing of any assets in their possession, custody, and control in amounts greater than $5,000; (iii) and incurring charges or cash advances on any credit card, debit card, or checking card, or incurring liens or encumbrances on real personal property or other assets. (ECF No. 30.) The TRO permitted Silver to "pay personal expenses for day-to-day living in an amount no greater than $5,000." (*Id.*) On February 27, 2023, the Court entered an Agreed Preliminary Injunction imposing, in relevant part, the following restrictions:

> 4. Silver shall not individually, nor through others (including but not limited to any entity Silver owns or controls whether in whole or part) use, convert, sell or otherwise dispose of any assets in his possession, custody, and control totaling more than $5,000 without leave of this Court;
>
> 5. Silver shall not individually, nor through others (including but not limited to any entity Silver owns or controls whether in whole or part), incur charges or cash advances on any credit card, debit card, or checking card or incur liens or encumbrances on real personal property or other assets, including intangible

assets. Notwithstanding, Silver may pay personal expenses for day-to-day living in an amount no greater than $7,500 in total per month. Any amount greater than that shall require leave of this Court;

(ECF No. 42.)

On May 2, 2023, Root filed a Motion for Contempt alleging that Silver and Eclipse had violated the restrictions imposed in the Agreed Preliminary Injunction. (ECF No. 74.) It separately filed documentary evidence to support its motion. (ECF No. 79.) The evidence consists of bank statements received in response to third-party subpoenas issued in connection with discovery:

Bank of America — Silver account ending in 6351 (ECF No. 79-1)

Bank of America — Silver account ending in 3853 (ECF No. 79-2)

Bank of America — Eclipse account ending in 3297 (ECF No. 79-3)

The Motion highlights certain problematic transactions, including:

<u>6351 Account (Silver)</u>

| 3/8/23 | Wire from BRINSON CALEB SILVER[1] | $152,190.47 |
| --- | --- | --- |
| 3/8/23 | Wire to SOUTHWEST PLASTIC SURGERY | $21,937.59 |

<u>3853 Account (Silver)</u>

| 3/9/23 | PayPal to BRINSONSI | $10,290.30 |
| --- | --- | --- |
| 3/9/23 | PayPal to BRINSONSI | $9,775.80 |
| 3/9/23 | PayPal to BRINSONSI | $11,319.30 |
| 3/9/23 | PayPal to BRINSONSI | $30,870.30 |

---

[1] Root represents that, before seeing the 6351 Account statement, it was unaware of the sending account.

| | | |
|---|---|---|
| 3/16/23 | PayPal to BRINSONSI | $25,725.30 |

<u>3297 Account (Eclipse)</u>

| | | |
|---|---|---|
| 3/15/23 | ACH to NEWREZ-SHELLPOIN | $16,896.98 |
| 3/15/23 | ACH to NEWREZ-SHELLPOIN | $13,881.38 |
| 3/15/23 | ACH to NEWREZ-SHELLPOIN | $11,289.58 |

(ECF Nos. 74, 79.)

Upon review of the Motion and evidence, the Court ordered Silver (and Eclipse) to appear and show cause why they should not be held in contempt. (ECF No. 76.) The Court advised Mr. Silver that if he failed to appear in-person, a warrant would be issued for his arrest. (*Id.*) Counsel for Root, Silver, and Eclipse appeared at the May 9, 2023 hearing. Silver himself did not.

## II.  MOTION FOR CONTEMPT

Civil contempt may be used to enforce compliance with a court order, or to compensate for injuries caused by contemptuous conduct. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 n.5 (6th Cir. 1999). To prevail on a motion for civil contempt, the movant must demonstrate by clear and convincing evidence that that alleged contemnor "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Tr. Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quotation and citation omitted). The burden then shifts to the contemnor, to show "categorically and in detail why he or she is unable to comply with the court's order." *Id.* (quotation and citation omitted).

4

Root has established by clear and convincing evidence that Silver and Eclipse violated the Agreed Preliminary Injunction, which was known to them. Silver and Eclipse offered nothing in response. Accordingly, the Court finds that Silver and Eclipse are in contempt of Court. The Motion is **GRANTED**.

As to the remedies, the Court imposes two:

First, Silver is **ORDERED** to pay Root's attorney fees and costs incurred in investigating the contemptuous conduct and moving for this Order. The Court will hear evidence on the amount of such fees and costs at the May 12 hearing.

Second, Silver is **ORDERED** to disclose to Root all of his bank accounts and non-banked assets **within fourteen days** of the date of this Order.

### III. MOTION TO APPOINT A RECEIVER

The Court will accept further briefing on the propriety of appointing a receiver to control Silver's assets. Any such briefing is due on or before **9:30 AM on May 12, 2023**. The parties should be prepared for further argument on the issue at the May 12 Hearing.

### IV. OTHER

Fine pursuant to inherent authority. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. Nasco,* 501 U.S. 32, 43 (1991) (internal quotation and citation omitted). Pursuant to its inherent authority, the Court **FINES** Mr. Silver $500 for failure to comply with its orders restricting his spending. The fine shall be made payable to the Clerk's Office **within fourteen days** of the date of this Order.

<u>Oral Motion to Withdraw</u>. Silver's counsel made an oral motion to withdraw representation pursuant to Rule of Professional Conduct 1.16. The Court reserves a ruling on the motion pending counsel's forthcoming written motion.

<u>Oral Motion for Finding</u>. At the hearing, Root made an oral motion for a specific finding of a "fair connection or nexus" between the ownership of the three pieces of real estate and the issue in litigation. The Court understands this motion to be made in connection with a *lis pendens* action in Florida. Because the request was absent from the Motion for Contempt (on which the hearing was noticed), the Court declined to rule from the bench. Nonetheless, the parties should be prepared for further argument on this issue at the May 12 Hearing.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**