IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **Root, Inc.,** *et al.*, | : | Case No. 2:23-cv-512 |
| Plaintiffs, | : | Judge Sarah D. Morrison |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| **Silver,** *et al.*, | : |  |
| Defendants. | : |  |

### PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING MOTION TO APPOINT RECEIVER

Pursuant to the Court's May 9, 2023 Omnibus Order, Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (collectively, "Plaintiffs" or "Root") respectfully submit supplemental briefing in support of Plaintiffs' Motion to Appoint a Receiver. As set forth below, the appointment of a receiver is the appropriate remedial step to minimize (if not remove) the risk of continuing and future violations of this Court's Agreed Preliminary Injunction (ECF No. 42) and related Court orders.

Plaintiffs moved in their Motion for Contempt (ECF No. 74) (the "Motion") for the appointment of receiver pursuant to Federal Rule of Civil Procedure 66. As highlighted in the Motion, "[a] district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation." *See Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) (quoting 13 Moore's Federal Practice 66.02-.03 (3d ed.1999)); *see also McGirr v. Rehme*, No. 16-464, 2018 U.S. Dist. LEXIS 130673, at *29 (S.D. Ohio Aug. 3, 2018) (holding same). "[W]hether Defendants have engaged in fraudulent conduct" is the factor "most strongly" considered by this Court when determining whether appointment of a receiver upon a creditor's pre-judgment request is appropriate. *See id.* (granting creditors' motion to appoint receiver on pre-judgment basis in

1

fraudulent transfer action);[1] *see also Phillippi v. Jim Phillippi, Inc.*, Nos. 2:07CV916, 2:07CV1001, 2009 U.S. Dist. LEXIS 41645, at *6 (S.D. Ohio May 18, 2009) (the appointment of receiver "is generally reserved for situations where the business' 'funds or properties are being mismanaged and are in imminent danger of being lost to the stockholders and creditors through the collusion and fraud of [the corporate] officers'") (citing *Macon Lumber Co. v. Bishop & Collins*, 229 F.2d 305, 207 (6th Cir. 1956)).

Appointment of a receiver is particularly appropriate where – as here – a defendant has unlawfully violated a district court's preliminary injunction that restricts the defendant from transferring assets without approval. *See Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.*, 630 F. App'x. 410, 414 (6th Cir. 2015) (affirming district court appointment of receiver in response to the defendant violating a preliminary injunction stipulation preventing him from "transferring any of its property outside of the ordinary course of business without [the plaintiff's] approval"). As described by *Pension*, if the defendant has violated a preliminary injunction stipulation preventing him from transferring assets, it "suggests [the stipulation] was *in*adequate to protect [the] assets" and therefore appointment of a receiver is warranted. *See id.* at 415 (emphasis in original); *see also Cluck-U Corp. v. C.U.C. of Columbus, Inc.*, No. 2:07CV816, 2011 U.S. Dist. LEXIS 74239 (S.D. Ohio July 11, 2011) (violation of order of default judgment and permanent injunction impetus for appointment of receiver).

Appointing a receiver pre-judgment is not new; indeed, federal courts have appointed receivers upon a creditor's request – and on a pre-judgment basis – such as where there is unlawful conduct or fraud. *See Pension*, 630 F. App'x at 414; *see also United States SEC v. Bravata*, 763

---

[1] In *McGirr*, the receiver was appointed pre-judgment on the claims at play, i.e. fraudulent conveyance claims, but post-judgment on claims asserted in a related, but separate, action.

F. Supp. 2d 891, 919 (E.D. Mich. 2011) (ordering continuing appointment and authority of receiver on pre-judgment basis in SEC Ponzi scheme); *see also First Franchise Capital Corporation v. Pandya Restaurants LLC, et al.*, No. 1:19CV00254, (S.D. Ohio Apr. 10, 2019).[2]

Here, Plaintiffs are seeking appointment of a receiver to prevent Defendants from committing further violations of this Court's Agreed Preliminary Injunction (ECF No. 42) and related Court orders – violations that have already been found.  Plaintiffs are *not* seeking appointment of a receiver to preserve assets for a future judgment.  *See Cabetech, LLC v. Nextlight, LLC*, No. 1:22CV59, 2023 U.S. Dist. LEXIS 52432, at *11 (S.D. Ohio Mar. 27, 2023) (requiring plaintiff to secure judgment prior to appointment of receiver where the purpose of appointment is to "preserve assets to satisfy a [future] judgment.")  As articulated above, Silver and Eclipse violated the Agreed Preliminary Injunction and continue to ignore this Court's orders.  Therefore, the appointment of a receiver is the appropriate remedy to minimize (if not remove) the risk of continuing and future violations of the Agreed Preliminary Injunction and related Court orders.

---

[2] The plaintiff's request for appointment of receiver in *First Franchise* involved a violation of a loan agreement and did not involve an allegation of fraud.  However, it is notable that the Court granted, on an ex-parte basis, a Plaintiff's Emergency Motion for Appointment of Receiver that was filed on the same day as Plaintiff's Complaint due to imminent danger of collateral being lost or diminished.  The Court's Order granting Plaintiff's Motion for Appointment of Receiver was entered only two days after the motion was filed.

Respectfully submitted,

*/s/ William D. Kloss, Jr.*
William D. Kloss, Jr. (0040854), Trial Attorney
Elizabeth S. Alexander (0096401)
Grace E. Saalman (0101603)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone (614) 464-6360
Fax (614) 719-4807
wdklossjr@vorys.com
esalexander@vorys.com
gesaalman@vorys.com

Matthew L. Kutcher (IL Bar No. 6275320*)*
Cooley LLP *Admitted Pro Hac Vice*
110 N. Wacker Drive Suite 4200
Chicago, IL 60606
Phone (312) 881-6500
Fax (312) 881 6598
mkutcher@cooley.com

Kristine A. Forderer (CA Bar No. 278754)
Cooley LLP *Admitted Pro Hac Vice*
3 Embarcadero Center
San Francisco, CA 94111
Phone (415) 693-2128
kforderer@cooley.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically on this 11th day of May 2023 with the Clerk of Court using the CM/ECF system.  Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.

A copy was also sent by regular U.S.P.S. mail and email to the following:

Paige McDaniel
5576 Alexanders Lake Road
Stockbridge, GA  30281

*/s/ William D. Kloss, Jr.*
William D. Kloss, Jr.  (0040854)
