IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Root, Inc.,** *et al.*, | : | Case No. 2:23-cv-512 |
| Plaintiffs, | : | Judge Sarah D. Morrison |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| **Silver,** *et al.*, | : | |
| Defendants. | : | |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING ORAL MOTION FOR FINDING RELATED TO NEXUS BETWEEN INJUNCTION AND REAL ESTATE**

At the May 9, 2023 hearing, Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (collectively, "Plaintiffs" or "Root") orally moved the Court for a finding (the "Finding") – which is consistent with the existing Agreed Preliminary Injunction – to clarify the application of *lis pendens* under Florida law.  Plaintiffs therefore request that the Court issue the Finding as set forth below so that Plaintiffs may file a *lis pendens* and provide third parties with legal notice of the Agreed Preliminary Injunction, including in a foreclosure action pending in Florida.  A proposed order is attached hereto.

**I.      Background**

On February 27, 2023, the Parties submitted an Agreed Preliminary Injunction to the Court, which the Court entered.  (ECF No. 42.)  The Agreed Preliminary Injunction states in part:

> Eclipse and Silver shall not directly, nor through others, transfer, sell, mortgage or otherwise encumber in any fashion the following properties without leave of Court: 13105 Biscayne Island Terrace, Miami, Florida 33181; 9125 North Bayshore Drive, Miami, Florida 33138; and 2543 Walnut Avenue, Venice, California 90291 (collectively the "Properties"), nor shall they transfer, sell, mortgage or otherwise encumber in any fashion any other real property that they own in whole or in part[.]

1

(ECF No. 42, ¶ 2.) Thereafter, the Agreed Preliminary Injunction sets forth the necessary procedures for the sale of the Properties and the disbursements of any proceeds to the Clerk of Courts for the Southern District of Ohio. (*See id.* ¶¶ 2-3.)

In preparation for the May 9, 2023 hearing, Plaintiffs ran updated title searches on the Properties. Plaintiffs learned that an Assignment of Mortgage was recorded on the property located at 9125 North Bayshore Drive, Miami, Florida 33138 (the "Bayshore Property") on April 3, 2023, assigning the mortgage from Champions Funding, LLC to Miami 555 LLC. (Exhibit A.)[1] In addition, Miami 555, LLC filed a Verified Complaint for Foreclosure and a Notice of *Lis Pendens* on April 11, 2023. (Exhibits B and C.) To ensure that third parties are provided legal notice of the Agreed Preliminary Injunction, Plaintiffs may also file a Notice of *Lis Pendens* for the Properties.

## II. Request for Oral Finding

Under Florida law, a *lis pendens* not founded on a duly recorded instrument, must have a "fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." *Chiusolo v. Kennedy*, 614 So. 2d 491, 493 (Fla. 1993); *see also* Fla. Stat. ch. 48.23. As the Supreme Court of Florida highlights, "[o]ne of the several purposes underlying the doctrine of *lis pendens* is that, when a suit is filed that could affect title in the property, some notice should be given to future purchasers or encumbrancers of that property" which, in turn, "protect[s] those purchasers or encumbrancers from becoming embroiled in the dispute" as well as protecting the plaintiff. *Id.* (citation omitted).

---

[1] The Court may take judicial notice of publicly-filed documents. Fed. R. Civ. P. 201(b); *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).

Here, enforcement of or claims relating to the Agreed Preliminary Injunction in this lawsuit undeniably could affect title in the Properties.  The Properties are at the heart of the Agreed Preliminary Injunction:  Eclipse and Silver have agreed (among other things) not to transfer, sell, mortgage or otherwise encumber the Properties, and further agree that all net proceeds from the sale of the Properties "shall" be paid to the Clerk of this Court. (ECF No. 42.) Confirming, through order of this Court, that enforcement of the Agreed Preliminary Injunction could affect title to the Properties and that in turn, there is a nexus between the legal or equitable ownership of the Properties and the dispute embodied in the Agreed Preliminary Injunction, which would facilitate Plaintiffs' ability to give proper third-party notice.

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for the Finding as set forth in the attached proposed order.

.

Respectfully submitted,

*/s/ William D. Kloss, Jr.*
William D. Kloss, Jr. (0040854), Trial Attorney
Elizabeth S. Alexander (0096401)
Grace E. Saalman (0101603)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone (614) 464-6360
Fax (614) 719-4807
wdklossjr@vorys.com
esalexander@vorys.com
gesaalman@vorys.com

Matthew L. Kutcher (IL Bar No. 6275320*)*
Cooley LLP *Admitted Pro Hac Vice*
110 N. Wacker Drive Suite 4200
Chicago, IL 60606
Phone (312) 881-6500
Fax (312) 881 6598
mkutcher@cooley.com

Kristine A. Forderer (CA Bar No. 278754)
Cooley LLP *Admitted Pro Hac Vice*
3 Embarcadero Center
San Francisco, CA 94111
Phone (415) 693-2128
kforderer@cooley.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically on this 11th day of May 2023 with the Clerk of Court using the CM/ECF system.  Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.

A copy was also sent by regular U.S.P.S. mail and email to the following:

Paige McDaniel
5576 Alexanders Lake Road
Stockbridge, GA  30281

>    */s/ William D. Kloss, Jr.*
>    William D. Kloss, Jr.  (0040854)