FILED
RICHARD W. HAGEL
CLERK OF COURT

23 MAY 30 AM 9: 20

U.S. DISTRICT COURT
SOUTHERN DISTRICT OHIO
EAST. DIV. COLUMBUS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ROOT INC.** *et al.*, | **Case No.: 2:23-cv-00512** |
| Plaintiffs, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| **SILVER,** *et. al.*, | |
| Defendants. | |

COMES NOW Defendant, PAIGE MCDANIEL (Pro Se) and answers the Verified First Amended Complaint for Damages and Injunctive Relief filed by Plaintiffs as follows:

### INTRODUCTION

1.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and therefore denies the same. Defendant further asserts that she never participated in any scheme which involved Root Inc, Silver or Quantasy & Associates LLC.

1

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint, and therefore denies the same. Defendant further asserts that she did not have knowledge of B.C. Silver's fraudulent activities before or after his employment with Root.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint, and therefore denies the same. Defendant further asserts that she never received any stolen funds, wire and/or monies from Root, Quantasy or Silver [Collateral Damage, California].

5.      Defendant had no knowledge of Silver transferring funds from Collateral Damage to purchase luxury real estate and therefore has lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6.      Defendant denies that Plaintiffs are entitled to any damage and/or relief for any alleged claim against Defendant.

## JURISDICTION AND VENUE

7.      Defendant denies that this Court has jurisdiction as alleged by the Plaintiffs.

8.      Defendant denies that this Court has jurisdiction as alleged by the Plaintiffs.

9.      Defendant denies that this Court has jurisdiction as alleged by the Plaintiffs.

10.     Defendant denies that venue is proper in this District.

## PARTIES

11.     Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the contents in paragraph 11.

12.     Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the contents in paragraph 12.

13.      Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the contents in paragraph 13.

14.      Defendant affirms knowledge of Brinson Silver residing in California and having a rental property in Florida

15.      Defendant affirms living in the state of Georgia and only being a member of the Collateral Damage, Georgia (GA).

16.      Defendant affirms knowledge of the Collateral Damage LLC [Georgia] being a limited liability company formed under the laws of the state of Georgia.

17.      Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the contents in paragraph 17.

18.      Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the contents in paragraph 18.

19.      Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the contents in paragraph 19.

## **FACTS COMMON TO ALL CLAIMS**

### **A.      Root hires Silver as Chief Marketing Officer**

20.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20.

21.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21.

22.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24.

25.     Defendant affirms general knowledge of Silver being employed by Root and being laid -off by Root.

**B.     Silver Hires Quantasy to Funnel Root's Payments into His Own Company, Collateral Damage.**

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56.

### C.     Silver and Campbell Continue To Defraud Root.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63.

64.     Defendant affirms knowledge of the Collateral Damage Georgia LLC being formed as a company to handle sports marketing work. Defendant had no knowledge that Silver was falsely representing Collateral Damage Georgia to Quantasy. Defendant denies any involvement in a cover up or scheme to misguide Root.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70.

71.      Defendant affirms knowledge of W-9, the Grind24 team was requested by Silver per Quantasy to sign W-9s if we were to sub-contract and complete work for Quantasy.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91.

### D.     Silver and Campbell Attempt to Further Cover Up Their Fraud

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95.

96.     Defendant denies the allegations in paragraph 96 to the extent that they associate Defendant with Collateral Damage (CA). Defendant asserts that she was never involved or affiliated with the Collateral Damage (CA) that Silver established in California.

97.     Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97.

98.     Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98.

99.     Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 99.

100.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 100.

101.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101.

102.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102.

103.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103.

104.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 104.

### E.     Silver Committed Fraudulent Schemes Against Root with Other Marketing Vendors

105.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 105.

### COUNT I: 18 U.S.C. § 1962(c) Civil RICO

### (Racketeer Influenced Corrupt Organizations) Against All Defendants

106.    Defendant incorporates her responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

107.    Defendant denies the allegations in paragraph 107 in its entirety.

108.    Defendant deny the allegations in paragraph 108 in its entirety.

109.    Defendant denies the allegations in paragraph 109 in its entirety.

110.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110.

111.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 111.

112.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 112.

113.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 113.

114.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114.

115.    Defendant lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 115.

116.    Defendant denies the allegations in paragraph 116 in its entirety.

117.    Defendant denies the allegations in paragraph 117 in its entirety.

## COUNT II: Fraudulent Concealment
## Against Silver, Campbell, and Quantasy

118.    Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

12

119.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 119.

120.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 120.

121.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 121.

122.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122.

123.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123.

## COUNT III: Fraudulent Misrepresentation

### Against Silver, Campbell, and Quantasy

124.     Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

125.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 125.

126.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 126.

127.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 127.

128.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 128.

129.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 129.

130.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 130.

131.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 131.

132.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 132.

133.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 133.

### COUNT IV: Conversion

### Against All Defendants

134.     Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

135.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 135.

136.     Defendant denies the contents of paragraph 136 in its entirety.

137.     Defendant denies the contents of paragraph 137 in its entirety.

138.     Defendant denies the contents of paragraph 138 in its entirety.

139.     Defendant denies the contents of paragraph 139 in its entirety.

### COUNT V: O.R.C. 2307.60, 2307.61 Civil Action for Criminal Theft

### Against All Defendants

140.    Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

141.    Defendant denies the allegations in paragraph 141 in its entirety.

142.    Defendant denies the allegations in paragraph 142 in its entirety.

143.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 143.

144.    Defendant denies the allegations in paragraph 144 in its entirety.

145.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 145.

146.    Defendant denies the allegations in paragraph 146 in its entirety.

### COUNT VI: O.R.C. 2913.05 Civil Action for Criminal Act of Telecommunications Fraud

### Against Silver, Campbell, Quantasy, and Collateral Damage

147.    Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

148.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 148.

149.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 149.

150.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 150.

151.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 151.

15

**COUNT VII: Breach of Contract Against Silver**

152.     Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

153.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 153.

154.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 154.

155.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155.

156.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 156.

157.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 157.

**COUNT VIII: Breach of Contract Against Quantasy**

158.     Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

159.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 159.

160.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 160.

161.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 161.

162.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 162.

163.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 163.

## COUNT IX: Breach of Fiduciary Duty Against Silver

164.     Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

165.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 165.

166.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 166.

167.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 167.

168.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 168.

169.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 169.

170.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 170.

## COUNT X: Civil Conspiracy

## Against All Defendants

171.    Defendant incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

172.    Defendant denies the allegations in paragraph 172 in its entirety.

173.    Defendant denies the allegations in paragraph 173 in its entirety.

174.    Defendant denies the allegations in paragraph 174 in its entirety.

**PRAYER FOR RELIEF**

A.  Defendant denies that Plaintiffs are entitled to any relief requested in Section (a) of their prayer for relief.

B.  Defendant denies that Plaintiffs are entitled to any relief requested in Section (b) of their prayer for relief.

C.  Defendant denies that Plaintiffs are entitled to any relief requested in Section (c) of their prayer for relief.

D.  Defendant denies that Plaintiffs are entitled to any relief requested in Section (d) of their prayer for relief.

E.  Defendant denies that Plaintiffs are entitled to any relief requested in Section (e) of their prayer for relief.

F.  Defendant denies that Plaintiffs are entitled to any relief requested in Section (f) of their prayer for relief.

G.  Defendant denies that Plaintiffs are entitled to any relief requested in Section (g) of their prayer for relief.

**FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

By way of further Answer and Affirmative Defenses, Defendant denies that she is liable to Plaintiffs on any of the claims alleged and deny that Plaintiffs are entitled to any damages or to any relief whatsoever, and states as follows:

1.      Defendant never participated in any scheme which involved Root Inc, or Quantasy & Associates LLC.

2.      Defendant had no knowledge of B.C. Silver's fraudulent activities before or after his employment with Root.

3.     Defendant never received any stolen funds, wire and/or monies from Root,  Quantasy or Collateral Damage.

4.      Defendant never received any financial or monetary gain from the purchase of luxury real estate at 13105 Biscayne Island Terrace Miami, Florida and/or 9125 North Bayshore Drive Miami, Florida and/or 2543 Walnut Avenue Venice California 90291 purchased by Silver.

5.      Defendant never attempted to conceal Silver's affiliation by forming an LLC with the Georgia Secretary State.

6.      Defendant had no knowledge of Root's policies, procedures or practices when subcontracting or submitting work.

7.      Defendant never entered into any private agreements to defraud Root.

8.      Defendant never met or had knowledge of any Root executive(s) or team members.

9.      Defendant had no knowledge of Eclipse Home Design.

10.     Defendant had no knowledge of B.C. Silver purchasing luxury properties.  Defendant only knew Silver lived in California at his personal residence and mentioned purchasing a property in Miami for pleasure and short-term rental.

11.     Collateral Damage (Georgia) did[pm1] not receive any funds from Root or Quantasy.

12.     Defendant never received any funds from Root or Quantasy at anytime including on about June or July 2022 when Root's Finance department became aware of the excessive and unauthorized spending.

13.     Defendant never stole money and never committed a theft offense under Ohio law. Defendant and/or Collateral Damage [GA] have never been to the state of Ohio and had no contact or business dealings with Root. Defendant exerted no control over the funds and never received any funds from Root, Quantasy or Collateral Damage [California].

14.     Defendant Plaintiff did not take any steps to induce and actively conceal a scheme from Plaintiffs.

15.     Defendant had no knowledge of Silver's involvement and scheme to use Root's monies and/or funds.

16.     Defendant and/or Collateral Damage [Georgis] did not present any document to defraud Root. Any document presented to Quantasy was advised by Silver would be updated and resubmitted for corrections by Quantasy for subcontracting agreement.

17.     Defendant and/or Collateral Damage [Georgia] never maliciously and purposefully conspired to cause the Plaintiff injury. Plaintiff never agreed to defraud Root of funds through a series of false transactions. Further, Plaintiff never attempted to hide Silver's affiliation with Collateral Damage to obtain funds from Root.

18.     Plaintiff believed Silver to have the power and/or capacity to gather a team or subcontract work with vendors.

19.     Collateral Damage (Georgia) which consisted of the Grind24 team (Paige McDaniel, Eli Hiler & Cyntoria Williams) completed work and submitted a presentation deck to Silver to give to Quantasy as part of subcontracted work. The team never received any form of payment for the work.

20

20.     The presentation deck was emailed to Quantasy (William Campbell and another person, possibly Rodriguez) and Silver.

21.     Any monies received during Silver's tenure at Root which were sent to Collateral Damage [Georgia] was for work completed at Grind24. Silver has several months that he did not pay Paige McDaniel or other Grind24 team members for work.

22.     Plaintiff worked for Silver at Grind24 Jan 2022-Feb 2023 participated in the Marketing Department reported to the CEO (Cyntoria Williams) and also worked with COO (Eli Hiler) in Customer Support.


### FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

1.     The Court and Complaint, on one or more counts set forth therein, fails to have personal jurisdiction over the Collateral Damage (Georgia) or Paige McDaniel

### SECOND AFFIRMATIVE DEFENSE

### (No Causation)

2.     Plaintiffs' claims against Defendant are barred because Plaintiffs' damages, if any, were not caused by Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (No Damage)

3.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### FOURTH AFFIRMATIVE DEFENSE

**(RICO Claim Insufficiently Plead)**

4. The amended complaint fails to allege a pattern of racketeering activity to Collateral Damage

    Georgia or Paige McDaniel, the amended complaint fails to allege a pattern of racketeering

    activity

### FIFTH AFFIRMATIVE DEFENSE

**(Duplicative Claims)**

5. Without admitting that the Complaint states a claim, any remedies are limited to the extent

that there is sought an overlapping or duplicative recovery pursuant to the various claims for any

alleged single wrong.

### SIXTH AFFIRMATIVE DEFENSE

**(Actions of Others)**

6. The claims made in the Complaint are barred, in whole or in part, because Defendant are

not liable for the acts of others over whom they had no control and any actions by Defendant

were not the direct cause of harm to the Plaintiff.

### ADDITIONAL DEFENSES

7. Defendant reserve the right to assert additional defenses based on information learned or

obtained during discovery.

WHEREFORE, Defendant pray for judgment as follows:

    1. That Plaintiffs takes nothing by way of their Complaint against this

    answering Defendant;

2. That the Complaint and each and every purported claim for relief therein, be dismissed with prejudice.

3. For such other and further relief as the Court deems just and proper.

For such other and further relief as the Court deems just and proper

Respectfully submitted:

Dated: _5/27/23_

PAIGE MCDANIEL (Pro Se)

23

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent on the [05/27/2023] by Fedex Overnight to the U.S. Court and regular U.S. mail postage prepaid and email to the following parties or attorneys of record:

William D. Kloss, Jr. (0040854), Trial Attorney
Elizabeth S. Alexander (0096401) Grace E. Saalman (0101603)
VORYS, SATER, SEYMOUR AND PEASE **LLP**
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: 614. 464.360 Fax: 614. 719.4807
wdklossjr@vorys.com
esalexander@vorys.com
gesaalman@vorys.com
*Counsel for Plaintiffs*

**Matthew D. Ridings** (0079402)
THOMPSON HINE LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
Phone: 216.566.5561 Fax: 216.566.5800
Matt.Ridings@thompsonhine.com

**Jamar T. King** (0091093)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342
Phone: 937.443.6852 Fax: 937.443 .6635
Jamar.King@ThompsonHine.com
*Counsel for Quantasy & Associates,LLC and William Campbell*

**Collateral Damage, LLC**
Registered Agent LEGALZOOM.COM, Inc.
101 N Brand Blvd., 11th Floor
Glendale, CA 91203

**Eclipse Home Design, LLC**
Registered Agent United States
Corporation Agents, Inc.

24

651 N. Broad St., Suite 201
Middletown, DE 19709

**Brinson Caleb Silver**
1550 Michigan Avenue, Apt.
Miami Beach, FL 33139
brinsonsilver@gmail.com or hello@bc-silver.com

**Brinson Caleb "BC" Silver**
6311 Summertime Lane
Culver City, CA 90230-4579


Dated this 27th day of May 2023.


Respectfully submitted,



PAIGE MCDANIEL (Pro Se)

25