**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROOT INC., et al.,** | ) | **Case No.: 2:23-cv-00512** |
| | ) | |
| *Plaintiffs,* | ) | **Judge Sarah D. Morrison** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BRINSON CALEB "BC" SILVER, et al.,** | ) | **DEFENDANT BRINSON CALEB** |
| | ) | **SILVER'S ANSWER TO** |
| *Defendants.* | ) | **PLAINTIFFS' VERIFIED FIRST** |
| | ) | **AMENDED COMPLAINT FOR** |
| | ) | **DAMAGES AND INJUNCTIVE** |
| | ) | **RELIEF** |

Now comes Defendant Brinson Caleb Silver ("Defendant"), by and through undersigned counsel, with his Answer to Plaintiffs' Verified First Amended Complaint for Damages and Injunctive Relief ("Amended Complaint"). Defendant responds to the allegations in each of the corresponding numbered paragraphs below. To the extent the headings of the Amended Complaint are construed as allegations, Defendant denies these characterizations and states the following:

1.      Defendant denies the allegation contained in Paragraph 1 of the Amended Complaint for lack of knowledge and information.

2.      Defendant admits he was employed with Root as Chief Marketing Officer between November 2021 and November 2022, but denies the remainder of the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendant admits to contacting Campbell to engage Campbell's company, Quantasy, and that Root contracted with Quantasy to perform marketing services for Root, but denies the remainder of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 6 requiring a response.

## JURISDICTION AND VENUE

7. Defendant denies that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 as alleged in Paragraph 7 of the Amended Complaint because Plaintiffs' claim under the Federal Racketeer Influenced and Corrupt Organizations Act ("Federal RICO") fails to state a claim upon which relief can be granted.

8. Defendant denies that this Court has jurisdiction over the remaining state and common law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a) as alleged in Paragraph 8 of the Amended Complaint because the federal claim pursuant to 28 U.S.C. § 1331 fails to state a claim upon which relief can be granted, and therefore, cannot serve as the basis for this Court's jurisdiction.

9. Defendant denies this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as alleged in Paragraph 9 of the Amended Complaint for lack of knowledge and information.

10.     Defendant denies venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as alleged in Paragraph 10 of the Amended Complaint for lack of knowledge and information.

## PARTIES

11.     Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint for lack of knowledge and information.

12.     Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint for lack of knowledge and information.

13.     Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint for lack of knowledge and information.

14.     Defendant admits he resides in California, and he was employed with Root as Chief Marketing Officer, but denies the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendant admits that Paige Lynette McDaniel is his sister and resides in Georgia but denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendant admits that Defendant Collateral Damage, LLC is a limited liability company formed under the laws of California but denies the remaining allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint for lack of knowledge and information.

18.     Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint for lack of knowledge and information.

19.     Defendant admits the allegations contained in Paragraph 19 of the Amended Complaint.

## FACTS COMMON TO ALL CLAIMS

20. Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint for lack of knowledge and information.

21. Defendant admits he was hired by Root but denies the remaining allegations contained in Paragraph 21 of the Amended Complaint for lack of knowledge and information.

22. Defendant admits the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint for lack of knowledge and information.

24. Defendant admits to signing onboarding documents upon commencing his employment at Root but denies the remaining allegations contained in Paragraph 24 of the Amended Complaint for lack of knowledge and information.

25. Defendant admits the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant admits that he and Campbell were previous acquaintances and that he and Campbell discussed Root retaining Quantasy as a marketing vendor but denies the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendant admits that the allegations contained in Paragraph 27 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 1.

28. Defendant admits that the allegations contained in Paragraph 28 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 1.

29. Defendant admits that the allegations contained in Paragraph 29 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 2.

30. Defendant admits that the allegations contained in Paragraph 30 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 3 but denies the authenticity of this document for lack of knowledge and information. Silver further denies that the SOW with Quantasy was signed at his sole direction.

31. Defendant admits that the allegations contained in Paragraph 31 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 4 but denies the authenticity of this document for lack of knowledge and information.

32. Defendant admits he sent the message attached to the Amended Complaint as Exhibit 5 and that no other Root employee was a party to that message, but denies the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant admits he sent the message attached to the Amended Complaint as Exhibit 6 but denies the remaining allegations contained in Paragraph 33 of the Amended Complaint for lack of knowledge and information.

34. Defendant admits he sent the message attached to the Amended Complaint as Exhibit 7 but denies the remaining allegations contained in Paragraph 34 of the Amended Complaint for lack of knowledge and information.

35. Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint for lack of knowledge and information.

36. Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint for lack of knowledge and information.

37. Defendant admits that the allegations contained in Figure 1 appear to discuss payment arrangements for Collateral Damage but denies the remaining allegations in Paragraph 37 of the Amended Complaint for lack of knowledge and information.

38. Defendant admits that the allegations contained in Paragraph 38 of the Amended Complaint appear to reflect portions of Figure 1 of Paragraph 37 but denies remaining allegations in Paragraph 38 for lack of knowledge or information.

39. Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint for lack of knowledge and information.

40. Defendant admits that the allegations contained in Paragraph 40 of the Amended Complaint appear to reflect portions of document attached to the Amended Complaint as Exhibit 8 but denies the authenticity of this document for lack of knowledge and information.

41. Defendant admits that on February 24, 2022, Campbell met, via videoconference, with certain members of Root management, including Silver, to present Quantasy's ideas for Root's marketing campaigns. Defendant admits that the remaining allegations contained in Paragraph 41 of the Amended Complaint appear to reflect portions of the document attached to the Amended Complaint as Exhibit 9.

42. Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant admits that the allegations contained in Paragraph 43 of the Amended Complaint appear to reflect portions of document attached to the Amended Complaint as Exhibit 11, but denies remaining allegations contained in Paragraph 43 for lack of knowledge and information.

44.     Defendant admits that Lauren Lanskie ("Lanskie"), a non-party to this action, previously worked for Collateral Damage but denies the remainder of the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 45 of the Amended Complaint on grounds that such answer may tend to incriminate him.

46.     Defendant admits that the allegations contained in Paragraph 46 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 12.

47.     Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint for lack of knowledge and information.

48.     Defendant admits that the allegations contained in Paragraph 48 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 13 but denies the remainder of the allegations in Paragraph 48 of the Amended Complaint for lack of knowledge and information.

49.     Defendant admits that the allegations contained in Paragraph 49 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 14 but denies the remainder of Paragraph 49 of the Amended Complaint for lack of knowledge and information.

50.     Defendant admits that the allegations contained in Paragraph 50 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 15 but denies the remainder of the allegations contained in Paragraph 50 of the Amended Complaint for lack of knowledge and information.

51.     Defendant admits that the allegations contained in Paragraph 51 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 16 but denies the authenticity of this document for lack of knowledge and information.

52.     Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint for lack of knowledge and information.

53.     Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 53 of the Amended Complaint on grounds that such answer may tend to incriminate him.

54.     Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 54 of the Amended Complaint on grounds that such answer may tend to incriminate him.

55.      Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint for lack of knowledge and information.

56.     Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint for lack of knowledge and information.

57.     Defendant admits that the allegations contained in Paragraph 57 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 19, that Root entered into a second Scope of Work ("SOW #2") with Quantasy, and that Campbell signed SOW #2 on behalf of Quantasy and Silver signed on behalf of Root, but denies the remaining allegations contained in Paragraph 57 of the Amended Complaint for lack of knowledge or information.

58.     Defendant admits that the allegations contained in Paragraph 58 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibits 20 and 21 but denies the authenticity of these documents for lack of knowledge and information.

59.     Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 60 of the Amended Complaint on grounds that such answer may tend to incriminate him.

61.     Defendant admits that the allegations contained in Paragraph 61 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 23.

62.     Defendant denies the allegations contained in Paragraph 62.

63.     Defendant admits that the allegations contained in Paragraph 63 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 24.

64.     Defendant admits that the allegations contained in Paragraph 64 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 25 and that McDaniel is Silver's sister but denies the remainder of the allegations contained in Paragraph 64.

65.     Defendant admits the address given for Collateral Damage on the California registration in Pasadena, California matches the address on Collateral Damage's invoices to Quantasy and the address for Collateral Damage provided by Silver to Campbell on February 7,

2022, but denies the remainder of the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendant admits that the allegations contained in Paragraph 66 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 27 but denies the remainder of the allegations contained in Paragraph 66 of the Amended Complaint for lack of knowledge and information.

67.     Defendant admits that the allegations contained in Paragraph 67 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 28 but denies the remainder of the allegations contained in Paragraph 67 of the Amended Complaint for lack of knowledge and information.

68.     Defendant admits that the allegations contained in Paragraph 68 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 29.

69.     Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint for lack of knowledge and information.

70.     Defendant denies the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 71 of the Amended Complaint on grounds that such answer may tend to incriminate him.

72.     Defendant admits that the allegations contained in Paragraph 72 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit

30 but denies the remainder of the allegations contained in Paragraph 72 of the Amended Complaint for lack of knowledge and information.

73.     Defendant denies the allegations contained in Paragraph 73 of the Amended Complaint for lack of knowledge and information.

74.     Defendant denies the allegations contained in Paragraph 74 of the Amended Complaint for lack of knowledge and information.

75.     Defendant admits that the allegations contained in Paragraph 75 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 31 but denies the remainder of the allegations contained in Paragraph 75.

76.     Defendant admits that the allegations contained in Paragraph 76 of the Amended Complaint appear to reflect portions of a document shown in Figure 2 of Paragraph 76.

77.     Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 77 of the Amended Complaint on grounds that such answer may tend to incriminate him.

78.     Defendant admits that invoice 05092022 states that Collateral Damage will "implement a sports marketing program integrating athletes and sports organizations . . . to active for brand clients. In support of national awareness with an additional regional and national executions" but denies the remaining allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint for lack of knowledge and information.

80. Defendant admits that the allegations contained in Paragraph 80 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 33.

81. Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint for lack of knowledge and information.

82. Defendant admits that the allegations contained in Paragraph 82 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 34 but denies the remainder of the allegations contained in Paragraph 82 of the Amended Complaint for lack of knowledge and information.

83. Defendant admits that the allegations contained in Paragraph 83 of the Amended Complaint appear to reflect portions of documents shown in Figures 4-6 of Paragraph 83 but denies the remainder of the allegations contained in Paragraph 83 of the Amended Complaint for lack of knowledge and information.

84. Defendant denies the allegation contained in Paragraph 84 of the Amended Complaint for lack of knowledge and information.

85. Defendant denies the allegations contained in Paragraph 85 of the Amended Complaint for lack of knowledge and information.

86. Defendant admits that between April 2022 and August 2022, Eclipse Home Design LLC, which is owned and controlled by Silver, purchased at least three high-end residential properties in Miami, Florida, and Venice, California, totaling in excess of $10 million but denies the remainder of the allegations contained in Paragraph 86.

87. Defendant admits that on May 13, 2022, a warranty deed was conveyed to Eclipse for a property located at 13105 Biscayne Island Terrace, Miami Shores, Florida, 33181 and that

the warranty deed contains a re-occupancy certificate signed by Silver. Defendant admits the mortgage on the property was recorded on June 27, 2022, for $1,195,000, and is also signed by Silver as Eclipse's "Managing Member." Defendant denies the remaining allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Amended Complaint for lack of knowledge and information.

89.     Defendant admits the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Amended Complaint for lack of knowledge and information.

91.     Defendant admits that on August 2, 2022, a mortgage of $1,932,000 was recorded on a property at 2543 Walnut Avenue, Venice, California, 90291 and that the mortgage was signed by Silver as a "Managing Member" of Eclipse but denies the remaining allegations contained in Paragraph 91 for lack of knowledge and information.

92.     Defendant denies the allegations contained in Paragraph 92 of the Amended Complaint for lack of knowledge and information.

93.     Defendant admits that his signature appears in the document that has been attached to the Amended Complaint as Exhibit 35 but denies the remaining allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendant admits that Quantasy returned $1.2 million from SOW #2 to Root but denies the remainder of the allegations contained in Paragraph 94 of the Amended Complaint.

95. Defendant admits that Root initiated an internal audit in late July 2022 to investigate marketing spend. Defendant denies the remaining allegations contained in Paragraph 95 of the Amended Complaint for lack of knowledge and information.

96. Defendant admits that the allegations contained in Paragraph 96 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 36.

97. Defendant denies the allegations contained in Paragraph 97 of the Amended Complaint for lack of knowledge and information.

98. Defendant admits that the allegations contained in Paragraph 98 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibit 37 but denies the remainder of the allegations contained in Paragraph 98 of the Amended Complaint for lack of knowledge and information.

99. Defendant admits that the allegations contained in Paragraph 99 of the Amended Complaint appear to reflect portions of documents attached to the Amended Complaint as Exhibits 38 and 39 but denies the remaining allegations contained in Paragraph 99.

100. Defendant admits that the allegations contained in Paragraph 100 of the Amended Complaint appear to reflect portions of a document attached to the Amended Complaint as Exhibits 40 but denies the remaining allegations contained in Paragraph 100.

101. Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 101 of the Amended Complaint on grounds that such answer may tend to incriminate him.

102.     Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to Paragraph 102 of the Amended Complaint on grounds that such answer may tend to incriminate him.

103.     Defendant denies the allegations contained in Paragraph 103 of the Amended Complaint for lack of knowledge and information.

104.     Defendant admits that the allegations contained in Paragraph 104 of the Amended Complaint appear to reflect portions of documents attached to the Amended Complaint as Exhibit 42 but denies the remaining allegations contained in Paragraph 104.

105.     Defendant denies the allegations contained in Paragraph 105 of the Amended Complaint for lack of knowledge and information.

## ANSWER TO COUNT I

106.     Defendant restates his answers to the allegations contained in Paragraph 1 through 105 as though fully rewritten herein.

107.     Paragraph 107 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 107 of the Amended Complaint requiring a response.

108.     Paragraph 108 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 108 of the Amended Complaint requiring a response.

109.     Paragraph 109 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 109 of the Amended Complaint requiring a response.

110.    Paragraph 110 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 110 of the Amended Complaint requiring a response.

111.    Paragraph 111 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 111 of the Amended Complaint requiring a response.

112.    Paragraph 112 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 112 of the Amended Complaint requiring a response.

113.    Paragraph 113 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 113 of the Amended Complaint requiring a response.

114.    Paragraph 114 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 114 of the Amended Complaint requiring a response.

115.    Defendant admits Eclipse is controlled by Silver but denies the remaining allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendant denies the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Defendant denies the allegation contained in Paragraph 117 of the Amended Complaint.

## ANSWER TO COUNT II

118.    Defendant restates his answers to the allegations contained in Paragraph 1 through 117 of the Amended Complaint as though fully rewritten herein.

119.    Paragraph 119 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 119 of the Amended Complaint requiring a response.

120.    Paragraph 120 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 120 of the Amended Complaint requiring a response.

121.    Defendant denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Paragraph 122 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 122 requiring a response.

123.    Paragraph 123 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 123 requiring a response.

## ANSWER TO COUNT III

124.    Defendant restates his answers to the allegations contained in Paragraph 1 through 123 as though fully rewritten herein.

125.    Paragraph 125 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 125 requiring a response.

126.    Paragraph 126 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 126 requiring a response.

127.    Paragraph 127 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 127 requiring a response for lack of knowledge and information.

128.    Paragraph 128 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to any allegations contained in Paragraph 128 of the Amended Complaint requiring a response on grounds that such answer may tend to incriminate him.

129.    Paragraph 129 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant invokes his Fifth Amendment privilege against self-incrimination in lieu of an answer to any allegations contained in Paragraph 129 of the Amended Complaint requiring a response on grounds that such answer may tend to incriminate him.

130.    Paragraph 130 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 130 of the Amended Complaint requiring a response.

131.    Defendant denies the allegation contained in Paragraph 131 of the Amended Complaint.

132.     Paragraph 132 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 132 requiring a response for lack of knowledge and information.

133.     Paragraph 133 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 133 requiring a response.

## ANSWER TO COUNT IV

134.     Defendant restates his answers to the allegations contained in Paragraph 1 through 133 as though fully rewritten herein.

135.     Paragraph 135 contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 135 requiring a response for lack of knowledge and information.

136.     Paragraph 136 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 136 requiring a response for lack of knowledge and information.

137.     Paragraph 137 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 137 requiring a response for lack of knowledge and information.

138.     Paragraph 138 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 138 requiring a response for lack of knowledge and information.

139.     Paragraph 139 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 139 requiring a response.

## ANSWER TO COUNT V

140.     Defendant restates his answers to the allegations contained in Paragraph 1 through 139 as though fully rewritten herein.

141.     Paragraph 141 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 141 requiring a response.

142.     Paragraph 142 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 142 requiring a response.

143.     Paragraph 143 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 143 requiring a response.

144.     Paragraph 144 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 144 requiring a response.

145.     Paragraph 145 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 145 requiring a response.

146.     Paragraph 146 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 146 requiring a response.

## ANSWER TO COUNT VI

147.     Defendant restates his answers to the allegations contained in Paragraph 1 through 146 as though fully rewritten herein.

148.     Paragraph 148 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 148 requiring a response.

149.     Defendant admits to communicating with Campbell, via text message, WhatsApp and his personal email but denies the characterization of these communications and the remaining allegations contained in Paragraph 149 of the Amended Complaint.

150.     Defendant admits to communicating with Campbell, via text message, WhatsApp and his personal email but denies the characterization of these communications and the remaining allegations contained in Paragraph 150 of the Amended Complaint.

151.     Paragraph 151 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 151 requiring a response.

## ANSWER TO COUNT VII

152.    Defendant restates his answers to the allegations contained in Paragraph 1 through 151 as though fully rewritten herein.

153.    Paragraph 153 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 153 requiring a response.

154.    Paragraph 154 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 154 requiring a response.

155.    Defendant denies allegations contained in Paragraph 155 of the Amended Complaint for lack of knowledge and information.

156.    Paragraph 156 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 156 requiring a response.

157.    Paragraph 157 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 157 requiring a response.

## ANSWER TO COUNT VIII

158.    Defendant restates his answers to the allegations contained in Paragraph 1 through 157 as though fully rewritten herein.

159.    Paragraph 159 contains statements of law and legal conclusions, for which no response is required.

160. Paragraph 160 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 160 requiring a response.

161. Paragraph 161 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 161 requiring a response.

162. Paragraph 162 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 162 requiring a response for lack of knowledge and information.

163. Paragraph 163 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 163 requiring a response for lack of knowledge and information.

## ANSWER TO COUNT IX

164. Defendant restates his answers to the allegations contained in Paragraph 1 through 163 as though fully rewritten herein.

165. Paragraph 165 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 165 requiring a response.

166.     Paragraph 166 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 166 requiring a response.

167.     Paragraph 167 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 167 requiring a response.

168.     Paragraph 168 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 168 requiring a response.

169.     Paragraph 169 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 169 requiring a response.

170.     Paragraph 170 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 170 requiring a response.

## ANSWER TO COUNT X

171.     Defendant restates his answers to the allegations contained in Paragraph 1 through 170 as though fully rewritten herein.

172.     Paragraph 172 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 172 requiring a response.

173. Paragraph 173 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 173 requiring a response.

174. Paragraph 174 of the Amended Complaint contains statements of law and legal conclusions, for which no response is required. Defendant denies any allegations contained in Paragraph 174 requiring a response.

## **AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. The equitable defense of "unclean hands" and the doctrine of *in pari delicto* is asserted in that Plaintiffs are entitled to no equitable relief because he has unclean hands.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, consent, acquiescence, privilege, estoppel, and quasi-estoppel.

4. Plaintiffs' fraud claim is not pled with the requisite specificity pursuant to Civ. R. 9(B).

5. Plaintiffs' fraud claims are duplicative of the breach of contract claim.

6. Plaintiffs' RICO claims are insufficiently pled.

7. Plaintiffs have failed to mitigate their damages.

8. Defendant is entitled to apportionment due to the acts and/or omissions of third parties including, but not limited to, Plaintiffs, and Defendants Campbell and Quantasy.

9. Defendant incorporates by reference as if fully rewritten herein any and all affirmative defenses raised by other Defendants in this action.

10. Defendant expressly reserves the right to assert additional defenses, including additional affirmative defenses, which become known to him through investigation and discovery.

**WHEREFORE,** having fully answered, Defendant Brinson Caleb Silver prays that Plaintiffs' Complaint be dismissed with prejudice as to him. Defendant further requests recovery of his costs in this action, including attorney fees, and for such other relief as this Honorable Court may deem just.

Respectfully submitted,

Matthew L. Jalandoni (0087074)
W. Benjamin Reese (0096108)
**Flannery | Georgalis, LLC**
175 South Third Street, Suite 1060
Columbus, OH 43215
(380) 444-6027
mjalandoni@flannerygeorgalis.com
breese@flannerygeorgalis.com

*Attorneys for Defendants, Brinson Caleb Silver, Eclipse Home Design, LLC, and Collateral Damage, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2023, a copy of the foregoing was filed electronically.

Notice of this filing has been sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system. A copy was also sent by ordinary U.S.

Mail, postage prepaid, on June 16, 2023, to the following:

Paige McDaniel
5576 Alexanders Lake Road
Stockbridge, GA 30281

_____
Matthew L. Jalandoni

*Attorney for Defendants, Brinson Caleb Silver, Eclipse Home Design, LLC, and Collateral Damage, LLC*