UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROOT, INC., *et al.*,

      **Plaintiffs**, :

   v.                        Case No. 2:23-cv-512
                             Judge Sarah D. Morrison
                             Magistrate Judge Elizabeth A.
                             Preston Deavers

BRINSON CALEB SILVER, *et al.*, :

      **Defendants**.

## ORDER

Upon receiving Plaintiffs' Notice of Non-Compliance (ECF No. 118) and the Receiver's Motion to Reappoint Receiver (ECF No. 119), the Court ordered Brinson Caleb Silver, Collateral Damage, LLC, and Eclipse Home Design, LLC (together, the "Silver Defendants") to appear and show cause why they should not be held in contempt for failure to comply with Court orders. (ECF No. 126.) The Silver Defendants appeared before the Court on June 20, 2023. This Order memorializes certain rulings made during that hearing.

The Silver Defendants argued that they should not be held in contempt because, on June 16, 2023, they produced to Plaintiffs and the Receiver the list of banked and non-banked assets referred to in Plaintiffs' Notice of Non-Compliance. Without passing judgment on whether the list provided is complete and accurate, the Court is satisfied that the Silver Defendants have provided such a list.

The Court also heard testimony from the Receiver that the Silver Defendants have failed to comply with this Court's orders that they disclose certain information and provide certain documentation to the Receiver. The Receiver's independent

discovery of the Ramona, California property, described in the Motion to Reappoint Counsel, was held up as an example of the Silver Defendants' continued failures.

Civil contempt may be used to enforce compliance with a court order, or to compensate for injuries caused by contemptuous conduct. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 n.5 (6th Cir. 1999). Although "incarceration has long been established as an appropriate sanction for civil contempt[,]" incarceration in the civil context "must be conditional[.]" *Singh v. Capital Univ. Law and Grad. Ctr.*, No. 00-3244, 238 F.3d 424 (Table), 2000 WL 1720616, at *1 (6th Cir. Nov. 7, 2000) (citing, *inter alia*, *Hicks ex rel Feiock v. Feiock*, 485 U.S. 624, 632 (1988) (explaining that imprisonment "is remedial if the defendant stands committed unless and until he performs the affirmative act required by the court's order")).

The Court is convinced that the Silver Defendants have not turned over all Books and Records, sums, and other information to the Receiver as ordered in the May 17, 2023 Order Appointing Receiver (ECF No. 101). Accordingly, the Silver Defendants are in contempt of Court. Mr. Silver is ordered detained until he produces information[1] and documentation to the satisfaction of the Receiver.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Counsel for Mr. Silver indicated that he may exercise his Fifth Amendment privilege against self-incrimination in response to certain of the Receiver's requests. If the privilege is properly asserted, the Court may find that Mr. Silver has purged his contempt even without providing substantive answer to each information request.