UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROOT, INC., *et al.*,

        Plaintiffs, :

                             Case No. 2:23-cv-512
   v.                         Judge Sarah D. Morrison
                             Magistrate Judge Elizabeth A.
                             Preston Deavers

BRINSON CALEB SILVER, *et al.*, :

        Defendants.

## ORDER

On June 2, 2023, Defendants Brinson Caleb Silver, Collateral Damage, LLC, and Eclipse Home Design, LLC (together, the "Silver Defendants") filed a Motion to Modify Injunction and Receivership Orders to Permit Payment of Attorney's Fees. (Mot., ECF No. 115.) Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (together, "Root") opposed the Motion. (ECF No. 124.) The parties appeared before the Court for argument on June 20, 2023. (ECF No. 131.) For the reasons set forth below, the Motion is **DENIED without prejudice**.

I.    BACKGROUND

Root's claims center on an alleged scheme, orchestrated by Silver, to divert funds from Root (his former employer) to entities under his control (Collateral Damage and Eclipse) through sham vendor contracts. (*See* Am. Compl., *generally*.) The Amended Complaint alleges that Silver used the diverted funds in part to purchase three pieces of luxury real estate. (*Id.*, ¶¶ 86–91.)

When it came to light that Silver listed one of the properties for sale, Root filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 21.) On February 16, 2023, the Court issued a Temporary Restraining Order ("TRO") enjoining Silver from (i) disposing of the properties without leave of Court; (ii) using, converting, selling, or otherwise disposing of any assets in their possession, custody, and control in amounts greater than $5,000; (iii) and incurring charges or cash advances on any credit card, debit card, or checking card, or incurring liens or encumbrances on real personal property or other assets. (ECF No. 30.) The TRO permitted Silver to "pay personal expenses for day-to-day living in an amount no greater than $5,000." (*Id.*) On February 27, 2023, the Court entered an Agreed Preliminary Injunction ("API") imposing, in relevant part, the following restrictions:

> 4. Silver shall not individually, nor through others (including but not limited to any entity Silver owns or controls whether in whole or part) use, convert, sell or otherwise dispose of any assets in his possession, custody, and control totaling more than $5,000 without leave of this Court;
>
> 5. Silver shall not individually, nor through others (including but not limited to any entity Silver owns or controls whether in whole or part), incur charges or cash advances on any credit card, debit card, or checking card or incur liens or encumbrances on real personal property or other assets, including intangible assets. Notwithstanding, Silver may pay personal expenses for day-to-day living in an amount no greater than $7,500 in total per month. Any amount greater than that shall require leave of this Court;

(ECF No. 42.)

On May 2, 2023, Root filed a motion alleging that Silver and Eclipse had been using and transferring assets in excess of the limits set out in the API. (ECF No.

74.) After a hearing, the Court found Silver and Eclipse in contempt. (ECF No. 86.) The Court then granted Root's motion for appointment of a receiver over the Silver Defendants' assets to avoid the property at issue in this matter being lost, concealed, or squandered. (ECF Nos. 99, 101.) The Receiver was put in place to ensure the Silver Defendants' compliance with Court orders upon a showing that the Silver Defendants were willing to flout them. The Receiver was authorized to take possession and control of the Silver Defendants' property, with the proviso that the spending allowances in the API remain in effect. (ECF No. 101.)

During a May 26, 2023 telephone status conference, Mr. Silver announced his intention to hire Flannery Georgalis LLC to represent him in this matter. (*See* ECF No. 109.) Five days later, Attorneys Matthew Jalandoni and William Benjamin Reese of Flannery Georgalis entered their Notice of Appearance on the Silver Defendants' behalf. (ECF No. 111.) They filed the instant motion soon thereafter.

## II.   ANALYSIS

In their Motion, the Silver Defendants argue that they should be permitted to pay reasonable attorney's fees either by paying counsel directly with future earnings, or by authorizing payments from the Receivership Estate in excess of the API spending allowances. (Mot.) For support, the Silver Defendants cite opinions from enforcement actions brought by the Securities and Exchange Commission and the Federal Trade Commission. (*Id.*) Although this matter is not an enforcement action, the course of events has given rise to a circumstance more often seen in that context than in private civil actions: Injunctive orders have limited defendants' use

3

of their assets, a receiver was appointed to control the assets, and defendants have moved for leave of court to use those assets to pay attorney's fees.[1]

The Silver Defendants acknowledge that, in this circumstance, "the court has discretion to limit or deny the payment of attorney's fees from frozen funds." *SEC v. Abdallah*, No. 1:14-cv-1155, 2017 WL 11680996, at *2 (N.D. Ohio Mar. 24, 2017) (further citation omitted). They argue that the Court should exercise its discretion to permit attorney's fees to be paid out of the Receivership Estate because of the "complex" nature of this litigation and its potential criminal implications for Mr. Silver. (Mot., *passim*.) But as discussed at the June 20 hearing, the Receiver's information and document requests to date are decidedly **not** complex. Yet, the Silver Defendants (Mr. Silver, specifically) have refused to respond in good faith to some of the most basic and non-controversial of the Receiver's requests. (*See, e.g.*, ECF Nos. 109, 119, 132.) The Court agrees with Attorney Jalandoni that this case would benefit from having competent counsel on all sides—but even the most competent counsel will be hamstrung by a client who refuses to participate.

Accordingly, on the record before it, the Court declines to permit the Silver Defendants to pay attorney's fees out of the Receivership Estate. In recognition of the potential criminal implications of this matter, however, the Court does so without prejudice to the Silver Defendants refiling their motion with evidence of assets untainted by the fraud alleged in the Amended Complaint. *See Abdallah*,

---

[1] The Silver Defendants do not argue that the Court's orders constitute a pre-judgment attachment. (Mot., PAGEID # 959.) As a result, their invocation of *Grupo Mexicano de Desarollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) falls flat.

2017 WL 22680996, at *4 (explaining that, although a criminal defendant has a Constitutional right to counsel, he "has no right to access the proceeds of [his] alleged fraud, even where those funds are necessary to obtain counsel of choice").

### III. CONCLUSION

For the reasons set out above, the Silver Defendants' Motion to Modify Injunction and Receivership Orders to Permit Payment of Attorney's Fees (ECF No. 115) is **DENIED without prejudice** to refiling supported by evidence of untainted assets.

    IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**