# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ROOT, INC.**, *et al.* | |
| *Plaintiffs,* | Case No. 2:23-cv-00512 |
| v. | Judge Sarah D. Morrison |
| **BRINSON CALEB SILVER**, *et al.*, | Magistrate Judge Elizabeth Preston Deavers |
| *Defendants.* | |

### DEFENDANTS' BRINSON CALEB SILVER, COLLATERAL DAMAGE, LLC, AND ECLIPSE, LLC'S JOINT MOTION TO STAY PROCEEDINGS

Defendants Brinson Caleb Silver ("Silver"), Collateral Damage, LLC ("Collateral Damage") and Eclipse Home Design, LLC ("Eclipse") (collectively the "Defendants") move for a stay of these proceedings until the related criminal case against Silver has been resolved. Specifically, Defendants ask this Court to stay any further discovery and to hold all deadlines in abeyance, while allowing the Receiver to continue operating in his role.

Respectfully submitted,

*/s/ Matthew L. Jalandoni*
Matthew L. Jalandoni (OH: 0087074)
(Trial Attorney)
W. Benjamin Reese (OH: 0096108)
**Flannery | Georgalis, LLC**
175 S. Third Street, Suite 1060
Columbus, OH 43215
Tel/Fax: (380) 444-6027
mjalandoni@flannerygeorgalis.com
breese@flannerygeorgalis.com
*Counsel for Defendants, Brinson C. Silver, Eclipse Home Design, LLC, and Collateral Damage, LLC*

## MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS

### I. Introduction

On June 20, 2023, Silver was arrested and charged with criminal contempt of court under 18 U.S.C. § 401(3), in the case captioned *United States of America v. Brinson Caleb Silver*, 2:23-mj-363. The criminal complaint alleges that Silver willfully disobeyed multiple court orders in this civil case, including, for example, by engaging in financial transactions that violated the preliminary injunction order. *See U.S. v. Silver*, 2:23-mj-363, (ECF. No. 1, PageID #4.) Silver is currently detained pending a District Court Judge's review of the Magistrate's Order Setting Conditions of Release. 2:23-mj-363, (ECF. Nos. 10 and 11.) These conditions include executing a $1 million bail bond, being placed on home detention, GPS monitoring, and surrendering his passport to the Clerk of Court. *Id*. The government is seeking review to impose indefinite detention while the criminal charge is pending. *See id.*; (ECF No. 12.)

On the same date, this Court held Silver in civil contempt of court until such time as he produces "information and documentation to the satisfaction of the Receiver." (ECF No. 132, PageID #1076.) Silver also undoubtedly faces the specter of additional federal criminal charges based on the conduct alleged in Plaintiffs' Amended Complaint, which includes allegations of fraud, theft, and conspiracy, among others.

In short, this case is now laced with not merely the threat, but the reality of criminal liability and exposure for Silver. Any further proceedings in this case would pose a substantial threat to his Fifth Amendment rights against self-incrimination. Additionally, Silver's current pretrial detention on the criminal charge makes it challenging to search for and produce discovery, among other litigation tasks. As such, Defendants seek to stay these civil proceedings until such time as the criminal proceedings have been resolved.

**II.     Law and Argument**

It is well established that "'the power to stay proceedings is incidental to the power inherent in every court[.]'" *Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) quoting *Landis v. North American Company*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). In deciding whether to grant a stay, district courts are endowed with "broad discretion." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). District courts commonly consider a variety of factors in making this decision, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) quoting *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich). And, importantly, "district courts 'should consider "the extent to which the defendant's fifth amendment rights are implicated."'" *Id.* quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) and *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

In this case, the weight of these factors favors a stay. The civil and criminal cases clearly overlap, and a broader criminal case is foreseeably imminent. Plaintiffs' interests remain protected, as the requested stay would not affect the Receiver's work to identify and obtain control over assets. Silver's interest in protecting his Fifth Amendment right against self-incrimination, on the other hand, necessitates a stay. A stay would improve judicial economy by avoiding a dual-track

approach to this litigation. And the public interest would not be harmed by this stay and would arguably be served by it.

### A. The allegations in the civil and criminal cases overlap.

As discussed above, the criminal and civil cases against Silver are inextricably intertwined. The contempt charge stems from Silver's conduct in the civil case, and the predicted additional charges will likely concern the same alleged conduct that gave rise to the civil case. Any actions in the civil case are therefore likely to impact the criminal case, and vice versa.

Because these cases involve the same subject matter, a stay is appropriate. *See Chao*, 498 F. Supp. 2d at 1039 (W.D. Mich. 2007), citing *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) (A stay of civil proceedings "is most likely to be granted where the civil and criminal actions involve the same subject matter."); *Baird v. Daniels*, No. 1:12-CV-945, 2013 WL 493236 (S.D. Ohio Feb. 7, 2013) ("The extent to which the issues in the criminal investigation overlap with those presented in the civil case weigh in favor of a stay."); *ArmorSource LLC v. Kapah*, No. 2:18-CV-905, 2019 WL 1039748 (S.D. Ohio March 5, 2019) (granting a motion to stay when the criminal and civil proceedings overlap); *Coley v. Lucas Cty., Ohio*, No. 3:09 CV 0008, 2011 WL 5838190 (N.D. Ohio November 18, 2011) (finding that a significant overlap between the civil and criminal cases favors a stay).

Not only that, but the risk of criminal proceedings against Silver is no longer a mere hypothetical. The government has now formally brought a criminal contempt charge against Silver. And at this point, additional criminal charges are reasonably foreseeable, given that the special agent who submitted the criminal contempt complaint is assigned to the "complex financial crimes squad[,]" and the government has argued for the indefinite pretrial detention of Silver. 2:23-mj-363, (ECF. No. 1, PageID #2; ECF No. 12.) Thus, the criminal proceedings against Silver are now

4

in motion, weighing in favor of a stay. *See Eastwood v. United States*, No. 2:06-CV-164, 2008 WL 5412857, at *4 (E.D. Tenn. Nov. 14, 2008), citing *Walsh Secs., Inc. v. Cristo Prop. Mgmt.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998) ("Although the strongest case for deferring civil proceedings occurs where a party is under indictment for a serious offense involving the same matter, a pre-indictment stay of civil case that relates to a pending criminal investigation may be granted 'if the government is conducting an active parallel investigation.'").

### B. Silver cannot actively participate in the civil matter without jeopardizing his Fifth Amendment right against self-incrimination.

Another factor that weighs heavily in favor of a stay of the civil proceedings is Silver's private interest in preserving his Fifth Amendment right against self-incrimination. *See Doe v. Matthew 25, Inc.*, 322 F.Supp. 3d 843, 850 (M.D. Tenn. 2018) ("The simultaneous litigation of criminal charges and civil causes of action against the same person, for the same conduct, 'may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings.'"); *see also Chao*, 498 F. Supp. 2d at 1037, citing *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 866 F. Supp. 1134, 1138 (S.D.N.Y. 1995) ("[T]he denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case."). Silver has a legitimate interest in exercising his Fifth Amendment rights, but doing so is having an outsized impact on the Defendants ability to defend themselves in this civil case. It has already affected Silver's ability to Answer, as well as all three Defendants' ability to respond to interrogatories and requests for admission—not to mention certain information requests from the Receiver to which

5

the Court has ordered Silver to respond. If this case proceeds further, it will similarly impact depositions, civil contempt determinations, and other future proceedings.

In contrast, once the criminal proceedings have concluded, Silver will likely be more able to answer questions without risking self-incrimination. Staying this case until the conclusion of the criminal proceedings would thus serve to protect Silver's Constitutional rights while also allowing for this case to resume at a time when the invocation of those rights will no longer styme this case.

### C. Plaintiffs' interests will be advanced through the continued work of the Receiver and the parallel criminal case.

Additionally, Defendants note that Plaintiffs' countervailing interests will be protected through the Receiver's continuing ability to function under this requested stay. Beyond preventing the parties and the Receiver from requiring Defendants' disclosure of information, Defendants are not asking to put any other restraints on the Receiver through this requested stay, and do not oppose having the Receiver continue to perform his function, including but not limited to his sale of real property and other assets. Once the criminal case is resolved, this case could then resume with the benefit of that information.

It is also worth noting that, to the extent Plaintiffs have an interest in a continuing investigation into the allegations underlying its complaint, a criminal case will likely mean that the government will take the lead on the investigation, bringing to bear a wider range of investigative methods and resources that are not available to a private parties like Plaintiffs. And Plaintiffs may be able to obtain relief from a resolution in the criminal case without the time and expense of further civil litigation.

### D. A stay promotes judicial economy.

A stay would also create an opportunity for this case to work itself out of the knot it is currently in, serving the Court's interest in judicial economy. Not only would it eliminate Silver's Fifth Amendment concerns, but by allowing the criminal case to proceed first, the Court avoids duplicitous work associated with a parallel track. *Eagle Auto Parts, Inc v. City of Cleveland*, No. 1:15-CV-01450, 2015 WL 5782094, *2 (granting a motion to stay observing that discovery efforts in a civil and criminal case based upon the same facts and circumstances would be duplicative). Said differently, if the criminal proceedings are permitted to go first, and the civil case is stayed until those proceedings have concluded, the criminal proceedings may serve to blaze a trail for the civil proceeding to follow. The preservation of judicial resources, while not the *most* important factor, is nonetheless an important consideration. *Eagle Auto Parts, Inc.*, No. 1:15-CV-01450, 2015 WL 5782094, * 2 (granting a motion to stay and holding that "a stay would further judicial economy and convenience") (N.D.Ohio October 1, 2015); *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 628 ("The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.' *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, No. 88–3895, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. Jul. 17, 1989).").

### E. Public interest supports entry of a stay.

A stay "does not mean that enforcement of the public interests at stake in the civil case will be indefinitely deferred," especially in these circumstances because "a criminal prosecution serves to enforce those same interests." *Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y. 1985). Indeed, Plaintiffs are "free to petition this Court to lift or modify the stay should there be [a] change in

circumstances that would warrant such action." *Id.* Accordingly, a review of all factors weighs in favor of a stay of the current civil proceeding.

### III. Conclusion

Defendants are seeking this stay because Silver is now a party in dual criminal and civil cases, with a foreseeable risk that the criminal case will expand to incapsulate many of the allegations contained in the civil case. This dual litigation is placing a heavy burden on Defendants, as their ability to litigate the civil case, including responding to the allegations and discovery requests and attempting to purge this Court's civil contempt order, is being hampered by the need to preserve Silver's Fifth Amendment right against self-incrimination. Staying the civil case and allowing the criminal case to proceed first should resolve this issue, and it may ultimately resolve the dispute between the parties. In addition, it can be done in a way that does not place a substantial burden on Receiver's ability to continue to function. And finally, the stay would be in the best interests of both the Court and the public.

For these reasons, the Defendants respectfully ask the Court to stay these proceedings until at least such time as the criminal charge pending against Silver has been resolved.

Respectfully submitted,

*/s/ Matthew L. Jalandoni*
Matthew L. Jalandoni (OH: 0087074)
(Trial Attorney)
W. Benjamin Reese (OH: 0096108)
**Flannery | Georgalis, LLC**
175 S. Third Street, Suite 1060
Columbus, OH 43215
Tel/Fax: (380) 444-6027
mjalandoni@flannerygeorgalis.com
breese@flannerygeorgalis.com
*Counsel for Defendants, Brinson C. Silver, Eclipse Home Design, LLC, and Collateral Damage, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the represented parties by operation of the Court's electronic filing system. A copy was also sent by ordinary U.S. Mail, postage prepaid, on June 25, 2023, to the following:

Paige McDaniel
5576 Alexanders Lake Road
Stockbridge, GA 30281

/s/ *Matthew L. Jalandoni*
Matthew L. Jalandoni

*Counsel for Defendants, Brinson Caleb Silver, Eclipse Home Design, LLC, and Collateral Damage, LLC*