**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Root, Inc.**, *et al.*, | : | |
| | : | Case No. 2:23-cv-512 |
| *Plaintiffs*, | : | |
| | : | Judge Sarah D. Morrison |
| v. | : | |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| **Silver**, *et al.*, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION TO STAY FILED BY DEFENDANTS BRINSON CALEB SILVER, COLLATERAL DAMAGE, LLC, AND ECLIPSE HOME DESIGN, LLC**

**I. INTRODUCTION**

The motion to stay filed by Defendants Brinson Caleb Silver ("Silver"), Collateral Damage, LLC, and Eclipse Home Design, LLC (collectively, "Silver Defendants") should be denied. This civil case filed by Plaintiffs Root Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC ("Plaintiffs" or "Root") is substantially broader in scope than the current criminal contempt case, the Silver Defendants can meaningfully participate in the civil case despite their improper blanket assertion of the Fifth Amendment privilege, and the interests of Root, the Court, and the public weigh in favor of proceeding with the civil case. Indeed, in the last few months, this civil action has protected the interests of the Parties and the public by uncovering the stolen identity of Lauren Lanskie, recovering some of the stolen funds through the hard work of the Receiver, and exposing Silver's recent efforts to commit new fraudulent acts, such as money laundering. In addition, staying this civil action due to the potential of a future criminal fraud case against Silver and other unknown defendants is speculative, premature, and prejudicial. Justice delayed is justice denied. Accordingly, Root requests that the Court deny the motion.

## II. BACKGROUND

On February 2, 2023, Root filed this case against Silver, William Campbell, Collateral Damage, LLC, Eclipse Home Design, LLC, Quantasy & Associates, LLC, and Paige McDaniel (collectively, "Defendants"), asserting claims for violation of 18 U.S.C.S. § 1962(c), fraudulent concealment, fraudulent misrepresentation, conversion, violation of O.R.C. 2307.60, 2307.61, and 2913.05, breach of contract, and civil conspiracy. (ECF 1.) Since then, this case has proceeded expeditiously with discovery, including written discovery, document productions from certain Defendants, and third-party discovery.

On February 14, 2023, Root filed a preliminary injunction to restrain the Silver Defendants from using, converting, encumbering, transferring or disposing of any of their assets, except as normal day-to-day transactions as determined by the Court. (ECF 21.) The Court granted the injunction on February 27, 2023. (ECF 42.) However, on May 2, 2023, Root filed a motion for contempt against Silver for violating the preliminary injunction by failing to comply with his Court-ordered spending limits. (ECF 74.) On May 9, 2023, the Court held Silver in contempt for violating the preliminary injunction. (ECF 96.)

Relatedly, on June 14, 2023, the United States charged Silver with criminal contempt of court for violation of multiple of this Court's orders. *USA v. Silver*, Docket No. 2:23-mj-00363 (S.D. Ohio Jun 14, 2023) (ECF 1). As a result, the Silver Defendants are seeking a stay of the above-captioned case pending resolution of Silver's criminal contempt proceedings and any future criminal proceedings that may be filed against Silver. (Silver Defendants' Motion to Stay, ECF 137, hereinafter "Mot.".)

## III. LAW AND ARGUMENT

A "stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy." *Smith v. FirstEnergy Corp.*, No. 2:20-cv-3755, 2021 U.S. Dist. LEXIS 26140, at *5–6

(S.D. Ohio Feb. 11, 2021). Courts have broad discretion in balancing six factors to determine whether to stay a civil action pending a criminal action:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.*, at *4 (internal citation omitted). In addition, courts consider the "extent to which the defendant's fifth amendment [sic] rights are implicated." *Id.* at *5. "Ultimately, the burden is on the party seeking the stay to show there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Nat'l Credit Union v. Cumis Ins. Soc'y, Inc.*, No. 1:11 CV 1739, 2015 U.S. Dist. LEXIS 145547, at *12 (N.D. Ohio Oct. 27, 2015) (internal citation omitted). As set forth below, all six factors weigh in favor of denying the motion to stay.

### A. Silver's Criminal Contempt Charge Does Not Overlap with the Merits of Root's Civil Case.

Silver's criminal contempt proceedings have minimal overlap with the merits of this civil action.[1] The Amended Complaint in this case asserts claims against the Silver Defendants and William Campbell, Quantasy & Associates, LLC, and Paige McDaniel for violation of 18 U.S.C.S. § 1962(c), fraudulent concealment, fraudulent misrepresentation, conversion, violation of O.R.C. 2307.60, 2307.61, and 2913.05, breach of contract, and civil conspiracy. In contrast, the United States charged Silver with 18 U.S.C. § 401(3), criminal contempt, for violation of multiple civil

---

[1] While the Silver Defendants also hypothesize that a future criminal proceeding would overlap with the civil case, speculation about future criminal proceedings is irrelevant to this analysis. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 628 (6th Cir. 2014) ("Even if they were to overlap, because there is not yet a criminal case, it cannot be said that this factor weighs in Defendants' favor.")

orders in this case. Simply put, the civil case is much broader in scope than the pending criminal contempt proceedings.

The Silver Defendants argue that the allegations in the civil and criminal cases overlap because the "contempt charge stems from Silver's conduct in the civil case." While the Silver Defendants are correct that the criminal contempt charge originates from the Silver Defendants' violation of the Preliminary Injunction in this case, the two cases do not overlap in their entirety. For this reason, the cases cited by the Silver Defendants are distinguishable. For example, in *ArmorSource LLC v. Kapah*, the criminal charges and civil allegations overlapped completely – both were based on allegations of fraud and conspiracy – and the court granted a stay only to one defendant. No. 2:18-cv-905, 2019 U.S. Dist. LEXIS 34909, at *4 (S.D. Ohio Mar. 5, 2019). Likewise, in *Coley v. Lucas Cty.*, No. 3:09 CV 0008, 2011 U.S. Dist. LEXIS 133739, at *7 (N.D. Ohio Nov. 18, 2011), the court found that the ongoing criminal case and civil case stemmed from the same events, an individual dying in custody of the defendants. Here, the pending criminal contempt matter concerns only one narrow issue in this civil litigation – the Silver Defendants' violations of this Court's orders. For these reasons, the first factor weighs against a stay.

    **B.**    **The Silver Defendants Have Not Been Criminally Indicted.**

The second factor also weighs against a stay. Courts "generally do not stay proceedings in the absence of an indictment." *FTC*, 767 F.3d 611, 628. The criminal proceeding against Silver is only a criminal contempt complaint based on his failure to comply with orders from this Court. There is no indictment against Silver nor any of the other Silver Defendants. *Rothstein v. Steinberg*, No. 5:08CV0673, 2008 U.S. Dist. LEXIS 107989, 2008 WL 5716526, at *8 (N.D. Ohio Dec. 23, 2008) ("When no indictment has been returned, the case for staying civil proceedings is weak."). Nor are there any criminal charges against any of the other Silver Defendants.

The Silver Defendants speculate that additional criminal proceedings are foreseeable because a financial crimes special agent submitted the criminal contempt complaint and the government advocated against setting bail.[2] (Mot. at 4.) This conjecture is not enough to establish that an indictment is imminently forthcoming against Silver on similar issues as the civil case. *In re Firstenergy Corp. Sec. Litig.*, No. 2:20-cv-3785, 2023 U.S. Dist. LEXIS 95173, at *25 (S.D. Ohio May 19, 2023) (finding that the defendants' speculations about an ongoing criminal investigation and lack of indictments weighed against granting a stay). The scope or even existence of any other criminal proceedings related to the allegations in the civil case is yet to be determined.

      C.      **The Plaintiffs' Interests Weigh Against a Stay.**

Plaintiffs have an interest in expeditious resolution of this case and would therefore be prejudiced by the stay. Defendants collectively defrauded Plaintiffs of over $9.9 million. Time is of the essence in recovering those funds from the Silver Defendants and other Defendants. Granting the stay would prevent the Plaintiffs from reaching an expeditious resolution, as it could be years before an indictment is brought and a criminal case is resolved. *Smith*, 2021 U.S. Dist. LEXIS 26140, at *7 ("Indefinite stays are disfavored.").

---

[2] The Silver Defendant cite to *Eastwood v. United States*, No. 2:06-cv-164, 2008 U.S. Dist. LEXIS 106777, at *6–7, 102 A.F.T.R.2d (RIA) 2008-7135 (E.D. Tenn. Nov. 14, 2008) and *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) to argue that a court can grant a motion to stay even if the defendants have not been indicted. In *Eastwood*, however, the government executed a search warrant, and the defendants claimed several critical witnesses in the civil case were then under criminal investigation. In *Walsh*, the government executed search warrants, issued subpoenas to defendants, and informed defendants that they were under investigation. Here, the Silver Defendants do not claim that the government has executed a search warrant based on similar allegations to the civil complaint, issued subpoenas, or informed any of the Silver Defendants that they are under investigation.

The Silver Defendants also claim that this stay would not prejudice Root because the Receiver will remain in place. However, Silver has already refused to comply with the Receiver's requests for information regarding Silver's assets, and Silver has taken actions to hide information and assets from the Receiver. Without Silver's full cooperation, the Receiver is not able to safeguard all of the assets for the pendency of a criminal case. Moreover, the Silver Defendants understate the role of Root's third-party discovery in assisting the Receiver with locating the tainted funds and assets. Additional third-party discovery in this civil case will be necessary to identify the remainder of the stolen funds.

The Silver Defendants next argue that allowing a government investigation to proceed first is in Root's interest. However, the Silver Defendants' argument is hypothetical and premature. The Parties currently have no knowledge of the potential scope of this hypothetical investigation or whether any information from such an investigation would benefit – or even be shared with – Root. Nor do the Parties know whether any future charges relate to the facts underlying this case, such that these charges could "pave the way" for this case. For these reasons, the third factor weighs against a stay.

### D. The Silver Defendants Will Not Be Prejudiced By Denying the Stay.

The Silver Defendants will not be prejudiced by denying the stay because the Silver Defendants can meaningfully participate in this case despite their blanket assertions of the Fifth Amendment privilege. The Silver Defendants argue that staying the above-captioned case until the conclusion of the criminal contempt proceedings and any other future criminal proceedings will "protect Silver's Constitutional rights." (Mot. at 6.) This argument fails for two reasons.

First, with respect to Collateral Damage and Eclipse, the United States Supreme Court has held that "a corporation has no Fifth Amendment privilege." *Braswell v. United States*, 487 U.S. 99, 105 (1988). In addition, an LLC cannot claim privilege under the Fifth Amendment. *United*

*States v. Rakhit*, No. 1:18cr33, 2020 U.S. Dist. LEXIS 168666, at *77 (N.D. Ohio Sep. 15, 2020) ("[T]o recognize an exception for custodians of small, closely held collective entities, including one-person corporations or LLCs, would be inconsistent with the reasoning and holding of *Braswell*.") (citing *In re Twelve Grand Jury Subpoenas*, 908 F.3d 525 (9th Cir. 2018)). Therefore, a stay as to Collateral Damage, LLC and Eclipse, LLC cannot be granted on Fifth Amendment grounds.

Second, with respect to Silver, "[b]lanket assertions of the privilege against self-incrimination are generally insufficient to justify a stay, particularly where, as here, the parties seeking the stay have not been indicted."[3] *Rothstein*, 2008 U.S. Dist. LEXIS 107989, at *9 (internal citation omitted); *Kirby Devs., LLC v. XPO Glob. Forwarding, Inc.*, No. 2:18-cv-500, 2018 U.S. Dist. LEXIS 197742, at *14 (S.D. Ohio Nov. 20, 2018) (defendant's "Fifth Amendment concerns are attenuated by the lack of an indictment"), citing *FTC*, 767 F.3d 611, 629 ("Because there was no indictment, however, the Fifth Amendment concerns expressed by Defendants are not very compelling."). Further, denying the stay will not prohibit Silver from asserting his Fifth Amendment rights as necessary on a question-by-question basis. *Rothstein*, 2008 U.S. Dist. LEXIS 107989, at *9 ("[T]he parties seeking the stay should present themselves for questioning and respond to specific questions by either raising or declining to raise the privilege.").

In sum, the fourth factor weighs against a stay, particularly when compared to the interests of Root, the Court, and the public to resolve this civil case expeditiously. *In re Firstenergy*, 2023

---

[3] The Silver Defendants cite to *Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 850 (M.D. Tenn. 2018) and *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) to argue that they would be prejudiced without a stay. In *Doe*, however, the court denied a stay because the plaintiff's "interest in the timely consideration of her claims and the general public's interest in the expeditious administration of justice outweigh any speculative burdens" on the defendant. In *Trs. of the Plumbers*, the defendants were indicted before they filed their motion to stay. Here, Silver has not yet been indicted.

U.S. Dist. LEXIS 95173, at *28 ("While the Fifth Amendment rights of Movants must be considered seriously, those rights must be contextualized against the countervailing interests of Plaintiffs, the Court, and the public.").

### E. The Court's Interests Weigh Against Imposing a Stay.

The Court has a substantial interest in effectively and efficiently managing its own docket. *In re Firstenergy*, 2023 U.S. Dist. LEXIS 95173, at *30 ("The convenience of the courts is best served when motions to stay proceedings are discouraged."); *Nat'l Credit Union v. Cumis Ins. Soc'y, Inc.*, No. 1:11 CV 1739, 2015 U.S. Dist. LEXIS 145547, at *15–16 (N.D. Ohio Oct. 27, 2015) ("[T]he Court finds that granting an indefinite stay would not further the Court's interest in effective management of its docket."). The Silver Defendants claim that the "criminal proceedings may serve to blaze a trail for the civil proceeding to follow."[4] (Mot. at 7.) However, a significant amount has happened in the civil case: a Preliminary Injunction is in place, the Receiver has been appointed, discovery is well under way, and the Parties are briefing the Quantasy Defendants' motion to dismiss. Granting a stay would halt a civil case that is proceeding at pace and cause the case to languish on the Court's docket. Perhaps the Silver Defendants want to stay this civil case because it is "blazing a trail" for a criminal conviction. This factor weighs against a stay.

---

[4] The Silver Defendants cite to *Eagle Auto Parts, Inc. v. City of Cleveland*, No. 1:15-CV-01450, 2015 U.S. Dist. LEXIS 134745 (N.D. Ohio Oct. 1, 2015), *FTC*, 767 F.3d 611, 629, and *IBEW, Local Union No. 2020 v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989) to argue that the Court's interest weigh in favor of a stay. In *Eagle*, however, the court granted a stay to the government-defendants in light of their ongoing criminal case against the plaintiffs, in part because the criminal court had already issued "an extensive discovery order." Here, there is no extensive discovery order in the criminal contempt proceeding. The second two cases the Silver Defendants cite do not involve the Court's interests weighing in favor of a stay. In *FTC*, 767 F.3d 611, 629, the court found that its interests did not weigh heavily in either party's favor. In *IBEW, Local Union No. 2020 v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989), the stay was denied in part because it would not have furthered the court's interests in judicial economy. As set forth above, here, the Court's interests weigh in favor of a stay.

    **F.    The Public's Interests Weigh in Favor of Denying the Stay.**

Finally, the sixth factor weighs in favor of denying the stay. The public "also has an interest in expeditious litigation." *Smith*, 2021 U.S. Dist. LEXIS 26140, at *11; *Pullen v. Howard*, No. 2:14-cv-104, 2015 U.S. Dist. LEXIS 3083, at *6 (S.D. Ohio Jan. 12, 2015) ("The public is always served when an individual's injuries are remedied in a timely manner."). Further, Root has made significant progress in the investigation and prosecution of the civil case. Root uncovered the entire fraudulent scheme, and but for Root's actions, the Silver Defendants and their co-conspirators might never have been caught. In addition, Root's investigations during the civil cause uncovered acts of money laundering and identity theft. (First Amended Complaint, ECF 20, ¶¶ 44–45, 48, 53–54, 60, 71, 77, 101–102, 110, 129; Ex. 13, 17–18, 22, 30, 32, 41; Fig. 3.) Without the civil case moving forward, it is possible more tortious acts will go undiscovered. This factor weighs in favor of Root, and the stay should be denied.

**IV.    CONCLUSION**

For the foregoing reasons, the Silver Defendants' Motion to Stay should be denied.

Respectfully submitted,

*/s/ William D. Kloss, Jr.*
William D. Kloss, Jr. (0040854), Trial Attorney
Tiffany S. Cobb (0067516)
Elizabeth S. Alexander (0096401)
Grace E. Saalman (0101603)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6360  Fax: (614) 719-4807
wdklossjr@vorys.com
tscobb@vorys.com
esalexander@vorys.com
gesaalman@vorys.com

Matthew L. Kutcher (IL Bar No. 6275320*)*
COOLEY LLP *Admitted Pro Hac Vice*
110 N. Wacker Drive Suite 4200
Chicago, IL 60606
Phone: (312)-881-6500  Fax: (312)-881 6598
mkutcher@cooley.com

Kristine A. Forderer (CA Bar No. 278754)
COOLEY LLP *Admitted Pro Hac Vice*
3 Embarcadero Center
San Francisco, CA 94111
Phone: (415) 693-2128
kforderer@cooley.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically on this 3rd day of July, 2023 with the Clerk of Court using the CM/ECF system. Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.

A copy was also sent by regular U.S.P.S. mail and email to the following:

**Paige McDaniel**
5576 Alexanders Lake Road
Stockbridge, GA 30281
paigemcase25@gmail.com

                                               */s/ Elizabeth S. Alexander*
                                               Elizabeth S. Alexander (0096401)

                                               *Counsel for Plaintiffs*