## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROOT, INC., et al.,** | : | |
| | : | |
| *Plaintiff*, | : | **Case No. 2:23-cv-512** |
| | : | **Judge Sarah D. Morrison** |
| **vs.** | : | **Magistrate Judge Elizabeth A.** |
| | : | **Preston Deavers** |
| **BRINSON CALEB SILVER, et al.,** | : | |
| | : | |
| *Defendants*. | : | |

## AMENDED MOTION OF RECEIVER, JERRY E. PEER, JR., TO APPOINT HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC. AS COUNSEL FOR RECEIVER

Now comes, Jerry E. Peer, Jr. ("Receiver"), the duly authorized and acting Receiver over all monetary and real property assets of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC, including but not limited to certain real estate located in California, and respectfully moves the Court for the appointment of Peter Schnaitman and the law firm of Hunt Ortmann Palffy Nieves Darling & Mah, Inc. as California counsel for the Receiver.

A Memorandum in Support of this Motion is attached hereto.

Respectfully submitted,

**PETERSON CONNERS LLP**


 /s/ Jerry E. Peer, Jr.
Gregory S. Peterson (0061915)
Jerry E. Peer, Jr. (0075128)
Istvan Gajary (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: (614) 365-7000
Facsimile: (614) 220-0197
E-mail: gpeterson@petersonconners.com
        jpeer@petersonconners.com
        igajary@petersonconners.com
*Counsel for Receiver, Jerry E. Peer, Jr.*

## MEMORANDUM IN SUPPORT

In accordance with the requirements of this Court's *Order,* filed May 12, 2023 [Doc. # 99], *Order Appointing Receiver*, filed May 17, 2023 [Doc. # 101], and *Order Amending Order Appointing Receiver*, filed June 7, 2023 [Doc. # 120] (hereinafter collectively "Receiver Order"), Jerry E. Peer, Jr. ("Receiver"), was appointed as Receiver of all monetary and real property assets of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC (hereinafter collectively "Defendants"). Further, and pursuant to the Receiver's Order, Receiver has further been engaged for the purpose of managing and protecting the Property. Due to the real estate identified in the Receiver Order being located in Florida and California ("Properties"), Receiver has determined that it is in the best interests of the Defendants' receivership estate, and its respective creditors, to engage counsel for Receiver in each of the respective jurisdictions where the Properties are located.

In order for Receiver to secure and protect the Properties as well as intervene in a pending foreclosure action, Receiver seeks to have the Court appoint and approve Peter Schnaitman and the law firm of Hunt Ortmann Palffy Nieves Darling & Mah, Inc. (collectively "Hunt Ortmann") as California counsel for the Receiver in this matter. Such applications are customary in insolvency proceedings of this type. Receiver represents to the Court that due to real estate being located in Venice and Ramona, California and there being threats of at least one foreclosure case against the property, it will be beneficial and is necessary to engage counsel licensed to practice in California courts. In addition, receivership proceedings often, and nearly always, require the engagement of counsel for the following reasons:

    a.    There are generally legal issues involved in receiverships for which Receiver will require counsel in each jurisdiction where the Properties are located;

    b.    It is likely that there will be pleadings, motions, and possibly additional lawsuits to be filed in each respective jurisdiction and Receiver's present counsel would not be

authorized to file such actions or be familiar with the laws and procedures of those jurisdictions; and

c.     There may be a number of legal questions for which Receiver may need legal assistance.

Receiver has selected Hunt Ortmann as his California counsel in this action. Hunt Ortmann has significant experience representing clients in relation to real estate matters. Receiver believes that Hunt Ortmann is duly qualified to assist and represent the Receiver in this matter and said representation would benefit Receiver. Receiver urges the Court to approve the engagement of Hunt Ortmann as California counsel for Receiver in this matter. Receiver believes that as a result of Hunt Ortmann's experience in real estate and related practice areas, it is able to promptly discharge issues and in the final analysis, would represent a savings over lesser experienced lawyers who may charge a lower hourly rate.

Mr. Schnaitman's license to practice law in the State of California is in good standing, a conflict check has been conducted, insuring no conflicts presently exist with their representation of Receiver in this matter, and Hunt Ortmann has professional liability insurance in an amount equal to or in excess of that required by California Rules of Professional Responsibility in effect. Hunt Ortmann will avoid any conflict of interest in connection with work on this receivership; that gross proceeds of any sale or other transaction, which come into his hands will be turned over to Receiver or placed in his separate IOLTA account and that he will not, under any circumstances, directly or indirectly purchase, acquire, or accept any interest in any property related to the receivership estate.

Pursuant to the Fee Agreement, attached hereto as "Exhibit A," Mr. Schnaitman has indicated a willingness to serve at the rate of $425.00 per hour. No fees have been paid to Hunt Ortmann during the one (1) year preceding the filing of this application from or involving Defendants or any person or party closely related or adverse to Defendants and having a material

claim in this receivership. Hunt Ortmann has not received any other compensation related to this receivership.

IT IS, THEREFORE, requested that this Court approve the engagement of Peter Schnaitman and Hunt Ortmann as California counsel for the Receiver in this matter.

Respectfully submitted,

**PETERSON CONNERS LLP**

 /s/ Jerry E. Peer, Jr.
Gregory S. Peterson (0061915)
Jerry E. Peer, Jr. (0075128)
Istvan Gajary (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: (614) 365-7000
Facsimile: (614) 220-0197
E-mail: gpeterson@petersonconners.com
        jpeer@petersonconners.com
        igajary@petersonconners.com
*Counsel for Receiver, Jerry E. Peer, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically on this 26th day of July, 2023 with the Clerk of Court using the CM/ECF system. Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.

A copy was also sent by regular U.S.P.S. mail and by electronic mail to the following:

Collateral Damage, LLC 101 N.
Brand Blvd.
11th Floor  Glendale, CA
91203

Eclipse Home Design, LLC 651
N. Broad Street
Suite 201
Middletown, De 19709

Paige McDaniel
5576 Alexanders Lake Road Stockbridge,
GA 30281

Brinson Caleb Silver
2543 Walnut Ave.
Venice, CA  90291

       also served via email delivery to
       criminal counsel in matter 2:23-mj-
       00363, Philip A. Templeton.

                                    /s/  Jerry E. Peer, Jr.
                                    Jerry E. Peer, Jr. (0075128)

5



June 9, 2023

**VIA DOCUSIGN ONLY**

jpeer@petersonconners.com

Jerry E. Peer (Receiver)
Peterson Conners LLP
545 Metro Place South
Suite 435
Dublin, OH 43017

Re:  Filing Notice For Recovery of Real Property For Receivership
     Root, Inc., et al. v. Brinson Caleb Silver, et al.

     Retainer Agreement
     Retainer Request: **$500.00**

Dear Mr. Peer:

Hunt Ortmann Palffy Nieves Darling & Mah, Inc. (hereinafter referred to as the "Firm") appreciates the opportunity to represent you:

Jerry E. Peer (Receiver)

(hereinafter collectively referred to as "you" or "your"), with respect to the above-referenced matter, as well as any additional matters for which you may request our representation from time to time.

The California Business & Professions Code requires a written contract for legal services in those situations described in the statute. In order to avoid any misunderstandings, it is this Firm's standard practice to provide clients with a written statement of the Terms and Conditions of our contract with you (the "Retainer Agreement"), a copy of which is enclosed herewith and is fully incorporated by this reference, together with the current Hourly Rate Schedule for the Firm's attorneys, paralegals, and law clerks, which is also enclosed.

As you will note above, the Firm has requested a $ **500.00** initial retainer (the "Initial Retainer") from you. If litigation is initiated, an additional retainer may be required in accordance with the attached Terms and Conditions. The Firm is not required to commence services until the Initial Retainer has been received.

EXHIBIT A

Page 2

This letter, and the enclosures hereto, constitute our full and entire Retainer Agreement, superseding any prior oral or written understanding, and may not be amended or modified, except by a writing executed by both you and the Firm. In the event you have any questions in this regard, please do not counter-sign this Retainer Agreement until you have had all of your questions fully answered. On the other hand, if this letter and the enclosures hereto accurately reflect your understanding of our attorney/client relationship and agreement, please indicate your approval and acceptance by counter-signing this Retainer Agreement in those places where your signature is required, and returning the fully executed copy to me by email and the original by overnight mail. Please be sure to retain a fully executed copy for your records.

Please note that if you do not advise me of your dissatisfaction with any aspect of the terms and conditions herein or in the enclosures in writing and within ten (10) days of the date of this letter, or if you do not execute and return this letter to me within that same period, it will be deemed that you have accepted these terms and conditions, which shall govern our relationship.

Very truly yours,

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.

*Peter Schnaitman*

DocuSigned by:
870689749B9A49A...

Peter Schnaitman

APPROVED AND ACCEPTED:

Dated: __6/9/2023_____

Jerry E. Peer (Receiver)

By:_____

DocuSigned by:
97671D8574CF4ED...

Jerry E. Peer

Title:__Receiver_____

__:__
Enclosures:    Terms and Conditions
               Hourly Rate Schedule
               Mediation Disclosure Notification and Acknowledgment

Page 3

## HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC.

## RETAINER AGREEMENT TERMS AND CONDITIONS

### SCOPE OF REPRESENTATION

We are being retained as special counsel to represent you in connection with the above-entitled matter only. However, this agreement shall also apply to any other matters for which we are retained. In representing you in this or any other matter for which we may be retained, you can expect us to perform our services diligently and to keep you informed of developments in the matter as they occur. Likewise, we expect each of our clients to pay the fees and costs incurred in a timely manner, to perform all the other terms of this Retainer Agreement, to fully cooperate with the undersigned and the Firm, to be truthful at all times and to keep the Firm fully apprised of all developments in any matters for which legal representation is provided or which may affect our representation of you, including but not limited to disclosure of all liens and encumbrances on the subject matter of our representation of you. All services rendered by the Firm on your behalf shall be governed by the terms of this Retainer Agreement, unless a subsequent written agreement is executed by you and the Firm.

### RETAINER

In its representation of you regarding the above-referenced matter or any future matter, the Firm will require a replenishing retainer. This is a retainer that is deposited with the Firm's trust account as pre-payment for legal services and costs. As legal services are rendered and costs are advanced on your behalf on a monthly basis, the Firm's invoices are generated and paid from the retainer on deposit. Thereupon, as you receive the Firm's invoices, you agree to review them and unless you have any question regarding any aspect of an invoice, you agree to pay the amounts reflected therein within fifteen (15) days of the date of the invoice, which will restore the retainer on deposit to its original amount.

In addition to the Initial Retainer, it is agreed that within fifteen (15) days of our request, which may be at any time during the course of our representation of you, you will deposit in our trust account such sums as we may estimate to be the amount of attorneys' fees and costs which may be incurred following such request in connection with matters which include, without limitation, depositions, motions and other hearings, expert witnesses, trial and/or any appeal, as a security retainer under the California Commercial Code.

At the conclusion of the Firm's representation of you, any unused portion of the retainer will be returned to you.

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-9389835BB784E

Page 4

## COSTS

Our monthly invoices will include all out-of-pocket expenses incurred by us on your behalf during the prior month (hereinafter referred to as "Costs"). You are responsible to reimburse us for all Costs. Such Costs may include copying, printing, scanning, including copying and/or scanning of all or any portion of the file for you, long distance telephone calls, facsimiles, postage, filing fees, court reporters, experts, deposition transcripts or other expenses incurred on your behalf.

You agree to have on deposit at all times in the Firm's trust account sufficient funds to cover all Costs to be incurred by the Firm in representing you, if such deposit is requested. The Firm reserves the right to have third party Costs invoiced directly to you. In this event it will be your obligation to pay the vendor directly.

## DOCUMENT RETENTION

You agree that you will be responsible for providing us with all documents pertinent to this matter. Even if you have in effect document retention policies that may result in the scheduled destruction or discarding of documents which may be relevant to this matter, please do not destroy or discard any possibly relevant documents until you speak with us further.

All files relating to your case, if not delivered to you or filed with the court, will be retained for five (5) years after the conclusion of the case. Should you wish to retain the files yourself, or for a period longer than five (5) years, you may do so by providing the Firm with written notice, prior to the expiration of the five years, of your intention to collect and retain the files.

## PAYMENT OF HOURLY FEES FOR LEGAL SERVICES RENDERED

It is understood and agreed that you shall pay for legal services rendered in connection with the above representation at the hourly rates in effect from time to time for attorneys, paralegals or law clerks assigned to your case. You will be billed on a monthly basis via electronic invoicing only unless agreed otherwise in writing and payment for the services rendered each month is due within fifteen (15) days of our invoice.

It is anticipated that I will supervise the legal work in connection with our representation of you. The legal work will be done by the undersigned and other lawyers assigned to the matter.

Certain assignments can be more economically performed by assistants, paralegals or law clerks. All of our paralegals and law clerks are supervised by attorneys and are able to provide excellent case support. If, in our judgment, a task does not require an attorney's attention, it shall be performed by paralegals or law clerks at a substantially lower hourly rate.

My current billing rate is $ __425.00_____ per hour. The billing rates for the other Firm attorneys range from $215.00 to $745.00 per hour and the billing rates for paralegals and law clerks

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-9380235BB784E

Page 5

range from $195.00 to $215.00 per hour. All such rates are reflected in the attached Fee Schedule. From time to time, due to increased overhead and costs, the hourly billing rates of our attorneys, paralegals, and law clerks may be changed, and shall be effective upon thirty (30) days prior written notice to you.

Some matters may be billed by the Firm on a fixed fee basis, when the matter involves standardized documents which the Firm has developed over the years. By way of example, fixed fees may be charged for complaints, motions, incorporations, agreements, will and trust documents, and certain insurance coverage work. Because of the format of our billing system, all fees, whether billed on an hourly or flat fee basis will be set forth in our invoice as time billed multiplied by the attorney's hourly rate, even though the time appearing on the invoice may not reflect the actual time expended by the attorney.

The Firm hereby reserves the right to adjust at any time the hourly rates of its attorneys based upon factors set forth in the Rules of Professional Conduct of the State Bar of California. These factors include the experience, ability and reputation of the attorneys working on the specific matter, the nature of the employment, responsibilities involved and the results achieved. In accordance with these factors, attorney's hourly rates fees may vary from matter to matter.

The Firm may from time to time furnish you with estimates, forecasts or budgets of the amount of fees or costs which we anticipate will be charged with respect to services to be performed under this Retainer Agreement. Any matter and particularly any adversarial matter (i.e., litigation, arbitration, and mediation) involves substantial unknowns including but not limited to the actions of others (such as the tactics employed by opposing counsel, the style of the adjudicator, and the scheduling and availability of the court) and identification of previously unknown facts. These estimates, forecasts or budgets are furnished for your convenience and are not binding on either you or the Firm.

## **MEDIATION**

If the Firm represents you in mediation, note that California law generally makes mediation a confidential process. California's mediation confidentiality laws (which are set forth in Sections 703.5 and 1115 to 1129, inclusive, of the Evidence Code) establish the confidentiality of mediation and limit the disclosure, admissibility, and a court's consideration of communications, writings, and conduct in connection with a mediation. In general, those laws require that:

- All communications, negotiations, or settlement offers in the course of a mediation must remain confidential.

- Statements made and writings prepared in connection with a mediation are not admissible or subject to discovery or compelled disclosure in noncriminal proceedings.

Page 6

- A mediator's report, opinion, recommendation, or finding about what occurred in a mediation may not be submitted to or considered by a court or another adjudicative body.

- A mediator cannot testify in any subsequent civil proceeding about any communication or conduct occurring at, or in connection with, a mediation.

This means that unless all participants to the mediation agree otherwise, all communications between you and the Firm made in preparation for a mediation, or during a mediation, are confidential and cannot be disclosed or used as evidence in any subsequent noncriminal legal action, including an action against the Firm for malpractice or an ethical violation, even if you later decide to sue the Firm for malpractice because of something that happened during the mediation.

Attached to this Retainer Agreement for your review and execution is a one-page Mediation Disclosure Notification and Acknowledgment (the "Mediation Disclosure"). Except as described in the preceding paragraph, the Mediation Disclosure, and your execution thereof, do not limit our liability to you for professional malpractice, nor prevent you from (i) reporting any professional misconduct by any attorney of the Firm to the State Bar of California, or (ii) cooperating with any disciplinary investigation or criminal prosecution of such attorney.

## MONTHLY BILLING INVOICES

Our invoice for services rendered and for any costs advanced on your behalf will be submitted to you as promptly as possible after the end of each month. Amounts billed become delinquent sixteen (16) days from the date of the invoice and shall thereafter be assessed a monthly service charge as discussed below.

You agree each month to review our invoice for services rendered and costs incurred within fifteen (15) days from the date of mailing, and to notify the Firm in writing within said fifteen (15) day period of any errors, mistakes, questions, miscomputations, overbillings, duplicate billings, objections or other disagreement with the amounts reflected as owing to the Firm in the monthly invoice (collectively "objections"). If you need additional time to review the invoice, we agree that if you provide written notice to the Firm within said fifteen (15) day period of your need for additional time, you will have an additional fifteen (15) days in which to review the monthly invoice and to notify the Firm in writing of any Objections.

## SERVICE CHARGES

Amounts billed or otherwise due from you to the Firm become delinquent sixteen (16) days from the date of the invoice, and, shall thereafter be assessed a monthly service charge of 1½% (18% per annum) of the outstanding balance. As discussed below, the Firm reserves the right to withdraw from any representation if any invoice or other amount due the Firm becomes delinquent thirty (30) days or more.

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-928935BB784E

Page 7

It is understood that we are not being retained to represent you in a matter for primarily personal, family or household purposes, nor is it our intention to extend credit in lieu of the payment of our invoices. This Retainer Agreement therefore is not subject to the Truth in Lending Act.

## INSURANCE COVERAGE OF FEES AND COSTS

Where appropriate, we will tender the claim against you to your insurer(s) for coverage of your costs of defense (and payment of any covered liability). *However, even in those cases in which an insurer has agreed to pay defense costs, in whole or in part, you are still responsible for timely payment of the attorneys' fees and costs owed by you to the firm according to the terms described in the preceding section.* We will thereafter attempt to obtain for you reimbursement for these fees and costs from your insurer, but you should be aware that insurers are traditionally slow to pay these reimbursements, often lagging months behind. Furthermore, you should be aware that frequently, only a portion of the defense costs are payable by the insurer, and that the denial of reimbursement by the insurer for any portion of the costs of defense does not relieve you of your obligation to pay the same as described above.

You should also be aware that although your defense costs may be reimbursed by your insurer, in whole or in part, the fees and costs incurred in discussing coverage issues with insurers will seldom, if ever, be reimbursed to you by the insurer.

Further, by execution of this Agreement, you consent to the payment of legal expenses by the insurer, where possible, and agree that we can provide to the insurer all invoices for services rendered and costs incurred in our representation of you, as well as disclose all information regarding your matter to the insurer, including privileged communications with you, necessary to satisfy your obligations to the insurer under your insurance policy.

## LIEN ON PROCEEDS

You agree that the Firm shall have and is hereby granted a lien on any recovery obtained by you by settlement, judgment, award, or otherwise pursuant to any claim or cause of action that is the subject of the Firm's representation under this Agreement. The lien will be for any attorney fees or costs owed by you to the Firm at the conclusion of the representation, including interest on such sums as permitted under this Agreement. Furthermore, you hereby expressly authorize and consent to the filing of financing statements, pursuant to California Commercial Code Section 9101, et. seq., as necessary, to perfect the Firm's lien and to assure the Firm's priority against your future creditors.

A lien is a security interest in your recovery. The effect of such a lien is that the Firm may be able to compel payment of fees and costs from any such recovery even if the Firm has been discharged before the resolution of the dispute. The Firm's assertion of a lien might delay your receipt of all or part of the proceeds of your recovery until any dispute regarding the lien or concerning the amount of fees and costs owed to the Firm at the conclusion of the representation

Page 8

is resolved. In addition, the public filing of a financing statement may impair your ability to obtain credit.

You may seek the advice of independent counsel regarding this lien provision. By signing this Retainer Agreement, you acknowledge that you have had a reasonable opportunity to seek advice of independent counsel and that you have sought such advice or have waived your right to do so, you understand the effect of this provision, and you voluntarily consent to the lien described herein.

## TERMINATION OF REPRESENTATION

You shall at all times have the right to terminate our services upon written notice of termination to the Firm. Likewise, we shall at all times have the right to terminate our services upon written notice of withdrawal to you in the event that you fail to meet any of your obligations under this Retainer Agreement or in the event that we determine, in our reasonable discretion, that it would be unethical or impractical to continue representing you in this or any other matter in which we may be providing representation. You acknowledge that all fees and costs incurred in our representation of you are to be paid by you to the Firm in accordance with the terms of this Retainer Agreement, whether or not the termination of our representation of you is with or without cause. Upon termination of our representation, you agree to promptly obtain other counsel to represent your interests, and to sign substitutions of counsel authorizing our withdrawal as your counsel of record in the proceedings. Upon termination of our representation of you, the Firm shall have no further obligation to monitor your matter, or to provide you with notice of any information which comes to our attention and which may affect you, provided, however, that we will forward to you or your new counsel all documents received by the Firm with respect to our representation of you. Our representation of you in any matter will terminate without notice to you upon completion of this matter.

Furthermore, at the end of the matter, or at any time as the attorney-client relationship is terminated for any reason, you shall be entitled, at your written request, to our file relating to the matter. In such event, we shall have the right to make and retain a copy of the file, at your expense. You may also request a copy of our file at any time during our representation of you, at your expense.

## NO WARRANTIES

As you know, litigation is by its nature unpredictable. It is not possible to warrant a successful result or represent that a particular result can be obtained within a given time frame. You acknowledge that we have not made any representations, promises, warranties or guarantees to you, express or implied, regarding the outcome of your matter, and, in electing to represent you in this matter the Firm has expressly relied on the truthfulness and accuracy of the information which you have provided.

Page 9

Furthermore, during the course of this engagement, we may express opinions or beliefs to you about the effectiveness of various courses of action or about the results that might be anticipated. Such statements are expressions of opinion only, and should not be construed as promises, warranties, or guaranties to you, express or implied, regarding the outcome of your matter.

Furthermore, as you know, the preparation of a document is not a warranty that the document is free of ambiguities and will accomplish the desired effect. Language used in a document may not appear ambiguous to the parties or counsel at the time of the preparation and execution of the document, but often is recognized in the future when a party to the document desires an interpretation different from that intended by you. You acknowledge that we have not made any representations, promises, warranties or guaranties to you, either expressed or implied regarding the ability of any party, or any other person, to question the efficacy and adequacy of any document which the Firm has prepared on your behalf.

## ATTORNEY-IN-FACT

The Firm is appointed as your attorney-in-fact to do any of the following acts on your behalf

(a)     Receive delivery of any payments and/or documents;

(b)     Collect any amounts due to you;

(c)     Endorse any negotiable instruments received by the Firm;

(d)     Execute and file with the Court an Acknowledgment of Assignment of Judgment; and

(e)     To complete any document which you have previously executed by inserting applicable dates and location of execution, and to substitute new printed pages which repeat verbatim any handwritten inserts; provided, however, that any funds or documents received shall be retained in trust and/or deposited into a Firm Trust Account, which account may be either the Firm's general Trust Account to which are deposited funds received by the Firm from its clients, or a special Trust Account to which are deposited only funds received by the Firm on your behalf. The decision as to which trust account funds will be deposited is in the Firm's sole discretion, unless you specifically request in writing that the funds be deposited in a special trust account created for you.

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-929935BB784E

Page 10

## INSURANCE DISCLOSURE

The Firm currently has, and will endeavor to maintain in the future, errors and omissions insurance coverage applicable to the services to be rendered to you under this Retainer Agreement, as well as comprehensive general liability insurance.

## COSTS OF COLLECTION

If any proceeding (including arbitration) is instituted to collect past due fees and/or costs owed to the Firm under this Retainer Agreement, the prevailing party shall be entitled to reimbursement for all reasonable attorneys' fees and costs incurred in that proceeding. If such proceeding is undertaken by the parties "in propria persona" (i.e., without legal representation) the prevailing party shall be entitled, as a measure of its reasonable attorneys' fees and costs, to reimbursement for its time expended based upon the billing rates of the party's personnel who performed the services reasonably necessary to collect the past due fees and costs, including all time expended by Firm personnel for discovery, preparation for trial, trial and testimony at the time of trial.

## INDEMNIFICATION

You agree to indemnify and hold harmless the Firm against any and all liability, including attorneys' fees and costs, incurred by the Firm with respect to any person or entity other than you, arising out of or in connection with the Firm's representation of you, and/or others at your request, in the above-referenced matter, or in any other matter in which you may have retained the services of this Firm. By signing this Agreement, you will be responsible for payment of attorneys' fees and all costs of the defense of, and for the payment of any judgment, settlement, award or other recovery under, any claim or cause of action brought by any third party against the Firm in any lawsuit, arbitration, mediation, or other proceeding, arising from any act or omission by the Firm in connection with the Firm's representation of you.

The Firm will notify you by certified mail of any potential demand, claim, cause of action, damages, losses, costs, or attorneys' fees and expenses for which indemnity is requested under this Agreement at your address of record with the Firm. The Firm shall have the right of consent to the selection of counsel retained to defend against any such demand, claim, cause of action, damage, loss, cost, or attorney fee and expense, such consent not to be unreasonably withheld.

This provision is not intended to limit the Firm's liability to you for any act or omission by the Firm which constitutes a breach of any obligation owed to you, or for any intentional wrongful act.

You may seek the advice of independent counsel regarding this provision. By signing this Retainer Agreement, you acknowledge that you have had a reasonable opportunity to seek advice of independent counsel and that you have sought such advice or have waived your right to do so, and that you understand the effect of this provision.

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-93803EBB784E

Page 11

## ARBITRATION

### A.    Arbitration of All Disputes

You and the Firm (for itself and its authorized agents which include shareholders, officers, directors, employees, and independent contractors) agree that any dispute between the parties (including without limitation any individual attorney with the Firm) that arises out of or relates to this Agreement, the relationship between you and the Firm, the Firm's fees or costs, or the Firm's services (including but not limited to disputes or claims regarding professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud, or violation of any rule or statute) shall be submitted to binding arbitration in accordance with the rules of Judicial Arbitration Mediation Services ("JAMS-ENDISPUTE"). In the event an arbitrator is not available through JAMS-ENDISPUTE, and the parties are unable to agree to another arbitrator, then a court of competent jurisdiction shall appoint an impartial arbitrator whose decision shall be final and conclusive on all parties.

The authority of the arbitrator shall extend to the fullest extent permitted by law, including but not limited to the authority of the arbitrator to determine whether any issue is within the jurisdiction of the arbitrator. Judgment upon the award or decision rendered by the arbitrator may be entered by any court of competent jurisdiction.

You and the Firm shall each have the right of discovery in connection with any arbitration proceeding in accordance with Code of Civil Procedure Section 1283.05.

The arbitration, and all aspects thereof (the arbitration demand, argument, testimony, evidence, the decision, etc.) shall be confidential, except when used in the course of a judicial proceeding (e.g., to compel, confirm, vacate or modify the award) or regulatory proceeding, as may be requested by a governmental entity or as otherwise may be required by law. If either the Firm or you should refuse to submit to arbitration for any dispute, the other party may petition to compel arbitration under California law in any court of competent jurisdiction. Notwithstanding the above, in the event that binding arbitration would in any way prejudice or invalidate any errors or omissions insurance coverage maintained by the Firm which is applicable to the services to be rendered to you pursuant to this Agreement, you agree that this binding arbitration provision shall be void and have no force or effect. In this event, any such dispute shall be resolved by a court of competent jurisdiction.

### B.    State Bar Fee Arbitration

Notwithstanding subparagraph A above, in any dispute regarding the Firm's fees or costs, You have the right to elect arbitration pursuant to the Rules of Procedure for Fee Arbitrations and the Enforcement of Awards by the State Bar of California, as set forth in California Business & Professions Code Section 6200, et. seq. If, after receiving a notice of client's right to arbitrate, Client does not elect to proceed under the State Bar fee arbitration procedures, or fails to file a

Page 12

request for fee arbitration within 30 days, any dispute over the Firm's fees or costs will be resolved by binding arbitration as provided in the previous subparagraph A.

**C.      Waiver of Rights/Advice of Independent Counsel**

*In agreeing to this arbitration provision, the Firm and you are specifically giving up:*

*(a)      All rights the Firm or you might possession to have such disputes decided in a court or jury trial; and*

*(b)      All judicial rights, including the right to appeal from the decision of the arbitrator.*

You may seek the advice of independent counsel regarding this provision.  By signing this Retainer Agreement, you acknowledge that you have had a reasonable opportunity to seek advice of independent counsel and that you have sought such advice or have waived your right to do so, you understand the effect of subparagraphs A and B above, and you voluntarily agree to binding arbitration.

## NEGOTIABILITY OF FEES

You understand and hereby acknowledge that the attorneys' fees provided for in this Retainer Agreement are not set by law, and are negotiable between the Firm and you.

## ENTIRE AGREEMENT; SUCCESSORS AND ASSIGNS

This Retainer Agreement contain the entire agreement of the parties with respect to the terms and conditions of the Firm's representation of you, and no other agreement, statement or promise made on or before the effective date of this Retainer Agreement shall be binding on the parties.  No provision of this Retainer Agreement may be amended, modified, supplemented, changed, waived, discharged, or terminated unless you consent in writing at the time of the modification.  This Retainer Agreement shall inure to the benefit of and shall be binding upon the assigns, successors in interest, personal representatives, estates, heirs, and legatees of each of you.

## SEVERABILITY

If any provision of this Retainer Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and the remainder of this Retainer Agreement shall be severable and shall remain in effect.

## GOVERNING LAW

All questions with respect to the construction of this Agreement and the rights and liabilities of the parties hereto shall be governed by the laws (except the choice of law) of the State of California.

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-93993EBB784E

Page 13

## **CONCLUSION**

Please note that this is an enforceable contract. Therefore, in the event you have any questions, please do not execute this Retainer Agreement until you have had all of your questions fully answered. You are hereby advised that you may seek the advice of an independent lawyer of your own choice, to address any of the questions which you may have regarding the effect of the terms and conditions set forth in this Retainer Agreement, including but not limited to the sections "Lien on Proceeds" and "Arbitration", as well as your duties provided for in the section entitled "Indemnification".

Page 14

In the event this Retainer Agreement is executed by more than one person or entity, the liability of each such person or entity, including liability arising with respect to indemnification obligation and for all fees and costs incurred in the matter for which representation is provided, shall be joint and several.

APPROVED AND ACCEPTED:

Jerry E. Peer (Receiver)

Dated: __6/9/2023_____

By: _____

Name: __Jerry E. Peer_____

Title: __Receiver_____

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-93803E5B784E

Page 15

## Mediation Disclosure Notification and Acknowledgment

To promote communication in mediation, California law generally makes mediation a confidential process. California's mediation confidentiality laws are laid out in Sections 703.5 and 1115 to 1129, inclusive, of the Evidence Code. Those laws establish the confidentiality of mediation and limit the disclosure, admissibility, and a court's consideration of communications, writings, and conduct in connection with a mediation. In general, those laws mean the following:

- All communications, negotiations, or settlement offers in the course of a mediation must remain confidential.

- Statements made and writings prepared in connection with a mediation are not admissible or subject to discovery or compelled disclosure in noncriminal proceedings.

- A mediator's report, opinion, recommendation, or finding about what occurred in a mediation may not be submitted to or considered by a court or another adjudicative body.

- A mediator cannot testify in any subsequent civil proceeding about any communication or conduct occurring at, or in connection with, a mediation.

This means that all communications between you and your attorney made in preparation for a mediation, or during a mediation, are confidential and cannot be disclosed or used (except in extremely limited circumstances), even if you later decide to sue your attorney for malpractice because of something that happens during the mediation.

I understand that, unless all participants agree otherwise, no oral or written communication made during a mediation, or in preparation for a mediation, including communications between me and my attorney, can be used as evidence in any subsequent noncriminal legal action including an action against my attorney for malpractice or an ethical violation.

NOTE: This disclosure and signed acknowledgment does not limit your attorney's potential liability to you for professional malpractice, or prevent you from (1) reporting any professional misconduct by your attorney to the State Bar of California or (2) cooperating with any disciplinary investigation or criminal prosecution of your attorney.

Page 16

Dated: **6/9/2023** _____

Jerry E. Peer (Receiver)

By: _____
97671D8574CF4ED...

Name: Jerry E. Peer _____

Title: Receiver _____

Dated: **6/9/2023** _____

HUNT ORTMANN PALFFY NIEVES
DARLING & MAH, INC.

By: _____
870689749B9A49A

Peter Schnaitman

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-929935BB784E

Page 17

## HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC.

Hourly Rate Schedule for Attorneys and Paralegals

Effective January 1, 2023

| Name | Initials | 2023 |
|------|----------|------|
| Brody, Kevin J. | KJB | $595 |
| Darling, John D. | JDD | $675 |
| Garcia, Victoria | VG | $310 |
| Katbi, Marwa | MK | $295 |
| Kromke, Emily A. | EAK | $395 |
| Lozano, Dustin T. | DTL | $450 |
| Lubka, Laurence P. | LPL | $625 |
| Mah, Richard | RM | $600 |
| Manninger, Emily Zung | EZM | $325 |
| Nieves, Omel A. | OAN | $600 |
| Ortmann, Dale A. | DAO | $745 |
| Paciulli, Carlo | CP | $390 |
| Palffy, Thomas | TP | $600 |
| Rogstad, Emil B. | EBR | $215 |
| Scharrer, JoLynn M. | JMS | $600 |
| Schnaitman, Peter E. | PES | $425 |
| Wolfe, Patricia J. | PJW | $295 |
| Woo, John H. | JHW | $380 |
| Paralegals | | $195-$215 |

DocuSign Envelope ID: 7B53DAD7-A7EA-43C8-9C9B-92803EBB784E

Page 18

**Billing Contact Information**

☐  Billing Contact Information is the same as client contact on page 1:
Otherwise, please fill out billing contact information below:

Email: _____

Phone: _____

Name: _____

Title: _____

Address: _____

_____

_____

City: _____

State: _____

Zip: _____