UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROOT, INC., et al., | : | |
| | : | |
| *Plaintiffs*, | : | Case No. 2:23-cv-512 |
| | : | Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Elizabeth A. |
| | : | Preston Deavers |
| BRINSON CALEB SILVER, et al., | : | |
| | : | |
| *Defendants.* | : | |

**MOTION OF RECEIVER, JERRY E. PEER, JR. TO SELL 2022 YAMAHA WAVE RUNNER AT PRIVATE SALE FREE AND CLEAR OF ANY AND ALL INTERESTS, LIENS, CLAIMS AND ENCUMBRANCES**

Now comes the Court appointed receiver herein, Jerry E. Peer, Jr., ("Receiver") and hereby states that pursuant to this Court's *Order,* filed May 12, 2023 [Doc. # 99], *Order Appointing Receiver*, filed May 17, 2023 [Doc. # 101], and *Order Amending Order Appointing Receiver*, filed June 7, 2023 [Doc. # 120] (hereinafter collectively "Receiver Order"), he has taken control of a certain 2022 Yamaha Wave Runner FX HO ("Yamaha") owned by Defendant, Brinson Caleb Silver ("Defendant"). Receiver believes it is in the best interests of this receivership estate to sell the Yamaha at private sale. By this Motion, Receiver moves the Court for authority to sell the Yamaha pursuant to the terms and conditions outlined herein free and clear of any and all interests, liens, claims and encumbrances.

A Memorandum in Support of this Motion is attached hereto.

Respectfully submitted,

**PETERSON CONNERS LLP**

/s/ Jerry E. Peer, Jr.
Gregory S. Peterson (0061915)
Jerry E. Peer, Jr. (0075128)
Istvan Gajary (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: (614) 365-7000
Facsimile: (614) 220-0197
E-mail:  gpeterson@petersonconners.com
         jpeer@petersonconners.com
         igajary@petersonconners.com
*Counsel for Receiver, Jerry E. Peer, Jr.*

## MEMORANDUM IN SUPPORT

I. **INTRODUCTION**

Pursuant to this Court's *Order,* filed May 12, 2023 [Doc. # 99], *Order Appointing Receiver*, filed May 17, 2023 [Doc. # 101], and *Order Amending Order Appointing Receiver*, filed June 7, 2023 [Doc. # 120] (hereinafter collectively "Receiver Order"), Jerry E. Peer, Jr. ("Receiver"), was appointed as Receiver of all monetary and real property assets ("Assets") of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC (hereinafter collectively "Defendants").  Further, and pursuant to the Receiver Order, Receiver has been engaged for the purpose of protecting and liquidating the Assets.

Subsequent to Receiver's appointment, he assumed control over the Property and took all action necessary to complete the sale of the real estate located at 13105 Biscayne Island Terrace, North Miami, Florida ("Property"), which was already in contract at the time of Receiver's appointment.  Following closing, Receiver learned of a certain 2022 Yamaha Wave Runner FX HO ("Yamaha"), which was abandoned by Defendant at the Property. As a result, Receiver took

steps to determine both the condition and value of the Yamaha. Based upon photographs provided by Ms. Kristin Hess, Defendants'/Receiver's real estate agent for the sale of the Property, it was evident the Yamaha had substantial damage. In addition, Receiver performed research to determine the fair market value of the Yamaha, based upon its year, make, model, hours, and condition. Based upon Receiver's research and market analysis, the Yamaha is estimated to be worth approximately $12,000 with minimal use and no damage.

In order to take possession of the Yamaha, Receiver would be required to pay for its transport and storage. In addition, Receiver would incur certain costs to repair the damage. Rather than incur the costs mentioned above, Receiver engaged in negotiations to sell the Yamaha to the new Property owners, Yossi Liani and Ayelet Suzi Bazon ("Buyers"). As a result of these negotiations, Receiver and Buyers have reached an agreement to sell the Yamaha for a purchase price of Ten Thousand and 00/100 Dollars ($10,000). By this Motion, Receiver seeks authority to sell the Yamaha pursuant to the terms and conditions outlined herein, free and clear of any and all interests, liens, claims and encumbrances. The Purchase Price for the Yamaha shall be paid in full by cashier's check, payable to Receiver, at the time of closing. Buyers shall deliver to Receiver the respective Purchase Price no later than seven (7) days following approval of this Motion by the Court.

The Receiver requests that any order approving the sale of the Yamaha include findings of the Court that the purchase of the Yamaha is commercially reasonable, has been negotiated in good faith and that the offer of Buyer is in the best interests of the receivership estate under the circumstances.

## II.  LAW AND ARGUMENT

Pursuant to the Receiver Order,

> The Receiver is authorized to negotiate and effect an orderly sale, transfer, use, or assignment of all or a portion of any of the Property in or outside of the ordinary course

>of business of the Receivership Defendants and, from the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property. Payments to creditors by the Receiver shall include trade indebtedness which arises during the course of the Receiver's operation of the Property, which shall be paid first from the sale proceeds, together with the fees and expenses of the Receiver and his attorneys, accountants, and other professionals. The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion.

See Receiver Order, para. 2(k).

Additionally, "a judge who finds it necessary to appoint a Receiver should see that the entity, and therefore assets, are liquidated as economically and speedily as possibly unless its continuance is demonstrated to be beneficial to the creditors. *Jones v. Proctorville* (1961 C.A. 6, Ohio) 290 F. 2d 49.

The Receiver, in its business judgment, has determined that a sale of the Yamaha pursuant to the terms set forth above is commercially reasonable and in the best interest of the receivership estate. Further, Receiver represents that the private sale of the Yamaha, pursuant to the terms of above, will likely result in a higher return for the receivership estate as it will avoid all costs associated with removal, storage, repair, advertising, and/or commissions.  It is the Receiver's request that the Yamaha be sold at private sale free and clear of all liens, claims, interests, and encumbrances with said liens, claims, interests, and encumbrances attaching to the net proceeds of sale, which shall be disbursed to creditors in order of their respective priorities or applied against administrative expenses of this estate.

In light of the fact that it is the duty of the Receiver to act for the benefit of the estate, Receiver requests that the Yamaha be sold pursuant to the terms above.  No higher offer has been extended and this sale is expected to bring a higher net return to the receivership estate than a public sale or future private sale if Receiver were to take physical possession.  Thus, this private sale is the most efficient and economical means to dispose of the Yamaha.

**III.     CONCLUSION**

WHEREFORE, the Receiver respectfully requests that the Court enter an order authorizing the Receiver to sell the Yamaha pursuant to the terms stated above, free and clear of any and all liens, claims, encumbrances, and other interests with said liens, claims, encumbrances, and other interests attaching to the net proceeds of sale.

Respectfully submitted,

**PETERSON CONNERS LLP**


 /s/  Jerry E. Peer, Jr.
Gregory S. Peterson (0061915)
Jerry E. Peer, Jr. (0075128)
Istvan Gajary (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: (614) 365-7000
Facsimile: (614) 220-0197
E-mail:  gpeterson@petersonconners.com
            jpeer@petersonconners.com
            igajary@petersonconners.com
*Counsel for Receiver, Jerry E. Peer, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically on this 28th day of July, 2023 with the Clerk of Court using the CM/ECF system. Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.

A copy was also sent by regular U.S.P.S. mail and by electronic mail to the following:

Collateral Damage, LLC
101 N. Brand Blvd.
11th Floor
Glendale, CA 91203

Eclipse Home Design, LLC
651 N. Broad Street
Suite 201
Middletown, De 19709

Paige McDaniel
5576 Alexanders Lake Road
Stockbridge, GA 30281

Brinson Caleb Silver
2543 Walnut Ave.
Venice CA 90291

Yossi Liani
Ayelet Suzi Bazon
13105 Biscayne Island Terrace
North Miami, Florida, 33181

                                                /s/  Jerry E. Peer, Jr.
                                                Jerry E. Peer, Jr. (0075128)