# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROOT, INC.** *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | Judge Sarah D. Morrison |
| | ) | |
| *v.* | ) | Magistrate Judge Elizabeth Preston |
| | ) | Deavers |
| | ) | |
| Brinson Caleb "BC" **SILVER**, *et al.* | ) | Case No. 2:23-cv-00512 |
| | ) | |
| *Defendants.* | ) | |

### MOTION OF RECEIVER, JERRY E. PEER, JR., TO SELL PLANE DOCK AT PRIVATE SALE FREE AND CLEAR OF ANY AND ALL INTERESTS, LIENS, CLAIMS AND ENCUMBRANCES

Now comes the Court appointed receiver herein, Jerry E. Peer, Jr. ("Receiver"), and hereby states that pursuant to this Court's *Order,* filed May 12, 2023 [Doc. # 99], *Order Appointing Receiver*, filed May 17, 2023 [Doc. # 101], and *Order Amending Order Appointing Receiver*, filed June 7, 2023 [Doc. # 120] (hereinafter collectively "Receiver Order"), he has taken control of a certain large floating dock ("Plane Dock") used to store an ASN 137 amphibious aircraft owned by Defendant, Brinson Caleb Silver ("Defendant").  Receiver believes it is in the best interests of this receivership estate to sell the Plane Dock at private sale. By this Motion, Receiver moves the Court for authority to sell the Plane Dock pursuant to the terms and conditions outlined herein free and clear of any and all interests, liens, claims and encumbrances.

A Memorandum in Support of this Motion is attached hereto.

        Respectfully submitted,

        PETERSON CONNERS LLP

         /s/ Gregory S. Peterson
        GREGORY S. PETERSON (0061915)
        JERRY E. PEER, JR. (0075128)
        ISTVAN GAJARY (0089084)
        545 Metro Place South, Suite 435

Dublin, Ohio 43017  
Telephone: 614.365.7000  
Facsimile: 614.220.0197  
gpeterson@petersonconners.com  
jpeer@petersonconners.com  
igajary@petersonconners.com  

*Counsel for Receiver, Jerry E. Peer, Jr.*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Pursuant to this Court's *Order,* filed May 12, 2023 [Doc. # 99], *Order Appointing Receiver*, filed May 17, 2023 [Doc. # 101], and *Order Amending Order Appointing Receiver*, filed June 7, 2023 [Doc. # 120] (hereinafter collectively "Receiver Order"), Jerry E. Peer, Jr. ("Receiver"), was appointed as Receiver of all monetary and real property assets ("Assets") of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC (hereinafter collectively "Defendants").   Further, and pursuant to the Receiver Order, Receiver has been engaged for the purpose of protecting and liquidating the Assets.

Subsequent to Receiver's appointment, he assumed control over a large water-based dock used to store an ASN 137 amphibious aircraft that had been purchased by Defendants.  On or about June 30, Defendants purchased an ASN 137 airplane, a large floating, inflatable dock along with several other items for $355,955.44.  The entire package was purchased from ICON Aircraft ("ICON") located in Vacaville, California.  The purchase price of the floating dock ("Plane Dock") was $24,610.  *See* Aircraft Purchase Agreement, *attached hereto* as **Exhibit A** (highlight added).

The Plane Dock is still in the original packaging and has never been opened, inspected, inflated or used.  The Plane Dock is being stored by ICON in their facility at  the Peter O. Knight Airport located at 825 Severn Ave., Tampa, FL 33606.  Upon discovering the Plane Dock and the Defendants' ownership, the Receiver took steps to determine both the condition and value of the

asset. Based upon information provided by ICON, the current market value due to depreciation, expiration of the warranty and uncertainty of condition once opened, is believed to be between $10,000 and $12,000.

In order to take possession of the Plane Dock, Receiver would be required to pay for its transport and storage to an alternative facility. Rather than incurring these additional expenses, negotiations were undertaken with ICON for it to purchase the Plane Dock, which included the agreement by ICON to waive any storage fee associated with keeping and securing the Plane Dock at its facility. As a result of these negotiations, Receiver and ICON have reached an agreement to sell the Plane Dock for a purchase price of Thirteen Thousand and 00/100 Dollars ($13,000). By this Motion, Receiver seeks authority to sell the Plane Dock pursuant to the terms and conditions outlined herein, free and clear of any and all interests, liens, claims and encumbrances. The Purchase Price for the Plane Dock shall be paid in full by ICON in one lump sum payment. ICON shall deliver to Receiver the respective Purchase Price no later than seven (7) days following approval of this Motion by the Court.

The Receiver requests that any order approving the sale of the Plane Dock include findings of the Court that the purchase of the dock is commercially reasonable, has been negotiated in good faith and that the offer of ICON is in the best interests of the receivership estate under the circumstances.

## II. LAW AND ARGUMENT

Pursuant to the Receiver Order,

> The Receiver is authorized to negotiate and effect an orderly sale, transfer, use, or assignment of all or a portion of any of the Property in or outside of the ordinary course of business of the Receivership Defendants and, from the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property. Payments to creditors by the Receiver shall include trade indebtedness which arises during the course of the Receiver's operation of the Property, which shall be paid first from the sale proceeds, together with the fees and expenses of the Receiver and his attorneys, accountants, and other professionals. The Receiver is authorized to conduct

3

> such a sale of the Property in any manner which he, in his good faith and reasonable discretion.

See Receiver Order, para. 2(k).

Additionally, "a judge who finds it necessary to appoint a Receiver should see that the entity, and therefore assets, are liquidated as economically and speedily as possibly unless its continuance is demonstrated to be beneficial to the creditors." *Jones v. Proctorville* (1961 C.A. 6, Ohio) 290 F. 2d 49.

The Receiver, in its business judgment, has determined that a sale of the Plane Dock pursuant to the terms set forth above is commercially reasonable and in the best interest of the receivership estate. Further, Receiver represents that the private sale of the Plane Dock, pursuant to the terms of above, will likely result in a higher return for the receivership estate, as it will avoid all costs associated with removal, storage, repair, advertising, and/or commissions. It is the Receiver's request that the Plane Dock be sold at private sale free and clear of all liens, claims, interests, and encumbrances with said liens, claims, interests, and encumbrances attaching to the net proceeds of sale, which shall be disbursed to creditors in order of their respective priorities or applied against administrative expenses of this estate.

In light of the fact that it is the duty of the Receiver to act for the benefit of the estate, Receiver requests that the Plane Dock be sold pursuant to the terms above. No higher offer has been extended and this sale is expected to bring a higher net return to the receivership estate than a public sale or future private sale if Receiver were to take physical possession. Thus, this private sale is the most efficient and economical means to dispose of the Plane Dock.

### III.   CONCLUSION

WHEREFORE, the Receiver respectfully requests that the Court enter an order authorizing the Receiver to sell the Plane Dock pursuant to the terms stated above, free and clear of any and all liens, claims, encumbrances, and other interests with said liens, claims,

encumbrances, and other interests attaching to the net proceeds of sale.

> Respectfully submitted,
>
> PETERSON CONNERS LLP
>
> /s/ Gregory S. Peterson
> GREGORY S. PETERSON (0061915)
> JERRY E. PEER, JR. (0075128)
> ISTVAN GAJARY (0089084)
> 545 Metro Place South, Suite 435
> Dublin, Ohio 43017
> Telephone: 614.365.7000
> Facsimile: 614.220.0197
> gpeterson@petersonconners.com
> jpeer@petersonconners.com
> igajary@petersonconners.com
>
> *Counsel for Receiver, Jerry E. Peer, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically on this 6th day of September, 2023 with the Clerk of Court using the CM/ECF system.  Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.  A copy will also be mailed to Paige McDaniel and ICON at the address below.

A copy was also sent by regular U.S. mail and/or by electronic mail to the following:

WILLIAM D. KLOSS, JR.
ELIZABETH S. ALEXANDER
GRACE E. SAALMAN
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone:  614.464.6360
Facsimile:  614.719..4807
wdklossjr@vorys.com
esalexander@vorys.com
gesaalman@vorys.com
*Counsel for Plaintiffs*

BRINSON CALEB SILVER
2543 Walnut Ave.
Venice, California 90291

COLLATERAL DAMAGE, LLC
101 N. Brand Blvd., 11th Floor
Glendale, California 91203

ECLIPSE HOME DESIGN, LLC
651 N. Broad Street, Suite 201
Middletown, Delaware 19709

MATTHEW D. RIDINGS
JAMAR T. KING
THOMPSON HINE LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
Telephone:  216.566.5561
Facsimile:  216.566.5800
matt.ridings@thompsonhine.com
jamar.king@thompsonhine.com
*Counsel for Defendants, Quantasy & Associates, LLC and William Campbell*

Paige McDaniel
5576 Alexanders Lake Rd.
Stockbridge, Georgia 30281

ICON Aircraft
2141 ICON Way
Vacaville, CA  95688

    /s/ Gregory S. Peterson
GREGORY S. PETERSON (0061915)