UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROOT, INC., et al., | : | |
| | : | |
|     *Plaintiff*, | : | Case No. 2:23-cv-512 |
| | : | Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Elizabeth A. |
| | : | Preston Deavers |
| BRINSON CALEB SILVER, et al., | : | |
| | : | |
|     *Defendants*. | : | |

**ORDER GRANTING MOTION OF RECEIVER, JERRY E. PEER, JR., TO CONFIRM THE PUBLIC SALE OF CERTAIN REAL PROPERTY OF DEFENDANT, ECLIPSE HOME DESIGN, LLC, FREE AND CLEAR OF ALL INTERESTS, LIENS, CLAIMS AND ENCUMBRANCES AND TO DISTRIBUTE PROCEEDS OF SALE**

This matter comes before the Court upon the *Motion of Receiver, Jerry E. Peer, Jr., To Confirm The Public Sale of Certain Real Property of Defendant. Eclipse Home Design, LLC, Free and Clear of All Interests, Liens, Claims, and Encumbrances* ("Motion"), filed herein on November 1, 2023 by Jerry E. Peer, Jr. ("Receiver"), the duly authorized and acting Receiver for of all monetary and real property assets of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC (hereinafter collectively "Defendants"), which seeks confirmation of the public sale of certain real property of Eclipse Home Design, LLC ("Eclipse") and the approval of the sale on the terms and conditions of the *Real Estate Purchase Agreement*, attached to the Motion as "Exhibit A," free and clear of any and all interests, liens, claims and encumbrances, which shall transfer to the proceeds of sale, as well as any right of redemption, and to approve the Receiver's proposed distribution of proceeds of sale.

The Motion was served upon all parties to this action and other interested parties, by electronic mail and regular U.S. mail, on November 1, 2023.  The Court finds that such notice was

adequate and appropriate under the circumstances and that no objections or other responses have been filed.

Therefore, based upon the pleadings, the record of this action, and the Motion and Exhibits attached thereto, THE COURT HEREBY FINDS AND CONCLUDES THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 754, 959 and 1692, Rule 66 of the Federal Rules of Civil Procedure.

B. On May 12, 2023 [Doc. # 99], Order Appointing Receiver, filed May 17, 2023 [Doc. # 101], and Order Amending Order Appointing Receiver, filed June 7, 2023 [Doc. # 120] (hereinafter collectively "Receiver Order"), Jerry E. Peer, Jr. ("Receiver"), was appointed as Receiver of all monetary and real property assets of Defendants.

C. Pursuant to the Receiver Order,

> The Receiver is authorized to negotiate and effect an orderly sale, transfer, use, or assignment of all or a portion of any of the Property in or outside of the ordinary course of business of the Receivership Defendants and, from the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property. Payments to creditors by the Receiver shall include trade indebtedness which arises during the course of the Receiver's operation of the Property, which shall be paid first from the sale proceeds, together with the fees and expenses of the Receiver and his attorneys, accountants, and other professionals. The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale.…

See Receiver Order, ¶ 2(k).

Further, paragraphs 12(v) and (w) authorized the Receiver to retain a broker to market or sell the Receivership Property and to employ such person or entities as may be necessary to accomplish the Receiver's duties.

D. Pursuant to this Court's Notation *Order Granting Receiver's Motion to Employ Gryphon Asset Advisors, LLC as Auctioneer*, filed and journalized on September 8, 2023 ("Sale Order"), Receiver engaged Gryphon Asset Advisors, LLC ("Auctioneer"), pursuant to the terms and conditions of the Exclusive Listing Agreement for Real Estate Auction ("Auction Agreement") approved by the Sale Order, to conduct a public auction of the real estate identified in the Real Estate Purchase Agreement, attached hereto as "**Exhibit A**" (the "Purchase Agreement"). The Sale Order was timely served on all parties to this action.

E. From September 21, 2023 through October 18, 2023, the Receiver and Auctioneer offered the Real Estate for public sale by and through Auctioneer, through an online auction ("Public Auction"). The Public Auction was well-attended and produced substantial bidding activity. There were forty-six (46) registered bidders and five hundred and fourteen (514) bids placed.

F. An email campaign was used to reach over 35,000+/- individual email accounts. Auctioneer utilized industry standard marketing practices such as signage, social media, outgoing and responsive phone calls, as well as site visits. Seventy-two (72) interested parties attended the two (2) open house events. Auctioneer's efforts generated forty-six (46) qualified bidders. Bidders were offered an opportunity to review Court documents evidencing the Receiver's authority to offer the asset, terms of sale and a draft purchase agreement in advance of registration and bidding.

G. Bidding began at $750,000 and bid increments were set at $100. Bidding opened on September 28, 2023 and ran until October 18, 2023, originally scheduled to close bidding at 6:00 pm PDT. Over bidding, as allowed by the terms of sale, continued until there were no additional bids after 6:13 pm. Bidding progressed slowly up to October 17, 2023 where it stalled

out at approximately $870,000.  By noon of October 18, bids had advanced to $978,000.  As the day progressed bids advanced to $1,200,300 at approximately 4:00 pm.  Just prior to 6:00 pm. additional bids were made and thereafter continued until 6:13 pm. at which time $1,360,300 was determined to be the winning bid.  During the course of the auction, Receiver received three (3) written offers from interested parties, which ranged from $1,200,000 to $1,201,000.

   H. As a result of Receiver's and Auctioneer's best efforts marketing the Real Estate for the Public Sale to potentially interested purchasers, the highest offer/bid received at the conclusion of the Auction was in the amount of One Million Three Hundred Sixty Thousand Three Hundred and 00/100 Dollars ($1,360,300.00) for the Real Estate.

   I. By the Motion, Receiver seeks this Court's confirmation of the highest bid at Public Auction and authority to close the sale of the Real Estate, pursuant to the terms and conditions of the Purchase Agreement, free and clear of any and all interests, liens, claims, and encumbrances, as well as any right of redemption, with the interests, liens, claims, and encumbrances attaching to the net proceeds of sale, in accordance with the prior Sale Order, which shall be disbursed to the secured creditor(s) holding valid and existing liens, in order of their respective priorities.  Apart from the Treasurer of San Diego County, California, to whom the real estate taxes will be paid at closing, the only secured creditor is Shellpoint Mortgage Services who is the servicer to the entity that holds the first and best mortgage against the Real Estate.

   J. The Receiver and Auctioneer adequately and effectively solicited potential buyers of the Real Estate and marketed the Real Estate for sale and provided potential buyers of the Real Estate with adequate information concerning the Real Estate together with a full and fair opportunity to conduct due diligence concerning the same.  The Purchase Price and other terms and conditions of the proposed sale are fair and commercially reasonable and represent the highest

and best offer under the circumstances. Receiver has adequate business justification to sell the Real Estate pursuant to the terms of the Purchase Agreement.

K.  Proper, timely, adequate and sufficient notice of the Motion and the proposed sale and related relief has been provided to all parties and such notice constitutes due and proper notice and no other or further notice of the Motion is required.

L.  A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all interested parties and entities and no objection or request for hearing has been filed.

M.  The sale process conducted by the Receiver was reasonable, non-collusive and conducted at arms' length and in good faith, and the sale of the Real Estate pursuant to the Public Auction and the Purchase Agreement is conducted in accordance with the terms of the prior Sale Order.

N.  Subject to the provisions of the Purchase Agreement and this Order, all liens, claims, encumbrances, and other interests shall attach to the proceeds from the sale of the Real Estate, in the order of their priority, with the same validity, force, and effect that they had against the Real Estate immediately prior to the sale.

O.  The purchase of the Real Estate is commercially reasonable and the offer of Buyer is fair and reasonable and represents the highest and best offer under the circumstances.

Based upon the pleadings, the record of this action, and the Motion and Exhibits attached thereto and the absence of any objection to the Motion, IT IS, THEREFORE, HEREBY ORDERED that:

1.  The Motion is GRANTED, the Public Auction is hereby CONFIRMED and the Receiver is authorized, pursuant to 28 U.S.C. §§ 754, 959 and 1692, Rule 66 of the Federal Rules

of Civil Procedure, this Court's inherent powers, Ohio laws where applicable, this Order, the Sale Order and the Receiver Order, to sell the Real Estate to Wagdy Wahba and Angey Wahba (collectively "Buyer") pursuant to the terms of the Purchase Agreement.

2. On the closing date, the Real Estate shall be sold, conveyed, granted, assigned, transferred and delivered by the Receiver to the Buyer and the terms and conditions of the Purchase Agreement. Except for the lien of any applicable real estate taxes, the Real Estate shall be transferred free and clear of any and all interests, liens, claims and encumbrances, including but not limited to mortgages, security interests, pledges, taxes and tax claims, of the parties to this action, as well as any interests terminated by order of the Court, whether direct or indirect, fixed or contingent, matured or not matured, disputed or undisputed, including all claims arising out of pending litigation and all potential or contingent claims or causes of action (collectively, "Interests"), with the liens, claims and encumbrances of the parties to this action transferred and attached to the proceeds of sale in the hands of the Receiver with the same priority as those liens, claims and encumbrances previously attached to the Real Estate sold.

3. All of the terms and conditions of the Purchase Agreement are approved in all respects, and the sale of the Real Estate pursuant to the Purchase Agreement is hereby authorized. The omission in this Order of specific reference to any provision of the Purchase Agreement shall not impair or diminish the efficacy, propriety, or approval of such provision.

4. The Receiver is authorized and directed to execute, deliver and perform under the Purchase Agreement and all other documents contemplated thereby and to consummate the transactions contemplated thereby; the execution, delivery, and performance by the Receiver of the Purchase Agreement and all other documents contemplated thereby, and the consummation of the transactions contemplated thereby, have been and are duly authorized by this Order. Further,

no consents or approvals, other than those expressly provided for in the Purchase Agreement or this Order, are required to consummate the sale of the Real Estate.

5. The Purchase Agreement and any related agreements, documents, or other instruments may be waived, modified, amended or supplemented by the parties thereto in accordance with the terms thereof in a manner that has no material adverse effect upon any lienholder not specifically consenting thereto without further order of this Court.

6. Except as may be expressly permitted by this Order or the Purchase Agreement, all persons and entities holding any Interests or adverse claims of any kind and nature against the Real Estate, the Receiver, or Defendants, are hereafter forever enjoined, stayed and barred from asserting such Interests or adverse claims against the Buyer, the Receiver, their successors and assigns, or against the Real Estate.

7. The provisions of this Order authorizing the sale of the Real Estate free and clear of the Interests are self-executing and the Receiver, Plaintiff, and Buyer shall not be required to execute or file satisfactions, releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the foregoing provisions hereof; provided, however, that this paragraph shall not excuse either the Receiver or Buyer from performing any and all of their respective obligations under the Purchase Agreement.

8. This Order (a) shall be and hereby is, effective as a determination that, upon the closing date, except as otherwise provided herein or in the Purchase Agreement, the Interests shall attach only to the proceeds of the sale of the Real Estate in the order of their respective priorities, with the same extent and validity that they had against the Real Estate immediately prior to the sale; and (b) shall be, and hereby is, binding upon and governing the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of

mortgages, recorders of deeds, administrative agencies and governmental departments and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments respecting conveyance of the Real Estate.

9. From and after entry of this Order, Defendants, any respective creditors, and/or other parties in interest shall not take or cause to be taken any action that would interfere with the transfer of the Real Estate to the Buyer in accordance with the terms of this Order.

10. Any and all rights of redemption of Defendants, whether equitable or statutory, have been expressly waived, as set forth in the Final Judgment, and are forever barred.

11. After receipt of all credits provided for in the Purchase Agreement and Auction Agreement, proceeds of the sale paid to Receiver at closing shall be distributed at closing and/or by Receiver as follows:

    11.01 First, pay all closing costs attributable to the Receiver as Seller, including but not limited to all commissions, fees, and expenses owed to Auctioneer pursuant to the terms of the Auction Agreement, and amounts, if any, pursuant to the Purchase Agreement;

    11.02 Second, to Shellpoint Mortgage Servicing in full satisfaction of the Commercial Promissory Note, which is secured by the Mortgage held against the Real Estate;

    11.03 Third, any funds remaining in the possession of Receiver shall be held by Receiver pending further order of this Court, against which any remaining liens claims and encumbrances against the Real Estate shall attach to said funds in order of their respective priorities.

IT IS SO ORDERED.

APPROVED AND SUBMITTED BY:

**PETERSON CONNERS LLP**

 /s/  Istvan Gajary
Gregory S. Peterson (0061915)
Jerry E. Peer, Jr. (0075128)
Istvan Gajary (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: (614) 365-7000
Facsimile: (614) 220-0197
E-mail:  gpeterson@petersonconners.com
          jpeer@petersonconners.com
          igajary@petersonconners.com
*Counsel for Receiver, Jerry E. Peer, Jr.*