**Exhibit A**

# REAL ESTATE PURCHASE AGREEMENT

1.  **PROPERTY DESCRIPTION**: the undersigned Buyer offers to purchase from Jerry E. Peer, Jr., Receiver of all monetary and real property assets of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC, (hereafter collectively "Seller"), through Gryphon Asset Advisors, LLC d/b/a Gryphon Realty d/b/a GryphonUSA.com, an Ohio limited liability company and Richard F. Kruse, Auctioneer ("Auction Firm") the following described real property including, without limitation, all improvements, fixtures, appurtenant rights, privileges, and easements located at 19803 Vista Del Otero, Ramona, California 92065; Parcel No. 276-160-03-00.

2.  **PURCHASE PRICE AND PAYMENT TERMS**: Buyer agrees to buy, and the Seller agrees to sell for the purchase price (the "Purchase Price") calculated as follows:

High Bid of $1,360,300 plus
10% Buyer's Premium of $136,030.00 equals
the Purchase Price of $1,496,330.00.

The Purchase Price shall be paid, less the Deposit (defined below) in immediately available funds at the closing of the purchase of the Premises (the "Closing"), as defined in paragraph 12 hereof.

3. **CONTINGENCIES**: The sale of the Premises is contingent upon approval of the sale and the Purchase Price by the Seller ("Approval"). No other contingencies are in effect.

4.  **FIXTURES EQUIPMENT AND FURNITURE**: The consideration shall include all fixtures, equipment, and furniture located in/on the property, including but not limited to: built-in appliances; heating, ventilating, air conditioning (HVAC) and humidifying equipment and their control apparatus; stationary tubs; pumps; water softening equipment; roof antennae; attached wall-to-wall carpeting and attached floor coverings, curtain rods and window coverings including draperies and curtains; attached mirrors; light, bathroom and lavatory fixtures; storm and screen doors and windows, awnings, blinds and window air conditioners, whether now in or on the premises or in storage; garage door openers and controls, attached fireplace equipment; security systems and controls; smoke alarms; satellite TV reception system and components; all exterior plants and trees; and the following: all indoor and outdoor furniture located on the property.

5.  **DAMAGE OR DESTRUCTION OF PREMISES**: Risk of physical loss to the Premises and improvements shall be borne by Seller until Closing, provided that if any property covered by this Agreement shall be substantially damaged or destroyed before this transaction is closed, Buyer may (a) proceed with the transaction and be entitled to all insurance money, if any, payable to Seller under all policies covering the property, or (b) rescind the Agreement and thereby release all parties from liability hereunder by giving written notice to Seller and Auction Firm within ten (10) days after Buyer has written notice of such damage or destruction. Failure by Buyer to so notify Seller and Auction Firm shall constitute an election to proceed with the transaction.

Bidder Initials 

Case: 2:23-cv-00512-SDM-EPD Doc #: 182-1 Filed: 11/15/23 Page: 2 of 4 PAGEID #: 1588

6. **CONDITION OF PREMISES:** Seller agrees that upon delivery of Deed, the Premises shall be in the same condition as they are on the date of this Agreement, reasonable wear and tear excepted.

7. **NO WARRANTIES:** Buyer acknowledges that the Premises are being sold in "as is, where is" condition without any representation or warranty whatsoever. Seller does not warrant or make any representation, express or implied, as to the merchantability, quantity, quality, condition, suitability or fitness of the Premises for any purpose whatsoever, including, without limitation, its compliance with applicable building codes and ordinances, zoning laws, and environmental law, including, without limitation, the Clean Air Act, the Comprehensive Response Compensation and Liability Act (CERCLA), the Americans with Disabilities Act, and any other federal, state or local statutes, codes or ordinances.

8. **EVIDENCE OF TITLE**: Seller shall furnish and Buyer shall pay for an owner's title insurance commitment and policy in the amount of the purchase price. The title evidence shall be certified to within thirty (30) days prior to Closing with endorsement not before 8:00 a.m. on the business day prior to the date of Closing, all in accordance with the standards of the __N/A_____, and shall show Seller marketable title free and clear of all liens and encumbrances except: (a) those created by or assumed by Buyer; (b) those specifically set forth in this Agreement; (c) zoning ordinances; (d) legal highway and *(e)* covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use. Buyer shall pay any additional costs incurred in connection with mortgagee title insurance issued for the protection of Buyer's lender. If Buyer desires a survey, Buyer shall pay the cost thereof.

9. **TAXES AND ASSESSMENTS**: At Closing, Seller shall pay or credit on purchase price all delinquent taxes, including penalty and interest, all assessments that are a lien on the date of this Agreement and all agricultural use tax recoupments for years prior to the year of Closing. At Closing, Seller shall also pay or credit on the Purchase Price all other unpaid real estate taxes that are a lien for years prior to Closing and a portion of such taxes and agricultural use tax recoupments for year of the Closing, prorated through date of the Closing and based on a 365-day year and, if undetermined, on most recent available tax rate and valuation, giving effect to applicable exemptions, recently voted millage, change in valuation, etc., whether or not certified. Real estate taxes and assessments are subject to retroactive change by governmental authority. The real estate taxes for the Premises for the current tax year may change as a result of the transfer or as a result of a change in the tax rate.

10. **ENVIRONMENTAL DISCLAIMER BY SELLER**: Buyer acknowledges that Seller and/or Auction Firm have made no independent investigation to determine whether hazardous materials exist in, on or about the Premises. Buyer and Seller understand that any such determination requires the expertise of a specialist in hazardous materials, the retaining of which is the responsibility of Buyer and not that of the Seller or Auction Firm.

11. **DEPOSIT**: Upon the execution of this Agreement, Buyer shall deposit three percent (3%) of the total Purchase Price (the "Deposit") with a title company to be determined by Seller which shall be returned to Buyer, upon Buyer's request, if this Agreement shall not be approved by the Seller. Upon Approval, Title shall deposit the Deposit in its trust account to be disbursed as follows: (a) the Deposit shall be applied on Purchase Price or returned to Buyer at Closing; (b) if Seller fails or refuses to perform, the Deposit shall be returned to Buyer; (c) if Buyer fails or refuses to perform, the Deposit shall be divided equally between Auction Firm and Seller with no further actions or releases required by the Buyer.

Bidder Initials 

2

12. **CLOSING**: This Agreement shall be performed, and this transaction closed not later than Thirty (30) calendar days following Approval. Time is of the essence in consummating this transaction. Because time is of the essence, if Buyer fails to close as agreed, Seller, at Seller's sole discretion may elect to terminate this Agreement or extend the closing date. If Seller elects to extend the closing date, Buyer shall be assessed a penalty of $300.00 per day, to be paid to the Seller in addition to the agreed-upon purchase price, for each day that this transaction does not close following the agreed-upon closing date. Buyer is entitled to possession at Closing. At the time Seller delivers possession, the Premises will be in the same condition as the date of acceptance of this Agreement, except as provided herein in paragraph 4 entitled Damage or Destruction of Premises, normal wear and tear excepted. Any personal property not included in this Agreement shall be abandoned to the Buyer at Closing. At Closing, Seller shall pay applicable County transfer taxes and deed preparation and shall convey to Buyer marketable title (as described herein paragraph 6) to the Premises in fee simple by a Receiver/Fiduciary Deed in transferable and recordable form. All other closing costs will be borne by the Buyer. Closing shall occur through the title agent selected by Seller who shall also hold the Deposit.

13. **ASSIGNABILITY**: This Agreement may not be assigned.

14. **MISCELLANEOUS**: This Agreement constitutes the entire agreement and no oral or implied agreement exists. Any amendments to this Agreement shall be in writing, signed by Buyer(s) and Seller(s) and copies provided to them. This Agreement shall be binding upon the parties, their heirs, administrators, executors, successors and assigns. Time is of the essence of all provisions of this Agreement. All provisions of this Agreement shall survive the Closing. In compliance with fair housing laws, no party shall in any manner discriminate against any Buyer or Buyers because of race, color, religion, sex, familial status, handicap or national origin. Paragraph captions are for identification only and are not a part of this Agreement.

13. **COMMISSIONS**: The parties hereto agree that the Auction Firm was the sole procuring cause for this Agreement.

14. **SELLER BREACH**: If Seller breaches Seller's obligations under this Agreement, Seller shall pay Auction Firm any and all amounts due to Auction Firm under this Agreement and the Listing Agreement executed by and between Seller and Auction Firm.

15. **APPLICATION OF PROCEEDS**: Auction Firm may apply any proceeds from this transaction against any outstanding amounts due and owing to Auction Firm from Seller.

16. **INDEMNIFICATION**: Buyer and Seller hereby agree, jointly and severally, to indemnify and hold Auction Firm and harmless from any current or future claim regarding the auction or Premises, including, without being limited to, fitness, use, damage, safety, or injuries to persons or property.

17. **GOVERNING LAW; JURISDICTION; VENUE:** This Agreement will be governed by and construed in accordance with the laws of the State in which the Property is located, including its statutes of limitations, but without regard to its rules governing conflict of laws. All claims, disputes, and other matters between the parties will be brought in the United States District Court for the Southern District of Ohio, Southern Division, which court will have exclusive jurisdiction, and will be the exclusive venue, for any and all such claims, disputes, and other matters between the parties.

Bidder Initials 

18. **SIGNATURES; COUNTERPARTS.** This Agreement may be executed manually, electronically, digitally, or by any other means intended to represent the signature of a party. This Agreement may be executed in one or more counterparts, each of which will constitute an original, and all of which, taken together, will constitute one and the same instrument.

**ACKNOWLEDGEMENTS**

**FOR BUYER**

*Wagdy Wahba* / *ANGEY WAHBA*
Buyer Signature

10/19/2023
10/19/2023
Date

Wagdy Wahba        ANGEY WAHBA
Buyer Name Printed

3628 Torrey View Ct
Buyer Address

619-209-9134
Buyer Phone

willie.mfhinvestment@gmail
Buyer Email

San Diego, CA 92130
Buyer City/State/Zip

**FOR SELLER**

_____
Sellers Signature

_____
Date

_____
Seller Name Printed

_____
Sellers Signature

_____
Date

_____
Seller Name Printed

Bidder Initials _WW_ _AW_

4