UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROOT, INC., *et al.*,

        Plaintiffs,    :

    v.

BRINSON CALEB SILVER, *et al.*,  :

        Defendants.

Case No. 2:23-cv-512
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## ORDER

Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC filed Rule 55(a) applications for entry of default against Defendants Brinson Caleb Silver, Eclipse Home Design, LLC, and Collateral Damage, LLC (together, the "Silver Defendants"). (ECF Nos. 180, 181.) Rule 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

The Silver Defendants failed to respond to the operative Second Amended Complaint—but each answered the First Verified Amended Complaint. (*See* ECF Nos. 127, 128, 129.) As to the Silver Defendants, the Second Amended Complaint is identical to the First. (*See* ECF No. 165, PAGEID # 1380.) "Rule 55(a) only permits the Clerk to enter default when a party 'has failed to plead or otherwise defend' **in the action**." *United States ex rel. Griffith v. Conn*, No. 11-157-ART-EBA, 2016 WL 11200230, at *1 (E.D. Ky. May 16, 2016) (Thapar, J.) (emphasis added). That cannot

be said about the Silver Defendants. *See also McCutchen v. Tipton County*, 430 F. Supp. 2d 741 (W.D. Tenn. 2006) (denying an application for entry of default as to a defendant who responded to a complaint but did not respond to an amended complaint, where the amended complaint related back to the original under Rule 15(c)). The Clerk is thus **DIRECTED** to **REFRAIN** from entering default against the Silver Defendants on the basis of the pending applications.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**