# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **ROOT, INC.,** *et al.*, | : | **Case No. 2:23-cv-512** |
| | : | |
| **Plaintiffs,** | : | **Judge Sarah D. Morrison** |
| | : | |
| **v.** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **BRINSON CALEB SILVER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## NOTICE OF SUBPOENAS FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34, and 45 of the Federal Rules of

Civil Procedure, the Plaintiffs in the above-captioned action will cause the subpoenas appended

hereto to be served on the following entities:

Bank of America, N.A.
c/o CT Corporation System
330 N. Brand Blvd., Suite 700
Glendale, CA 9120

JPMorgan Chase Bank, N.A.
c/o CT Corporation System
28 Liberty St.
New York, NY 10005

City National Bank
555 S. Flower St.
Los Angeles, CA 90071

DATED: February 17, 2023

Respectfully submitted,

*/s/  William D. Kloss, Jr.*
William D. Kloss, Jr. (0040854), Trial Attorney
Elizabeth S. Alexander (0096401)
Grace E. Saalman (0101603)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6360  Fax: (614) 719-4807
wdklossjr@vorys.com
esalexander@vorys.com
gesaalman@vorys.com

Matthew L. Kutcher (IL Bar No. 6275320*)*
(*application for pro hac vice forthcoming*)
COOLEY LLP
110 N. Wacker Drive Suite 4200
Chicago, IL 60606
Phone (312)-881-6500
Fax (312)-881 6598
mkutcher@cooley.com

Kristine A. Forderer (CA Bar No. 278754)
(*application for pro hac vice forthcoming*)
COOLEY LLP
3 Embarcadero Center
San Francisco, CA 94111
Phone (415) 693-2128
kforderer@cooley.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served on this 17th day of February 2023, via email upon counsel for Quantasy & Associates, LLC, William Campbell, Brinson Caleb Silver, Collateral Damage, LLC, and Eclipse Home Design, LLC, and via certified mail upon Paige McDaniel as set forth below:

**Matthew D. Ridings** (0079402)
THOMPSON HINE LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
Telephone: 216.566.5561
Facsimile: 216.566.5800
Matt.Ridings@ThompsonHine.com

**Jamar T. King** (0091093)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342
Telephone: 937.443.6852
Facsimile: 937.443.6635
Jamar.King@ThompsonHine.com

**Steven A. Block** (IL Bar No. ___ )
THOMPSON HINE LLP
20 North Clark Street, Suite 3200
Chicago, IL 60602-4101
Telephone: 312.998.4242
Facsimile: 312.998.4245
Steven.Block@ThompsonHine.com

**Karim Sabbidine** (NY Bar No. 5643994)
THOMPSON HINE LLP
335 Madison Ave., 12th Floor
New York, NY 10017
Telephone: 212.908.3944
Facsimile: 212.344.6101
Karim.Sabbidine@ThompsonHine.com
*Counsel for Quantasy & Associates, LLC and*
*William Campbell*

**Paige McDaniel**
5576 Alexanders Lake Rd.
Stockbridge, GA 30281

**Aaron M. Jones** (0096386)
BRENNAN MANNA DIAMOND
250 Civic Center Dr., Suite 300
Columbus, OH 43215
Telephone/Facsimile: 614.500.4206
AMJones@bmdllc.com
*Counsel for Brinson Caleb Silver,*
*Collateral Damage, LLC, and Eclipse*
*Home Design, LLC*

*/s/ William D. Kloss, Jr._____*
William D. Kloss, Jr. (0040854)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio, Eastern Divisic

| | | |
|---|---|---|
| ROOT, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-00512 |
| | ) | |
| BRINSON CALEB SILVER, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
City National Bank
555 S. Flower St., Los Angeles, CA 90071

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Schedule A

| Place: Vorys, Sater, Seymour & Pease LLP | Date and Time: |
|---|---|
| 4675 MacArthur Ct., Suite 700 | |
| Newport Beach, CA 92660 | 03/03/2023 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Root, Inc.
_____ , who issues or requests this subpoena, are:

Grace E. Saalman, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay Street, Columbus, OH 43215  614-464-6203  gesaalman@vorys.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00512

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                           *Server's signature*

                                  _____
                                           *Printed name and title*

                                  _____
                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      "You," "Your," and "Bank" means City National Bank and all of the aforementioned entities' present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents, subsidiaries, or affiliated entities, and any other person or entity acting on City National Bank's behalf.

2.      "Quantasy" means Quantasy & Associates, LLC or any person or entity acting on its behalf.

**3.      "Account" means any City National Bank accounts listed under Quantasy's name or affiliated with Quantasy, including but not limited to the account associated with the statement attached hereto as Exhibit A.**

4.      "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

5.      The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

6.      The term "document," when used herein, is intended to be as comprehensive as the meaning provided in Rule 34, Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control, regardless of where located; including, without limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, work sheets, expense vouchers or receipts, books, magazines, notebooks, work papers,

1

affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, simulations, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, phonograph records, photographs, microfilm, data processing discs or tapes, and computer produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spread sheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1. "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

2. A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

3. "Thing" or "Things" means any tangible item.

4. "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing, summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

2

5.     "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

6.     "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

7.     The plural shall include the singular and the singular shall include the plural.

8.     "And" and "or" as used herein are both conjunctive and disjunctive.

9.     "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10.     "Any" shall be construed to include "all," and "all" shall be construed to include "any."

11.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

12.     Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

## INSTRUCTIONS

13.     Any responsive documents that are no longer in existence must be identified in a list.  For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

3

14.     If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

    a.     Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;

    b.     Specifies the date on which the document was prepared or transmitted;

    c.     Describes the nature of the document (e.g., letter, memorandum, notice, etc.);

    d.     Identifies the subject matter of the document;

    e.     If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

    f.     Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

15.     Electronically stored information should be produced as follows:

    g.     Produce documents as black & white Group IV Tiff images at 300 dpi. Each image is named as the unique Bates number for that page. ESI that cannot render to useable TIFF images (e.g, Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format. Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the document was produced in Native Format. The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

h.      Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

i.      Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

j.      Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k.      Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l.      Produce an Image Cross-Reference File (IPRO or Opticon).

m.      Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent practicable)  (1) beginning Bates number; (2) ending Bates number; (3) beginning

attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian.

Metadata fields:

| BegDoc | RecordType | Received_Date_Time | CC |
|---|---|---|---|
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |

## DOCUMENTS TO BE PRODUCED

1. All Account records (including monthly statements) and documents evidencing all transactions within the Account(s) from January 1, 2020 to present.

2. Records and documents identifying the owners or authorized users of the Account(s) since the opening of the Account(s) to present.

# EXHIBIT A

```
RCVD FROM QUANTASY, LLC              312 S ALAMEDA ST SUITE 102A
SENDER'S DDA # ████2906


TRN REF #: ████████1985
-------------------------------------------------------------------------
        **** MESSAGE ENVELOPE ****             ( Bank : CNB )

                                        SND DATE: 22/04/28
SRC:BTL CALLER:                         EXT:

RPT#       AMT:800,000.00           CUR:USD              TRDR#
TEST: DUE:                      TYP:FTR/1000 FNDS:S CHG:DB:N CD:N COM:N CBL:N
-------------------------------------------------------------------------
DBT D/127402906/                    CDT A/026009593         ADV:FED
DEBIT VAL: 22/04/28                 CREDIT VAL: 22/04/28
DEPT:127                            DEPT:098
QUANTASY, LLC                       BANK OF AMERICA, N.A., NY
312 S ALAMEDA ST SUITE 102A         NEW YORK, NY
LOS ANGELES CA 90013                USA
SNDR REF NUM:3062311                COUNTRY OF RESIDENCY: US
REF NUM:Sports Mktg                 BNF: ████3307          CHG:B BK?N
                                    Collateral Damage LLC
                                    45 S Arroyo Pkwy
                                    Pasadena
                                    POSTAL CODE: 91105
                                    COUNTRY OF RESIDENCY: US


    **** CREDIT PAYMENT MESSAGE TEXT ****

{1510} Type/Subtype Code:
        Type Code:             10 (Transfer of funds)
        Subtype Code:          00 (Regular transfer)

{2000} Amount:                 $800,000.00

{3100} Sending Bank:
        ABA number:            ████████
        Short name:            CY NATL BK LA
        ABA lookup (AUX):      CITY NATIONAL BANK
                               LOS ANGELES, CA

{3320} Sender Reference:       ████████1985

{3400} Receiving Bank:
        ABA number:            ████████
        Short name:            BK AMER NYC
        ABA lookup (REL):      BANK OF AMERICA, N.A., NY
                               NEW YORK, NY
                               USA

{3600} Business Function Code: CTP (Customer transfer plus)

{4200} Beneficiary:            ████3307
                               COLLATERAL DAMAGE LLC
                               45 S ARROYO PKWY
                               PASADENA

{4320} Reference for Beneficiary:   SPORTS MKTG

{5000} Originator:             ████2906
                               QUANTASY, LLC
                               312 S ALAMEDA ST SUITE 102A
```

```
        DDA_POST_01         SEQ #: 10997 28-APR-2022 11:44:15.48 Info: PD
        Memo:                                        ███████████████
        PAYADVQ        DEQ
        PAYADV_LOG         OPRID: $$$PAY  TIME: 28-APR-2022 11:44:15.50
        SYSPRFBAL          PRF_DDA_DBT  AMOUNT: 800000.00    USD
* BEGIN DESTINATION *DST(2), DLV STATE: Q
    RTE: ██████2906/
    DST: CMS/BTL//////
        QUANTASY, LLC
        312 S ALAMEDA ST SUITE 102A
        LOS ANGELES CA 90013
        *DBT_CNF
        BTL_MSGQ        DEQ
        BTL_ACKPNDQ     DEQ
        Memo: >> ██████████████████1985BTL_OUT|*DBT
        BTL_OUT            SEQ #: 12239 28-APR-2022 11:44:23.34 Info:  *DBT
* END DESTINATION
* BEGIN DESTINATION *DST(3), DLV STATE: Q
    RTE: ██████2906/
    DST: CMS/ESM//////
        QUANTASY, LLC
        312 S ALAMEDA ST SUITE 102A
        LOS ANGELES CA 90013
        *DBT_CNF
        ESM_MSGQ        DEQ
        ESM_ACKPNDQ     DEQ
        Memo: █████████████████1985ESM_OUT|*DBT
        ESM_OUT            SEQ #: 11027 28-APR-2022 11:44:29.88 Info:  *DBT
* END DESTINATION
        *FED_GL            SAM_CDT  AMOUNT: 800000.00    USD
* BEGIN DESTINATION *DST(4) ROUTE:█████9593, DLV STATE: D
    RTE: /
    DST: FED//////
        *CDT
        FED_LOQ        DEQ
        FEDOUT_LOG         AMT: 800000.00    TIME: 28-APR-2022 11:44:15.52
        FEDLO_IO_Q     DEQ
        FLASHSND           ABA:██████████   FED REF:████████████1985
                           IMAD:███████████5080
        FEDOUT1            SEQ #: 5080 28-APR-2022 11:44:16.64
        FEDMQOUT1          SEQ #: 5080 28-APR-2022 11:44:16.64 Info: FNPR.FROMDI
.122016066.A1|||||20220428
        FEDPNDSACKQ1   DEQ
        *SYS_MEMO          FED/ACK -- 2022/04/28 0000000011:0000000044
* END DESTINATION
        ABA_INDEX          KEY:█████████
        DDA_BACKEND        TEXT:██████████1985 AMOUNT: 800000.00   USD
        GL_BACKEND         TEXT:██████████1985 AMOUNT: 800000.00   USD
        BTL_MSGQ        DEQ
        BTL_ACKPNDQ     DEQ
        Memo:██████████████████1985BTL_OUT|*DLV
        BTL_OUT            SEQ #: 12240 28-APR-2022 11:44:23.34 Info:  *DLV
```

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio, Eastern Divisic

| | | |
|---|---|---|
| ROOT, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-00512 |
| | ) | |
| BRINSON CALEB SIVLER, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bank of America, N.A.
c/o CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Vorys, Sater, Seymour & Pease LLP | Date and Time: |
|---|---|
| 4675 MacArthur Ct., Suite 700 | |
| Newport Beach, CA 92660 | 03/03/2023 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/17/2023

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Root, Inc. , who issues or requests this subpoena, are:

Grace E. Saalman, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay Street, Columbus, OH 43215 (614) 464-6203 gesaalman@vorys.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00512

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

1.      "You," "Your," and "Bank" means Bank of America and all of the aforementioned entities' present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents, subsidiaries, or affiliated entities, and any other person or entity acting on Bank of America's behalf.

2.      "Silver" means Brinson Caleb "BC" Silver or any person or entity acting on his behalf.

**3.      "Account" means any Bank of America accounts under Silver's name or affiliated with Silver, including but not limited to the account with the following information:**

    **a.   Account Number:** ███████3853

    **b.   Routing Number:** █████4808

4.      "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

5.      The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

6.      The term "document," when used herein, is intended to be as comprehensive as the meaning provided in Rule 34, Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control, regardless of where located; including, without limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, work sheets, expense vouchers or receipts, books, magazines, notebooks, work papers,

1

affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, simulations, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, phonograph records, photographs, microfilm, data processing discs or tapes, and computer produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spread sheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1.     "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

2.     A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

3.     "Thing" or "Things" means any tangible item.

4.     "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing, summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5.      "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

6.      "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

7.      The plural shall include the singular and the singular shall include the plural.

8.      "And" and "or" as used herein are both conjunctive and disjunctive.

9.      "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10.     "Any" shall be construed to include "all," and "all" shall be construed to include "any."

11.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

12.     Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

## INSTRUCTIONS

13.     Any responsive documents that are no longer in existence must be identified in a list.  For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

14.     If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

    a.     Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;

    b.     Specifies the date on which the document was prepared or transmitted;

    c.     Describes the nature of the document (e.g., letter, memorandum, notice, etc.);

    d.     Identifies the subject matter of the document;

    e.     If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

    f.     Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

15.     Electronically stored information should be produced as follows:

    g.     Produce documents as black & white Group IV Tiff images at 300 dpi. Each image is named as the unique Bates number for that page. ESI that cannot render to useable TIFF images (e.g, Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format. Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the document was produced in Native Format. The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

h.    Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

i.    Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

j.    Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k.    Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l.    Produce an Image Cross-Reference File (IPRO or Opticon).

m.    Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent practicable)  (1) beginning Bates number; (2) ending Bates number; (3) beginning

attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian.

Metadata fields:

| BegDoc | RecordType | Received_Date_Time | CC |
|---|---|---|---|
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |

## DOCUMENTS TO BE PRODUCED

1. All Account records (including monthly statements) and documents evidencing all transactions within the Account(s) from January 1, 2020 to present.

2. Records and documents identifying the owners or authorized users of the Account(s) since the opening of the Account(s) to present.

6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio, Eastern Divisio

| | | |
|---|---|---|
| ROOT, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-00512 |
| | ) | |
| BRINSON CALEB SILVER, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Bank of America, N.A.
c/o CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Schedule A

| Place: Vorys, Sater, Seymour & Pease LLP<br>4675 MacArthur Ct., Suite 700<br>Newport Beach, CA 92660 | Date and Time:<br>03/03/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Grace Saalman* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Root, Inc.
, who issues or requests this subpoena, are:

Grace E. Saalman, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay Street, Columbus, OH 43215 (614) 464-6203 gesaalman@vorys.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00512

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                       *Server's signature*

                                                       _____
                                                       *Printed name and title*

                                                       _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

1.      "You," "Your," and "Bank" means Bank of America and all of the aforementioned entities' present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents, subsidiaries, or affiliated entities, and any other person or entity acting on Bank of America's behalf.

2.       "Collateral Damage" means Collateral Damage, LLC or any person or entity acting on its behalf.

**3.      "Account" means any Bank of America accounts associated or listed with Collateral Damage, including but not limited to the account with the following information:**

    **a.  Account Number:** ████████3307

    **b.  Routing Number:** ██████0358 (paper and electronic), ██████9593 (wires)

    **c.  Known Address of Business: Bank of America, 12316 W. Washington Blvd Los Angeles, CA 90066**

4.       "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

5.      The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

6.      The term "document," when used herein, is intended to be as comprehensive as the meaning provided in Rule 34, Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control, regardless of where located; including, without

1

limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, work sheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, simulations, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, phonograph records, photographs, microfilm, data processing discs or tapes, and computer produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spread sheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1.     "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

2.     A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

3.     "Thing" or "Things" means any tangible item.

4.     "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing,

summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5.     "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

6.     "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

7.     The plural shall include the singular and the singular shall include the plural.

8.     "And" and "or" as used herein are both conjunctive and disjunctive.

9.     "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10.     "Any" shall be construed to include "all," and "all" shall be construed to include "any."

11.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

12.     Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

## INSTRUCTIONS

13.     Any responsive documents that are no longer in existence must be identified in a list.  For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify

all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

14.     If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

      a.     Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;

      b.     Specifies the date on which the document was prepared or transmitted;

      c.     Describes the nature of the document (e.g., letter, memorandum, notice, etc.);

      d.     Identifies the subject matter of the document;

      e.     If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

      f.     Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

15.     Electronically stored information should be produced as follows:

      g.     Produce documents as black & white Group IV Tiff images at 300 dpi.  Each image is named as the unique Bates number for that page.  ESI that cannot render to useable TIFF images (e.g, Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format.  Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the

document was produced in Native Format. The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

h.      Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

i.      Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

j.      Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k.      Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l.      Produce an Image Cross-Reference File (IPRO or Opticon).

m.      Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent

practicable) (1) beginning Bates number; (2) ending Bates number; (3) beginning attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian. Metadata fields:

| | | | |
|---|---|---|---|
| BegDoc | RecordType | Received_Date_Time | CC |
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |

## DOCUMENTS TO BE PRODUCED

1.  All Account records (including monthly statements) and documents evidencing all transactions within the Account(s) from January 1, 2020 to present.

2.  Records and documents identifying the owners or authorized users of the Account(s) since the opening of the Account(s) to present.

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio, Eastern Divisic

| | | |
|---|---|---|
| ROOT, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-00512 |
| | ) | |
| BRINSON CALEB SILVER, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
JPMorgan Chase Bank, N.A.
c/o CT Corporation System, 28 Liberty St., New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Vorys, Sater, Seymour & Pease LLP<br>52 E. Gay St.<br>Columbus, OH 43215 | Date and Time:<br><br>03/03/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/17/2023

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

*Grace Saalman*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Root, Inc.
_____ , who issues or requests this subpoena, are:

Grace E. Saalman, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay St., Columbus, OH 43215  614-464-6203 gesaalman@vorys.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00512

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      "You," "Your," and "Bank" means JP Morgan Chase Bank and all of the aforementioned entities' present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents, subsidiaries, or affiliated entities, and any other person or entity acting on your behalf.

2.      "Quantasy" means Quantasy & Associates, LLC or any person or entity acting on its behalf.

**3.      "Account" means any JP Morgan Chase Bank accounts listed under Quantasy's name or affiliated with Quantasy, including but not limited to the account with the following information:**

      **a.   Account Holder: Quantasy & Associates, LLC**

      **b.   Account Number: █████6570**

      **c.   Routing Number: █████1627**

4.      "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

5.      The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

6.      The term "document," when used herein, is intended to be as comprehensive as the meaning provided in Rule 34, Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control, regardless of where located; including, without

1

limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, work sheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, simulations, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, phonograph records, photographs, microfilm, data processing discs or tapes, and computer produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spread sheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1.     "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

2.     A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

3.     "Thing" or "Things" means any tangible item.

4.     "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing,

summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5.     "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

6.     "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

7.     The plural shall include the singular and the singular shall include the plural.

8.     "And" and "or" as used herein are both conjunctive and disjunctive.

9.     "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10.     "Any" shall be construed to include "all," and "all" shall be construed to include "any."

11.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

12.     Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

**INSTRUCTIONS**

13.     Any responsive documents that are no longer in existence must be identified in a list.  For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify

3

all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

14. If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

a. Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;

b. Specifies the date on which the document was prepared or transmitted;

c. Describes the nature of the document (e.g., letter, memorandum, notice, etc.);

d. Identifies the subject matter of the document;

e. If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

f. Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

15. Electronically stored information should be produced as follows:

g. Produce documents as black & white Group IV Tiff images at 300 dpi. Each image is named as the unique Bates number for that page. ESI that cannot render to useable TIFF images (e.g, Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format. Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the

document was produced in Native Format. The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

h. Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

i. Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

j. Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k. Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l. Produce an Image Cross-Reference File (IPRO or Opticon).

m. Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent

practicable)  (1) beginning Bates number; (2) ending Bates number; (3) beginning attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian. Metadata fields:

| BegDoc | RecordType | Received_Date_Time | CC |
|---|---|---|---|
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |


## DOCUMENTS TO BE PRODUCED

1.  All Account records (including monthly statements) and documents evidencing all transactions within the Account(s) from January 1, 2020 to present.

2.  Records and documents identifying the owners or authorized users of the Account(s) since the opening of the Account(s) to present.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio, Eastern Divisic

| | | |
|---|---|---|
| ROOT, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    2:23-cv-00512 |
| | ) | |
| BRINSON CALEB SILVER, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                     Bank of America, N.A.
           c/o CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          See attached Schedule A

| Place: Vorys, Sater, Seymour & Pease LLP<br>      4675 MacArthur Ct., Suite 700<br>      Newport Beach, CA 92660 | Date and Time:<br>           03/03/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Grace Saalman* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Root, Inc.
                                             , who issues or requests this subpoena, are:
Grace E. Saalman, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay Street, Columbus, OH 43215   (614) 464-6203   gesaalman@vorys.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00512

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

1.     "You," "Your," and "Bank" means Bank of America and all of the aforementioned entities' present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents, subsidiaries, or affiliated entities, and any other person or entity acting on Bank of America's behalf.

2.     "Collateral Damage" means Collateral Damage, LLC or any person or entity acting on its behalf.

3.     **"Account" means any Bank of America accounts associated or listed with Collateral Damage, including but not limited to the account with the following information:**

    a.  **Account Number:** ▮▮▮▮**3307**

    b.  **Routing Number:** ▮▮▮**0358 (paper and electronic),** ▮▮▮**9593 (wires)**

    c.  **Known Address of Business: Bank of America, 12316 W. Washington Blvd Los Angeles, CA 90066**

4.     "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

5.     The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

6.     The term "document," when used herein, is intended to be as comprehensive as the meaning provided in Rule 34, Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control, regardless of where located; including, without

1

limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, work sheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, simulations, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, phonograph records, photographs, microfilm, data processing discs or tapes, and computer produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spread sheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1. "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

2. A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

3. "Thing" or "Things" means any tangible item.

4. "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing,

2

summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5.    "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

6.    "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

7.    The plural shall include the singular and the singular shall include the plural.

8.    "And" and "or" as used herein are both conjunctive and disjunctive.

9.    "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10.    "Any" shall be construed to include "all," and "all" shall be construed to include "any."

11.    The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

12.    Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

## INSTRUCTIONS

13.    Any responsive documents that are no longer in existence must be identified in a list. For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify

3

all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

14.    If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

   a.    Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;

   b.    Specifies the date on which the document was prepared or transmitted;

   c.    Describes the nature of the document (e.g., letter, memorandum, notice, etc.);

   d.    Identifies the subject matter of the document;

   e.    If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

   f.    Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

15.    Electronically stored information should be produced as follows:

   g.    Produce documents as black & white Group IV Tiff images at 300 dpi. Each image is named as the unique Bates number for that page. ESI that cannot render to useable TIFF images (e.g, Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format. Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the

4

document was produced in Native Format. The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

h.     Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

i.     Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

j.     Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k.     Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l.     Produce an Image Cross-Reference File (IPRO or Opticon).

m.     Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent

practicable) (1) beginning Bates number; (2) ending Bates number; (3) beginning attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian.

Metadata fields:

| | | | |
|---|---|---|---|
| BegDoc | RecordType | Received_Date_Time | CC |
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |

## DOCUMENTS TO BE PRODUCED

1. All Account records (including monthly statements) and documents evidencing all transactions within the Account(s) from January 1, 2020 to present.

2. Records and documents identifying the owners or authorized users of the Account(s) since the opening of the Account(s) to present.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio, Eastern Divisic

| | | |
|---|---|---|
| ROOT, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-00512 |
| BRINSON CALEB SILVER, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
City National Bank
555 S. Flower St., Los Angeles, CA 90071

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Vorys, Sater, Seymour & Pease LLP<br>4675 MacArthur Ct., Suite 700<br>Newport Beach, CA 92660 | Date and Time:<br><br>03/03/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/17/2023

| *CLERK OF COURT* | OR | *Grace Saalman* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Root, Inc.
, who issues or requests this subpoena, are:

Grace E. Saalman, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay Street, Columbus, OH 43215  614-464-6203  gesaalman@vorys.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02-14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00512

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.     "You," "Your," and "Bank" means City National Bank and all of the aforementioned entities' present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents, subsidiaries, or affiliated entities, and any other person or entity acting on City National Bank's behalf.

2.     "Quantasy" means Quantasy & Associates, LLC or any person or entity acting on its behalf.

**3.     "Account" means any City National Bank accounts listed under Quantasy's name or affiliated with Quantasy, including but not limited to the account associated with the statement attached hereto as Exhibit A.**

4.     "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

5.     The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

6.     The term "document," when used herein, is intended to be as comprehensive as the meaning provided in Rule 34, Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control, regardless of where located; including, without limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, work sheets, expense vouchers or receipts, books, magazines, notebooks, work papers,

1

affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, simulations, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, phonograph records, photographs, microfilm, data processing discs or tapes, and computer produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spread sheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1.     "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

2.     A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

3.     "Thing" or "Things" means any tangible item.

4.     "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing, summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5. "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

6. "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

7. The plural shall include the singular and the singular shall include the plural.

8. "And" and "or" as used herein are both conjunctive and disjunctive.

9. "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10. "Any" shall be construed to include "all," and "all" shall be construed to include "any."

11. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

12. Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

## INSTRUCTIONS

13. Any responsive documents that are no longer in existence must be identified in a list. For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

14.     If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

     a.     Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;

     b.     Specifies the date on which the document was prepared or transmitted;

     c.     Describes the nature of the document (e.g., letter, memorandum, notice, etc.);

     d.     Identifies the subject matter of the document;

     e.     If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

     f.     Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

15.     Electronically stored information should be produced as follows:

     g.     Produce documents as black & white Group IV Tiff images at 300 dpi. Each image is named as the unique Bates number for that page. ESI that cannot render to useable TIFF images (e.g, Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format.  Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the document was produced in Native Format.  The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

4

h.     Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

i.     Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

j.     Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k.     Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l.     Produce an Image Cross-Reference File (IPRO or Opticon).

m.     Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent practicable) (1) beginning Bates number; (2) ending Bates number; (3) beginning

attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian.

Metadata fields:

| BegDoc | RecordType | Received_Date_Time | CC |
|---|---|---|---|
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |

## DOCUMENTS TO BE PRODUCED

1. All Account records (including monthly statements) and documents evidencing all transactions within the Account(s) from January 1, 2020 to present.

2. Records and documents identifying the owners or authorized users of the Account(s) since the opening of the Account(s) to present.

# EXHIBIT A

‹ ‹ ‹ Money Transfer System › › ›

```
RCVD FROM QUANTASY, LLC          312 S ALAMEDA ST SUITE 102A
SENDER'S DDA #  ███████

TRN REF #: ███████████1985
-------------------------------------------------------------
     **** MESSAGE ENVELOPE ****           ( Bank : CNB )

                                SND DATE: 22/04/28
SRC:BTL CALLER:                 EXT:

RPT#       AMT:800,000.00        CUR:USD          TRDR#
TEST: DUE:              TYP:FTR/1000 FNDS:S CHG:DB:N CD:N COM:N CBL:N
-------------------------------------------------------------
DBT ██████2906/               CDT ██████9593         ADV:FED
DEBIT VAL: 22/04/28           CREDIT VAL: 22/04/28
DEPT:127                      DEPT:098
QUANTASY, LLC                 BANK OF AMERICA, N.A., NY
312 S ALAMEDA ST SUITE 102A   NEW YORK, NY
LOS ANGELES CA 90013          USA
SNDR REF NUM:██████           COUNTRY OF RESIDENCY: US
REF NUM:Sports Mktg           BNF: ██████3307        CHG:B BK?N
                              Collateral Damage LLC
                              45 S Arroyo Pkwy
                              Pasadena
                              POSTAL CODE: 91105
                              COUNTRY OF RESIDENCY: US


     **** CREDIT PAYMENT MESSAGE TEXT ****

{1510} Type/Subtype Code:
        Type Code:           10 (Transfer of funds)
        Subtype Code:        00 (Regular transfer)

{2000} Amount:               $800,000.00

{3100} Sending Bank:
        ABA number:          ████████
        Short name:          CY NATL BK LA
        ABA lookup (AUX):    CITY NATIONAL BANK
                             LOS ANGELES, CA

{3320} Sender Reference:     ██████████1985

{3400} Receiving Bank:
        ABA number:          ████████
        Short name:          BK AMER NYC
        ABA lookup (REL):    BANK OF AMERICA, N.A., NY
                             NEW YORK, NY
                             USA

{3600} Business Function Code:  CTP (Customer transfer plus)

{4200} Beneficiary:          ████████3307
                             COLLATERAL DAMAGE LLC
                             45 S ARROYO PKWY
                             PASADENA

{4320} Reference for Beneficiary:  SPORTS MKTG

{5000} Originator:           ████████2906
                             QUANTASY, LLC
                             312 S ALAMEDA ST SUITE 102A
```

```
         DDA_POST_01          SEQ #: 10997 28-APR-2022 11:44:15.48 Info: PD
         Memo: Dbt posted - tc: ██████████████0001||
         PAYADVQ           DEQ
         PAYADV_LOG        OPRID: $$$PAY  TIME: 28-APR-2022 11:44:15.50
         SYSPRFBAL         PRF_DDA_DBT  AMOUNT: 800000.00   USD
* BEGIN DESTINATION *DST(2), DLV STATE: Q
      RTE: ████2906/
      DST: CMS/BTL//////
         QUANTASY, LLC
         312 S ALAMEDA ST SUITE 102A
         LOS ANGELES CA 90013
         *DBT_CNF
         BTL_MSGQ          DEQ
         BTL_ACKPNDQ       DEQ
         Memo: ██████████████████1985BTL_OUT|*DBT
         BTL_OUT            SEQ #: 12239 28-APR-2022 11:44:23.34 Info:  *DBT
* END DESTINATION
* BEGIN DESTINATION *DST(3), DLV STATE: Q
      RTE: ████2906/
      DST: CMS/ESM//////
         QUANTASY, LLC
         312 S ALAMEDA ST SUITE 102A
         LOS ANGELES CA 90013
         *DBT_CNF
         ESM_MSGQ          DEQ
         ESM_ACKPNDQ       DEQ
         Memo: ██████████████████1985ESM_OUT|*DBT
         ESM_OUT            SEQ #: 11027 28-APR-2022 11:44:29.88 Info:  *DBT
* END DESTINATION
         *FED_GL           SAM_CDT  AMOUNT: 800000.00   USD
* BEGIN DESTINATION *DST(4) ROUTE:026009593, DLV STATE: D
      RTE: /
      DST: FED///////
         *CDT
         FED_LOQ           DEQ
         FEDOUT_LOG        AMT: 800000.00   TIME: 28-APR-2022 11:44:15.52
         FEDLO_10_Q        DEQ
         FLASHSND          ABA: ██████ FED REF: █████████1985
                           IMAD: ███████5080
         FEDOUT1           SEQ #: 5080 28-APR-2022 11:44:16.64
         FEDMQOUT1         SEQ #: 5080 28-APR-2022 11:44:16.64 Info: FNPR.FROMDI
.122016066.A1||||20220428
         FEDPNDSACKQ1      DEQ
         *SYS_MEMO         FED/ACK -- ████████████████0044
* END DESTINATION
         ABA_INDEX         KEY: ████████
         DDA_BACKEND       TEXT: ████████1985  AMOUNT: 800000.00   USD
         GL_BACKEND        TEXT: ████████1985  AMOUNT: 800000.00   USD
         BTL_MSGQ          DEQ
         BTL_ACKPNDQ       DEQ
         Memo: ██████████████████1985BTL_OUT|*DLV
         BTL_OUT            SEQ #: 12240 28-APR-2022 11:44:23.34 Info:  *DLV
```

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio, Eastern Divisic

| | |
|---|---|
| ROOT, INC., et al.,<br>*Plaintiff*<br>v.<br>BRINSON CALEB SILVER, et al.,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.   2:23-cv-00512 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                     JPMorgan Chase Bank, N.A.
                     c/o CT Corporation System, 28 Liberty St., New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      See attached Schedule A

| Place: Vorys, Sater, Seymour & Pease LLP<br>      52 E. Gay St.<br>      Columbus, OH 43215 | Date and Time:<br><br>    03/03/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/17/2023

*CLERK OF COURT*

                                  OR     *Grace Saalman*

       *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Root, Inc.
                                      , who issues or requests this subpoena, are:
Grace E. Saalman, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay St., Columbus, OH 43215  614-464-6203 gesaalman@vorys.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:23-cv-00512

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      "You," "Your," and "Bank" means JP Morgan Chase Bank and all of the aforementioned entities' present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents, subsidiaries, or affiliated entities, and any other person or entity acting on your behalf.

2.      "Quantasy" means Quantasy & Associates, LLC or any person or entity acting on its behalf.

3.      **"Account" means any JP Morgan Chase Bank accounts listed under Quantasy's name or affiliated with Quantasy, including but not limited to the account with the following information:**

   a.   **Account Holder: Quantasy & Associates, LLC**

   b.   **Account Number:** ███ 6570

   c.   **Routing Number:** ███ 1627

4.      "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

5.      The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

6.      The term "document," when used herein, is intended to be as comprehensive as the meaning provided in Rule 34, Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control, regardless of where located; including, without

1

limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, work sheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, agreements, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, simulations, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, phonograph records, photographs, microfilm, data processing discs or tapes, and computer produced interpretations thereof, x-rays, printout sheets, punch cards, instructions, announcements, schedules, spread sheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1.    "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

2.    A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

3.    "Thing" or "Things" means any tangible item.

4.    "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing,

2

summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5. "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

6. "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

7. The plural shall include the singular and the singular shall include the plural.

8. "And" and "or" as used herein are both conjunctive and disjunctive.

9. "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10. "Any" shall be construed to include "all," and "all" shall be construed to include "any."

11. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

12. Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

## INSTRUCTIONS

13. Any responsive documents that are no longer in existence must be identified in a list. For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify

3

all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

14.    If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

   a.    Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;

   b.    Specifies the date on which the document was prepared or transmitted;

   c.    Describes the nature of the document (e.g., letter, memorandum, notice, etc.);

   d.    Identifies the subject matter of the document;

   e.    If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

   f.    Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

15.    Electronically stored information should be produced as follows:

   g.    Produce documents as black & white Group IV Tiff images at 300 dpi. Each image is named as the unique Bates number for that page. ESI that cannot render to useable TIFF images (e.g, Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format. Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the

4

document was produced in Native Format. The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

h.      Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

i.      Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

j.      Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k.      Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l.      Produce an Image Cross-Reference File (IPRO or Opticon).

m.      Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent

5

practicable) (1) beginning Bates number; (2) ending Bates number; (3) beginning attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian.

Metadata fields:

| | | | |
|---|---|---|---|
| BegDoc | RecordType | Received_Date_Time | CC |
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |

## DOCUMENTS TO BE PRODUCED

1. All Account records (including monthly statements) and documents evidencing all transactions within the Account(s) from January 1, 2020 to present.

2. Records and documents identifying the owners or authorized users of the Account(s) since the opening of the Account(s) to present.