# EXHIBIT D



52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | vorys.com

Founded 1909

William D. Kloss Jr.
Direct Dial   (614) 464-6360
Direct Fax    (614) 464-6360
Email wdklossjr@vorys.com

October 18, 2023

<u>**VIA E-MAIL**</u>
(matt.ridings@thompsonhine.com)

Matthew Ridings, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114

    Re:  *Root, Inc., et al. v. Brinson Caleb Silver, et al.*

Dear Matt:

   Thanks for your letter.  It appears as if we are at an impasse on the following topics:

   (1) <u>Quantasy's claim that it cannot identify what work Collateral Damage did for Root on the grounds that CD is better equipped to answer</u> – Your objection seems to turn on the term "all."  Let me be clear, the information sought from Quantasy is the identification of all work provided by CD on the Root campaign for which Quantasy was hired by Root.  Quantasy (not Root) hired CD as its subcontractor for the Root campaign; Root knew nothing about CD.  Taking the position that the subcontractor (CD) is better equipped to answer and thus relieves Quantasy of any obligation to answer is meritless.  Root's contract for this work was with Quantasy.  We are entitled to know what Quantasy received from its subcontractor CD for the Root campaign, if anything.  This is especially true given that Quantasy alone received the invoices from CD and Quantasy alone paid CD from Quantasy's bank accounts.  What exactly did Quantasy receive in exchange for the $10M in funds paid to CD from Quantasy's bank accounts related to the Root campaign for which Quantasy had been hired?  In short, we are entitled to know from Quantasy's perspective what CD contributed to the Root campaign, if anything.

   In short, Quantasy's obligation is to provide the information in *Quantasy's* possession, custody, or control.  If Quantasy is able to identify some, but not all, of the work that CD did for Root, it needs to provide that information.  If Quantasy is not able to identify any work that CD did for Root, Quantasy needs to state that.

**VORYS**

Matthew Ridings, Esq.
October 18, 2023
Page 2

(2) <u>Campbell's refusal to produce his personal assets and salary</u> – We contend that Campbell is part of the conspiracy. We are entitled to see what benefit he received from it. That includes, in part, benefits he received through his association with Quantasy, the recipient of over $15M from Root. Like Mr. Silver, we know Mr. Campbell bought a substantial piece of real estate when the Root money was flowing in the door. What else did he acquire?

(3) <u>The Identity of Quantasy & Associates, LLC members</u> – As served the discovery answers from your clients indicate that Quantasy & Associates, LLC was indeed involved. We are entitled to depose other members of Quantasy & Associates, LLC besides Campbell, because of Quantasy & Associates' potential involvement. Even if you dispute its involvement, that is for us to investigate in discovery. Therefore, we must know the identities of all Quantasy & Associate members.

(4) <u>Campbell's refusal to produce any documents</u> – Mr. Campbell claims that he only dealt with Root in his capacity as CEO of Quantasy. However, their communications indicate a far more significant relationship. And Mr. Campbell is a party to this action until the Court says otherwise. It is clear Mr. Campbell had a personal relationship with Silver outside his capacity as CEO of Quantasy. They used texting, WhatsApp, etc. and previously worked together. And those private communications with Silver are absolutely relevant.

If, on the other hand, Mr. Campbell meant to convey in his responses that Campbell has produced all of the responsive documents and communications in his possession, custody, or control, you need to amend the responses to state that. But simply stating that Campbell does not have documents in his "personal capacity" does not satisfy Mr. Campbell's discovery obligations.

We are happy to discuss the issue further if you think there is any room for movement. If not, we will need to schedule a discovery conference with Judge Deavers. Just let us know how you would like to proceed.

Very truly yours,

*Bill Kloss*

William D. Kloss Jr.

WDK/jlm
cc:  Joan Meyer (Joan.Meyer@thompsonhine.com)
     Karim Sabbidine (Karim.Sabbidine@thompsonhine.com)

**VORYS**

Matthew Ridings, Esq.
October 18, 2023
Page 3

     Jamar King (Jamar.King@thompsonhine.com)
     Joshua Epstein (jepstein@dglaw.com)
     Eva M. Jiménez (ejimenez@dglaw.com)
     Grace E. Saalman
     Elizabeth S. Alexander
          *(via email)*