### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ROOT, INC.,** *et al.*

         *Plaintiffs,*

        **v.**

**BRINSON CALEB SILVER,** *et al.***,**

        *Defendants.*

_____

**Case No. 2:23-cv-00512**

**Judge Sarah D. Morrison**

**Magistrate Judge Elizabeth Preston Deavers**

### MOTION TO LIFT LITIGATION INJUNCTION AND
### INCORPORATED MEMORANDUM OF LAW

Non-party, Miami 555 LLC, ("Movant") respectfully seeks an Order lifting the litigation stay entered in this action solely to permit Movant to proceed with foreclosure litigation pending in the Eleventh Judicial Circuit Court in Miami-Dade County, Florida, against one of the defendants in this case, Eclipse Home Design LLC ("Eclipse Home Design").  In support of this motion, the Movant states as follows:

### BACKGROUND

The Movant is the plaintiff in a mortgage foreclosure action now pending in Florida's Eleventh Judicial Circuit Court, Miami-Dade County, captioned *Miami 555 LLC v. Eclipse Home Design LLC, et al.,* case number 2023-015089-CA-1 (the "State Foreclosure Action"),[1] arising from Movant's first mortgage senior lien.  The Movant's claims in the State Foreclosure Action arise from a loan made to Eclipse Home Design on June 24, 2022, in the amount of $2,275,000.00, accruing at a per annum interest rate of 18% in the event of a default, secured by a mortgage

---

[1] A true and correct copy of the verified Complaint in the State Foreclosure Action is attached as *Exhibi***t A.**

encumbering property located at 9125 North Bay Shore Drive, Miami, Florida 33138 (the "Property").  The Property has an estimated value of $2,919,176[2] which is well short of the total amount owed under the loan for principle, default interest accrual, taxes, insurance, transaction costs, attorney's fees, and expenses.  On December 1, 2022, Eclipse Home Design defaulted under the terms of the loan by failing to remit payment.  The Movant initiated the State Foreclosure Action by filing its complaint on April 11, 2023.

After the State Foreclosure Action was already pending on May 17, 2023, this Court entered an order [DE 101] (the "Litigation Injunction Order") appointing Jerry E. Peer, Jr. ("Receiver") as the receiver over receivership assets, which was defined as specifically including the Property.  In addition to appointing a receiver, the Litigation Injunction Order states "[i]n order for the Receiver to effectively manage, protect and preserve the Receivership Property and for all creditors . . . hereby are, enjoined and stayed from commencing or continuing any action at law or proceeding in equity to enforce any claim or foreclose any liens against the Receivership property or against the Receiver in any court . . . and from doing any and all things whatsoever to interfere with the Receiver in the discharge this duties in this proceeding with exclusive jurisdiction of this Court over the Receivership Property and the Receiver." [DE 101 at p. 11, ¶ 5].  Notwithstanding, the Litigation Injunction Order seems to take into account that there was the then pending State Foreclosure Action, as it also states the "Receiver is authorized but not required to defend actions against the Property . . ." [DE 101 at p. 10, ¶ m].

---

[2] A true and correct copy of the Miami-Dade County Property Appraiser's value estimate for the property is attached as **Exhibit B**.

Relying on the Litigation Injunction Order, the Receiver filed a motion to stay the State Foreclosure Action[3] without intervening in the proceedings.  The Receiver's motion to stay was then granted out of deference to this Court by the Miami-Dade circuit court judge on October 5, 2023, despite opposition by the Movant.[4]  Accordingly, it is unlikely that the Miami-Dade County circuit court judge will lift the stay absent an Order from this Court clarifying that the State Foreclosure Action was not contemplated by this Court's Litigation Injunction Order as an action subject to a stay, and/or lifting the litigation injunction as to the State Foreclosure Action.

## ARGUMENT

### a. The Litigation Injunction Order runs afoul of the Anti-Injunction Act

The Anti-Injunction Act states in full:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. 2283.  The Anti-Injunction Act is a "necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts" and "represents Congress' considered judgment as to how to balance the tensions inherent in such a system." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (internal quotations omitted). Accordingly, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id*.

"The Supreme Court has, on several occasions, recognized that the Anti–Injunction Act creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions.'" *Martingale LLC v. City of Louisville*,

---

[3] A true and correct copy of the Receiver's motion to stay the State Foreclosure Action is attached as **Exhibit C**.

[4] A true and correct copy of the Order granting the Receiver's motion to stay the State Foreclosure Action is attached as **Exhibit D**.

361 F.3d 297, 302 (6th Cir. 2004) (quoting *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 286–87, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970)).  "These three exceptions, embedded within the statute's text, permit injunctions against state court proceedings (1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Id*.  "Once the Anti–Injunction defense is raised, the party pursuing the injunction bears the burden of establishing that the injunction falls within one of the exceptions." *Leavell v. Wells Fargo Bank, N.A.*, 08-15278, 2009 WL 1439915, at \*4 (E.D. Mich. May 19, 2009).

Irrefutably, Congress has not expressly authorized injunctions against state courts regarding mortgage foreclosures.  Therefore, the first exception does not apply.  The third exception, which authorizes a federal court to "protect or effectuate its judgments" is just as summarily dismissible, as a judgment has not yet been entered in this case.  *See Silcox v. United Trucking Serv., Inc.*, 687 F.2d 848, 850 (6th Cir. 1982) ("federal courts may enjoin the relitigation in state court of issues that federal courts have fully and finally adjudicated").  Accordingly, only the second exception could arguably apply.

As a rule, the second exception applies in "only two scenarios: where the case is removed from the state court, and where the federal court acquires *in rem* or *quasi in rem* jurisdiction over a case involving real property *before* the state court does." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004).  Therefore, even under the second exception, "the Anti Injunction Act prohibits federal courts from issuing injunctions against state court proceedings commenced after the institution of the federal suit but before the injunction was issued." *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 941 (6th Cir. 2002) (internal quotations omitted).  Other district courts within the Sixth Circuit have applied this

rule in the specific context of a receivership.  *See Liberte Capital Group v. Capwill*, 5:99 CV 818, 2003 WL 27396084, at *3 (N.D. Ohio Feb. 3, 2003) (enjoining a state foreclosure action specifically because the federal court was initiated before the state action).

There is no question that the State Foreclosure Action was pending at the time that the Litigation Injunction Order was entered.  Therefore, the Litigation Injunction Order cannot be used as a basis to enjoin the State Foreclosure Action.  This Court should enter an order either clarifying that the State Foreclosure Action is not subject to the Litigation Injunction and/or lifting the litigation injunction as to the State Foreclosure Action.

**b.  The Stay Should Be Lifted on the Merits**

In determining whether to lift a litigation stay, a court should consider "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *SEC v. Stanford Int'l Bank Ltd.*, 424 Fed. Appx 338, 341 (5th Cir. 2011) (quoting *SEC v. Wencke, 742 F. 2d 1230, 1231 (9th Cir. 1984)); see also SEC v. Provident Royalties, Civ. A. No. 3:09-CV-1238-L, 2011 U.S. Dist. LEXIS 74304 at *6-14 (N.D. Tex. July 7, 2011)* (when balancing the movant's interest in lifting a stay, the Court should consider "whether the moving party will suffer substantial injury if not allowed to proceed").  Because not lifting the stay would not preserve the status quo and would only prejudice the Movant on its valid and meritorious foreclosure claim, the litigation injunction as to the State Foreclosure Action should be lifted.

First, the stay is not necessary to preserve the status quo.  It is not reasonably in dispute that the note and mortgage encumbering the Property represents a valid debt or that the amount owed is substantially more than the value of the Property.  The Receiver has not moved to intervene

in the State Foreclosure Action and has no ability to seize or attach any recovery in that action, and presumably recognizes the lack of incentive to defend. By contrast, the Movant will suffer substantial prejudice if not permitted to proceed. See *United States v. JHW Greentree Capital LP*, Civ. Action No. 3:12-CV-00116, 2014 U.S. Dist. LEXIS 203206, at *13-14 (D. Conn. May 16, 2014) (lifting stay of litigation where movant was prejudiced by its inability to prosecute breach of contract and fraud claims against a small asset that was indirectly owned by receivership entity, and where neither the receiver nor the estate were or would be parties to the movant's action).

Second, even assuming the Receiver could attach the proceeds of the foreclosure litigation (and he cannot), the Receiver has had more than ample time to investigate the claim and to intervene to assert an interest, but he has not done so. Indeed, the State Foreclosure Action was commenced over seven months ago. Yet, the Receiver has not intervened in the State Foreclosure Action, despite having participated in the proceedings by moving for the stay.

Finally, the Movant's claims in the State Foreclosure Action has overwhelming merit, and the Receiver has not asserted anything to the contrary; nor could he. *See JHW, supra* at *24. (in determining whether the underlying claims of a movant seeking to lift a stay have merit, a Court need only decide if the claims are "colorable"). In this regard, the Movant is being prevented from seeking redress for the harm caused to it by Eclipse Home Design's loan default, when such redress will not cause any harm to the receivership estate.

In fact, permitting the State Foreclosure Action to proceed may benefit the receivership estate to the extent any recovery in that action may compensate the Movant, in whole or in part, and thereby reduce any claims it may have to be compensated through the receivership estate as a creditor.

## CONCLUSION

For the foregoing reasons, the non-party Movant, Miami 555 LLC, respectfully requests that the Court enter an Order (i) either clarifying that the stay of litigation does not apply to the State Foreclosure Action or expressly lifting the stay to permit the State Foreclosure Action to proceed, and (ii) granting such further relief as the Court deems just and proper.

**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100

By*: /s/ Alexis Fields admission pro hac vice*
*pending*
ALEXIS FIELDS
Florida Bar Number: 95953
Fields@kolawyers.com

and

/s/ James R. Leickly
James R. Leickly        (0038309)
Trial Attorney
400 South Fifth Street, Suite 200
Columbus, Ohio 43215
(614) 329-0133; (614) 221-3885 (Facsimile)
James@Leicklylaw.com

Attorneys for Movant

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, a true and accurate copy of the foregoing was filed electronically. Notice of this filing has been sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

A copy was also sent by ordinary U.S. Mail, postage prepaid, to the following:

Paige McDaniel
5576 Alexanders Lake Road
Stockbridge, GA 30281

By*: /s/ Alexis Fields*
ALEXIS FIELDS