IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROOT, INC.** *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | Judge Sarah D. Morrison |
| | ) | |
| *v.* | ) | Magistrate Judge Elizabeth Preston Deavers |
| | ) | |
| Brinson Caleb "BC" **SILVER**, *et al.* | ) | Case No. 2:23-cv-00512 |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM IN OPPOSITION TO NON-PARTY, MIAMI 555 LLC'S *MOTION TO LIFT LITIGATION INJUNCTION AND INCORPORATED MEMORANDUM OF LAW*

Now comes Jerry E. Peer, Jr., ("Receiver"), by and through his undersigned counsel, and hereby submits this Memorandum in Opposition to Non-party Miami 555, LLC's Motion to Lift Litigation Injunction. For each of the reasons set forth herein as well as those set forth in Plaintiff's Memorandum in Opposition to Non-party Miami 555, LLC's Motion to Lift Litigation Injunction, being filed contemporaneously with the Memorandum and incorporated herein by reference, this Court should deny Miami 555, LLC's Motion.

## I.    INTRODUCTION

As this Court is well-aware, Defendant, Brinson Caleb "BC" Silver, used proceeds from an extensive fraudulent scheme to purchase, among other things, the following four, high end properties in Florida and California:[1]

- 13105 Biscayne Island Ter., Miami Shores, Florida 33181;
- 19803 Vista Del Otero, Ramona, California 92065;
- 2543 Walnut Ave., Venice, California 90291; and
- 9125 North Bayshore Dr., Miami Shores, Florida 33138

---

[1] Mr. Silver has acknowledged his fraudulent scheme through a plea agreement he signed on November 15, 2023 and filed in Case No. 2:23-cr-00201 as ECF 41 now pending before Judge Sargus.

As a result of Silver's actions and for other reasons stated in the pleadings and previous findings of this Court, Receiver was appointed over all monetary and real property assets of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC ("Receivership Estate").

Since Receiver's appointment, he has taken possession and control of the real estate of Defendant located at 9125 North Bayshore Dr., Miami Shores, Florida 33138 ("Property"). In addition, Receiver has taken action and incurred expense in order to preserve and protect the Property so as to maximize value for the Receivership Estate in an effort to satisfy the secured claims and allow Plaintiff, Root Inc. to recover its damages, at least in part. These efforts include engaging a property manager, changing the locks at the Property and engaging a property maintenance company to ensure it remains in compliance with local code. Receiver has also engaged in extensive negotiations with the general contractor, Kabco Kitchens, LLC, which previously performed labor and provided materials for the renovations that were planned prior to Receiver's appointment. As outlined in Receiver's prior interim reports, it is Receiver's intention to sell the Property but has delayed doing so as he has been collecting information to make a determination as to whether it should be sold "as is" or renovations should first be completed in order to net the highest recovery from the sale of the Property.

Similar to the Property, Receiver has already sold the Biscayne Island Terrace and the Vista Del Otero[2] properties for amounts that exceed any delinquency on the underlying mortgages. Receiver anticipates similar outcomes for the sale of the remaining properties. It is Receiver's responsibility and intention to do the same with the Property that is the subject of Miami 555,

---

[2] The Vista Del Otero property sold at a private sale auction with a high bid of $1,360,300 and a final purchase price of $1,496,330 (*See* ECF 177) while the outstanding loan amount is estimated to be less than $1.25M. Closing on this property is tentatively scheduled for December 8, 2023.

LLC's ("Miami 555") *Motion to Lift Litigation Injunction and Incorporated Memorandum of Law* (the "Motion").

In spite of these efforts, non-party Miami 555 has filed its Motion seeking to interfere with Receiver's efforts to properly administer and conduct a public or private sale of the Property, thereby maximizing a return for the Receivership Estate. As detailed further below, Miami 555 has made patently false allegations and baseless legal arguments in an effort to persuade this Court to allow it to proceed with its foreclosure action against the Property. Allowing the Property to proceed to foreclosure and be sold at a distressed Sheriff's sale will allow Miami 555 to credit bid the property resulting in no monetary gain for the Receivership Estate and a substantial windfall for Miami 555.

II.     **LAW AND ARGUMENT**

A.     **The Fair Market Value Of The North Bayshore Drive Property Exceeds The Balance Of The Loan.**

It is undisputed that a county auditor's valuation of property indicates an amount that is less than market value. In spite of this, using Miami-Dade County Property Appraiser's valuation, Miami 555 has claimed that "[t]he Property has an estimated value of $2,919,176 which is well short of the total amount owed under the loan . . ." and "[i]t is not reasonably in dispute that the note and mortgage encumbering the Property represents a valid debt *or that the amount owed is substantially more than the value of the Property*." *Motion*, at Pg. 2 and Pg. 5 (*emphasis added*). These statements are both false and misleading and contradicted by previous sworn statements made by Miami 555's own authorized representative.

Through Yonel Devico, the company's authorized representative, Miami 555 prepared an affidavit of indebtedness stating that as of June 10, 2023, the outstanding balance on the loan was $2,630,103.15 and the per diem interest was $1,137.50. *See* **Exhibit A**, Pg. 5. Applying the per

diem interest to 180 days to establish a current estimate of indebtedness would yield an additional $204,750 for a total of approximately $2,834,853.15. Even assuming the Miami-Dade County Appraiser's valuation is market value (which it is not, as detailed below) this amount is still leaves equity in and is anything but substantially more than the value of the Property as claimed by Miami 555. Consequently, Miami 555's own authorized representative patently contradicts factual claims it currently makes in its Motion.

Additionally, as detailed in Receiver's *Motion of Receiver, Jerry E. Peer, Jr., to Employ Serhant and Marco Tiné as Real Estate Broker* filed with this Court on November 1, 2023 (ECF 178), Receiver has engaged a real estate broker to market and sell the Property in its fully renovated condition. As detailed in the *Exclusive Right of Sale Listing Agreement*, the Property would be offered for sale, in a fully renovated condition, for $5.5 million — far more than the $2,919,176 figure Miami 555 claims. The listing agreement notes that "the listing price may be reduced to $3.9 million prior to the commencement of property renovation." In any case, the value of the Property, either in its fully renovated or unrenovated condition, far exceeds the value claimed by Miami 555. There is no question that substantial equity remains in the Property, which after an appropriate arm's length sale for fair market value, would yield considerable proceeds for the Receivership Estate and ultimately Root, while at the same time satisfying the entire balance due and owing to Miami 555.

Furthermore, a more accurate current valuation of the Property is achieved by a comparison of recent sales in the vicinity. Attached for this Court's consideration is an Affidavit of realtor, Marco Tiné, and the associated comparative market analysis of the Property as to its current valuation. *See* **Exhibit B**. As can be seen, and without repeating the statements in his affidavit, Mr. Tiné confirms that the value of the Property far exceeds the amount of the loan balance, insofar as the current, unrenovated value of the Property is estimated to be $3.9 million, and the fully

renovated value of the property is estimated to be $5.5 million.  Without a doubt, the equity currently remaining in the Property far exceeds any claimed balance owed to Miami 555 under the Note – even with its usurious prepayment penalty in excess of $113,000.

**B.** **Allowing The North Bayshore Drive Property To Proceed To Foreclosure Will Cripple Receiver's Ability To Make The Receivership Estate And Root Whole.**

Miami 555's Motion is a veiled attempt to claim a windfall far beyond the generous and excessive default interest and prepayment penalty set forth in the Note.  Again, enough equity remains for Miami 555 to be paid in full, and yet it remains steadfast in its attempts to move forward with its foreclosure action, seeking authorization from this Court to do so.  Were this Court to grant Miami 555's Motion, it would then proceed to foreclose on the Property and initiate a distressed Sheriff sale.  This would create the opportunity for Miami 555 to credit bid the Property in an effort to acquire title to it.  Once it has secured title to the Property, it would then be free to sell it on terms and in amounts similar to the figures proposed by realtor Marc Tiné as detailed above.

The net result of this would be that the Receivership Estate would be entirely deprived of any equity in the Property.  It would be akin to simply handing title and the keys over to Miami 555.[3]  As it currently stands, based on figures proposed by realtor Marco Tiné, and in its current, unrenovated condition, there is approximately $1,000,000 of equity in the Property.  This figure is reached by simply subtracting the estimated current loan delinquency of $2,834,853.15 (as calculated above) from Mr. Tiné's estimated unrenovated value of $3,900,000.

It need not be reiterated that "[t]he Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will

---

[3] It should be noted that while Miami 555 casts aspersions on Receiver for not being willing to negotiate, Miami 555 fails to mention it only offered $100,000 in exchange for a deed in lieu, thereby forfeiting nearly, if not in excess of, $1mm.

maximize the proceeds received from the sale." *See* ECF 101, Section III(2)(k). Receiver is specifically tasked with maximizing the proceeds from the sale of all of the properties, including the Property, for the benefit of the Receivership Estate and ultimately, Root. Receiver believes that there is currently approximately $1 million in equity in the Property. Miami 555's motion seeks to strip this equity away from the Receivership Estate (and ultimately Root) and add it as a windfall to its already generous default interest and prepayment penalty.

### C. **No Prejudice Inures To Miami 555 As It Is A Secured Creditor**.

No prejudice whatsoever inures to Miami 555 by allowing the litigation stay to continue. Miami 555 is the first position secured creditor of the Property as evidenced by the attachments to its Motion. As explained above, abundant equity remains in the Property to satisfy the mortgage. Its Secured Note allows for a generous 18% default interest rate (ECF 191-1 at Page ID 1769) which is currently calculated to result in a per diem of $1,137.50. *See* **Exhibit A**, Pg. 5. Beyond this, the Note provides for an incredible prepayment penalty of 5% of any amounts prepaid (ECF 191-1 at Page ID 1768) which is estimated to be $113,750.00. *See* **Exhibit A**, Pg. 5. Receiver's plan for a sale of the property (either in its renovated or unrenovated condition) would result in more then enough proceeds to meet its obligations under the Note. As such, Miami 555 would receive the benefit of its bargain when it purchased the loan from the original lender.[4]

Not satisfied with the generous terms of the Note, Miami 555 now seeks an additional windfall by allowing it to proceed on its foreclosure action with a view to credit bid the Property and take title and possession. It would then be free to sell for amounts comparable to the true market value of the Property as detailed by Mr. Tiné. Miami 555 has presented no facts supporting any prejudice justifying it Motion. After all, its representatives knew or should have known the

---

[4] It should be noted that Miami 555, LLC is a Delaware limited liability company that was licensed to do business in Florida on March 10, 2023 and subsequently purchased the underlying Bayshore Property Note on March 22, 2023. The Note was in default on December 1, 2022. See Exhibit A to Miami 555's Motion ¶¶ 8-19.

inherent risks when it purchased the defaulted Note but now seeks to avoid the consequences of those risks now that they have come to bear.

**D. Miami 555 Attempts To Relitigate Meritless Arguments And Positions It Already Lost In The Foreclosure Action, Insofar As The Anti-Injunction Act Does Not Prevent Receiver From Moving Forward With A Private Sale.**

In the Miami-Dade County, Florida foreclosure action, Miami 555 has already raised and failed on nearly identical legal arguments claiming that the litigation injunction order runs afoul of the Anti-Injunction Act. It does not. The Federal Court obtained jurisdiction over the Property on February 2, 2023, with the filing of the Complaint. *See* ECF 1. To remove doubt whether the Federal Court obtained jurisdiction over the Property, on February 16, 2023, it issued a restraining order prohibiting Defendants from transferring, selling, mortgaging or otherwise encumbering the Property. *See* ECF 30. On May 17, 2023, the Federal Court appointed Receiver as the receiver over the Defendants' properties, including the Property. *See* ECF 101.

Pursuant to the terms of the receivership, "[i]n order for the Receiver to effectively manage, protect and preserve the Receivership Property and for ***all creditors*** . . . hereby are, enjoined and ***stayed from commencing or continuing any action at law or proceeding in equity to enforce any claim or foreclose any liens against the Receivership property or against the Receiver in any court*** . . . and from doing any and all things whatsoever to interfere with the Receiver in the discharge this duties in this proceeding with exclusive jurisdiction of this Court over the Receivership Property and the Receiver." *Id*. at ¶ 5 (emphasis added).

"The purposes of receiverships are varied, but the purpose of imposing a stay of litigation is clear. A receiver must be given a chance to do the important job of marshaling and untangling a [debtor's] assets without being forced into court by every investor or claimant." *US v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005). It is generally recognized "that the district court has broad powers and wide discretion to determine ... relief in an equity receivership." *SEC*

*v. Safety Fin. Serv., Inc.,* 674 F.2d 368, 372–73 (5th Cir.1982) quoting *SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 609 (9th Cir.1978).  In this instance, that discretion included staying any and all litigation related to the Property.

Here, the Property is the subject of two legal proceedings.  "Courts have recognized the conflicts resulting from concurrent in rem (or quasi in rem) proceedings involving the same property, so '[t]he principle applicable to both federal and state courts [is] that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other[.]'"  *SEC v. Harbor City Capital Corp.*, 6:21-cv-694, 2023 WL 1105282, *2 (M.D. Fla. Jan. 30, 2023), quoting *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939).  This "state foreclosure action is an in rem, or at minimum a quasi in rem, proceeding.  Further, "'[i]t cannot be disputed that a receivership action is one in rem or quasi in rem.'" *Id.*, quoting *Sumrall v. Moody*, 620 F.2d 548, 550 (5th Cir. 1980).

The court that first exercised jurisdiction over the Property has exclusive jurisdiction over it.  *Id.*, citing *Princess Lida of Thurn and Taxis, supra*.  In *Harbor City*, in which the federal court appointed a receiver who moved to stay a state foreclosure action, the federal court stated, "This Court has exclusive jurisdiction of the Property, this Court's Order Staying Litigation applies to the Foreclosure Action…" *Harbor City Capital Corp.*, 6:21-cv-694, 2023 WL 1105282, *3.

The Federal Court obtained jurisdiction over the Property on February 2, 2023, with the filing of the complaint.  The Federal Court left no room for doubt the Property was under its jurisdiction when it issued the temporary restraining order on February 16, 2023.  Plaintiff's foreclosure complaint was not filed until April 11, 2023.

Even if the Federal Court had not exercised jurisdiction first, the Federal Court's stay order should be enforced by this Court.  Blanket stay orders and attempts to overcome them are not novel legal issues. In *SEC v. Wenke*, 622 F.2d 1363 (9th Cir. 1980), the appellate court upheld a stay

order prohibiting nonparties, with or without notice, from commencing or continuing suit against receivership assets. *Id*. at 1363. That included staying collection efforts by a creditor who already obtained a judgment. "In addition, a federal court may assert control over property and enjoin persons from further proceedings in a state court where the subject matter of the two suits is different or the jurisdiction is not concurrent, at least where, as here, the state court has not taken actual possession of the property." *Id*. at 1371–72.

Miami 555's contention that the federal Anti-Injunction Act somehow precludes the Federal Court from enjoining this action is misplaced. Even if the Anti-Injunction Act applied, it permits federal courts to enjoin state actions "where necessary in aid of its jurisdiction…." 28 U.S.C. § 2283. "First, a federal court having jurisdiction over an action in rem may enjoin state court proceedings involving the same res." *Hemmerick v. Chrysler Corp.,* 769 F.Supp. 525, 531 (S.D.N.Y.1991), citing *Lankenau v. Coggeshall & Hicks,* 350 F.2d 61 (2d Cir.1965)). The "necessary in aid of its jurisdiction" exception provides the basis for an injunction "[w]hen particular property is before the district court ... such as when it is the subject of an *in rem* proceeding or in the custody of a bankruptcy trustee[.]" *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1103 (11th Cir.2004). The Eleventh Circuit's statement is particularly instructive because, like placing property in the control of a bankruptcy trustee, the Property has been placed under the control of the Receiver. The focus of the exception is on parallel in rem proceedings, such as here where one proceeding is in federal court, the other in state court. *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 641–42, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977).

Therefore, it is abundantly clear that that the stay order issued by the Eleventh Judicial Circuit Court of Miami-Dade County, Florida in no way runs afoul of the Anti-Injunction Act as argued by Miami 555.

### III.    <u>**CONCLUSION**</u>

For the foregoing reasons, Receiver respectfully requests this Court to deny Miami 555's

Motion.

Respectfully submitted,
PETERSON CONNERS LLP

 /s/ Istvan Gajary
GREGORY S. PETERSON (0061915)
JERRY E. PEER, JR. (0075128)
ISTVAN GAJARY (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: 614.365.7000
Facsimile: 614.220.0197
gpeterson@petersonconners.com
jpeer@petersonconners.com
igajary@petersonconners.com

*Counsel for Receiver, Jerry E. Peer, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December 2023, a true and accurate copy of the foregoing *Memorandum in Opposition to Non-Party, Miami 555 LLC's, Motion to Lift Litigation Injunction and Incorporated Memorandum of Law* was filed electronically using the Court's ECF system (which will electronically serve all represented parties) and mailed via certified mail to the following:

BRINSON CALEB SILVER
BUTLER COUNTY JAIL
Inmate No. 303850
705 Hanover Street
Hamilton, Ohio 45011

COLLATERAL DAMAGE, LLC
c/o BRINSON CALEB SILVER
BUTLER COUNTY JAIL
Inmate No. 303850
705 Hanover Street
Hamilton, Ohio 45011

ECLIPSE HOME DESIGN, LLC
c/o BRINSON CALEB SILVER
BUTLER COUNTY JAIL
Inmate No. 303850
705 Hanover Street
Hamilton, Ohio 45011

Paige McDaniel
5576 Alexanders Lake Rd.
Stockbridge, Georgia 30281

  /s/ Istvan Gajary
ISTVAN GAJARY  (0089084)

- 11 -

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2023-015089-CA-01

MIAMI 555 LLC, a Florida
limited liability company,

      Plaintiff,

v.

ECLIPSE HOME DESIGN LLC, a Delaware
limited liability company; JOHN DOE and
JANE DOE, as Unknown Tenants; and any
unknown heirs, devisees, grantees, creditors,
and other unknown persons, unknown entities,
unknown parties or unknown spouses
claiming by, through or under any of the
above-named Defendants,

      Defendants.

_____/

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY FINAL JUDGMENT TO FORECLOSE MORTGAGE

STATE OF FLORIDA      )
                      ) ss.
COUNTY OF MIAMI-DADE   )

      BEFORE ME, personally appeared, Yonel Devico, Affiant, who, being first duly sworn,

deposes and says upon personal knowledge that:

      1.     I have personal knowledge of the facts and matters recited herein and am

competent to testify regarding same.

      2.     I am an _____ for MIAMI 555 LLC ("Plaintiff"), the Plaintiff in

the above referenced case. I am authorized to make this certification on behalf of the Plaintiff.

      3.     As part of my job responsibilities for Plaintiff, I am familiar with the type of

records maintained by Plaintiff in connection with the subject loan (the "Loan").

**Exhibit A**

4.    I have personal knowledge of the Plaintiff's policies and procedures for incorporating business records from a prior lender or servicer ("Prior Records") into the Plaintiff's business records at the time the Loan is transferred to the Plaintiff.

5.    Prior to the Plaintiff's incorporation of the Prior Records into the Plaintiff's business records, the Prior Records are reviewed for accuracy.

6.    The information in this affidavit is taken from Plaintiff's business records, (the "Loan Records").

7.    I have reviewed the Loan Records relating to the Loan and I have knowledge of the matters discussed in this affidavit.

8.    The information in this affidavit is taken from the Loan Records which are Plaintiff's business records. I have personal knowledge of Plaintiff's procedures for creating these records. The Loan Records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Plaintiff's regularly conducted business activities; and (c) it is the regular practice of Plaintiff to make such records.

9.    The Loan Records reflect that Plaintiff is the current holder of the Promissory Note ("Note") given to Champions Funding, LLC ("Lender"), and dated June 24, 2022, in the principal amount of Two Million Two Hundred Seventy-Five Thousand Dollars and Zero Cents ($2,275,000.00) executed by Eclipse Home Design, LLC ("Eclipse Home Design"). A true and correct copy of the Note is attached hereto as **Exhibit A** and by reference made a part hereof.

10.     The Loan Records reflect that on June 24, 2022, Eclipse Home Design gave a Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement ("Mortgage") to Lender on the property more particularly described as:

> Lot "C" less the West 25 feet thereof and less the South 12.5 feet thereof of WATERSEDGE, in Plat Book 9, Page 141, of the Public Records of Miami-Dade County, Florida

(hereinafter the "Property"). A true and correct copy of the Mortgage is attached hereto as **Exhibit B** and by reference made a part hereof.

11.     The Loan Records reflect that the Mortgage was recorded on June 27, 2022, in Official Records Book 33260, Page 3321, of the Public Records of Miami-Dade County, Florida. *See* **Exhibit B**.

12.     The Loan Records reflect that contained within the Mortgage is an Assignment of Leases and Rents to Lender ("Assignment of Rents"), further securing payment of the Note. *See* **Exhibit B**.

13.     The Loan Records reflect that, on March 22, 2023, Lender executed an Assignment of Mortgage ("Assignment") to Plaintiff. A true and correct copy of the Assignment is attached hereto as **Exhibit C** and by reference made a part hereof.

14.     The Loan Records reflect that the Assignment was recorded on April 3, 2023, in Official Records Book 33467, Page 3703, of the Public Records of Miami-Dade County, Florida. *See* **Exhibit C**.

15.     The Loan Records reflect that, prior to the filing of Plaintiff's complaint, the Note was endorsed to the Plaintiff via an allonge bearing a specific endorsement to the Plaintiff, dated June 24, 2022. *See* **Exhibit A** attached hereto.

16.     The Loan Records reflect that Plaintiff was the owner and holder of the Note and Mortgage at the time the complaint was filed and is currently the holder of the Note. *See* Note, **Exhibit A** hereto; and Certification of Possession of Original Note ("Note Certification"), attached hereto as **Exhibit D**, and by reference made a part hereof.

17.     The Loan Records reflect that Eclipse Home Design defaulted under the terms of the Loan Documents by, among other things, failing to make the required payments. A true and correct copy of the Payment History is attached hereto as **Exhibit E** and by reference made a part hereof.

18.     Specifically, the Loan Records Reflect that Eclipse Home Design is in default of the Note for failure to make payments due December 1, 2022, and each month thereafter. *See* **Exhibit E** hereto.

19.     The Loan Records reflect that, pursuant to the Note and Mortgage, the Plaintiff was under no obligation to provide a notice of default prior to acceleration. *See* Note, Paragraph 4, **Exhibit A** hereto; *see also* Mortgage, Paragraph 35, **Exhibit B** hereto.

20.     The Loan Documents provide that Plaintiff may declare the Loan in default, may accelerate the debt, and further provides for a non-waiver of Plaintiff's rights. *See* Loan Documents attached hereto. The Loan has been accelerated and all conditions precedent to this action have occurred.

21.     AMOUNTS DUE: The following sums are now due and payable under the terms of the Loan Documents:

| | |
|---|---|
| Principal Balance | $ 2,275,000.00 |
| Interest Due (11/1/2022 through 6/10/2023) | $ 251,387.50 |
| (per diem interest $1,137.50) | |
| Recording Fee | $ 500.00 |
| Satisfaction of Mortgage Admin Fee | $ 500.00 |
| Admin Fee | $ 1,500.00 |

| | |
|---|---|
| Prepayment Penalty | $ 113,750.00 |
| Trust Balance | $ (12,034.35) |

**TOTAL DUE AS OF 6/10/2023**          **$ 2,630,103.15**

22.     The Plaintiff has retained Kopelowitz Ostrow Ferguson Weiselberg Gilbert to prosecute this foreclosure action on the Plaintiff's behalf and is obligated to pay a reasonable fee and reimburse costs incurred in connection with the firm's services. Those attorneys' fees and costs are not requested through this affidavit. Rather, Kopelowitz Ostrow Ferguson Weiselberg Gilbert will submit its own affidavit or documentation supporting and requesting the fees and costs from this action in accordance with applicable law.

23.     The allegations in the Complaint are true and accurate.

24.     I declare under penalty of perjury that the forgoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

Yonel Devico
MIAMI 555 LLC

Sworn to and subscribed before me on this ⑤day of June 2023, by means of [✓] physical presence or [ ] online notarization by Yonel Devico, _____, MIAMI 555 LLC who is personally known to me or has produced _____ as identification.



Notary Public
Commission Expires: Apr 14th, 2026

STEPHEN ARSLANIAN
Commission # HH 253132
Expires April 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROOT, INC.** *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | Judge Sarah D. Morrison |
| | ) | |
| v. | ) | Magistrate Judge Elizabeth Preston Deavers |
| | ) | |
| Brinson Caleb "BC" **SILVER**, *et al.* | ) | Case No. 2:23-cv-00512 |
| | ) | |
| *Defendants.* | ) | |

## AFFIDAVIT OF REALTOR, MARCO TINÉ, IN SUPPORT OF RECEIVER, JERRY E. PEER, JR.'S MEMORANDUM IN OPPOSITION TO NON-PARTY, MIAMI 555 LLC'S *MOTION TO LIFT LITIGATION INJUNCTION AND INCORPORATED MEMORANDUM OF LAW*

State of Florida          )
County of Miami-Dade      ) SS

I, MARCO TINÉ, being duly sworn, deposes and says that:

1. I am over 18 years old and have personal knowledge of the facts stated herein.

2. I am a resident of Miami-Dade County, Florida.

3. Since 2014, I have been a Florda licensed real estate professional in good standing with the Florida Department of Business and Professional Registration conducting business under License Number SL3335945.

4. I have been dedicated to the Florida real estate industry for over a decade, specializing in luxury properties.

5. I am familiar with 9125 North Bayshore Drive, Miami Shores, Florida 33138 (the "Property"). The Property recently closed on April 28,2022, with a sales price of $4,350,000.00, and with this price, underscores the high demand and exclusive nature of this area. The Property boasts some of the best, wide-open bay views of Miami Shores, coupled with access to top-tier schools, making it a highly desirable property.

6. As part of this affidavit, I have completed a comparative market analysis for the Property, which is attached here.

7. Based on this current comparative market analysis, the average closing price for homes facing the wide-open bay is between $1,600 and $1,700 per square foot for unrenovated properties.

8. The Property requires renovation work, which is estimated to be between $500,000 and $600,000. Considering these factors, my estimated price for the Property, in its current, unrenovated condition, is approximately $3,900,000.00.

9. In its fully renovated condition, I estimate that the price for the Property to be $5,500,000.00.

- 1 -

**Exhibit B**

10. Properties, such as the Property, with its commanding views and desirable setting, are in high demand in this market.  As of this writing, there are no similar listings available for sale, making this an exclusive offering, further justifying these estimates.

**AFFIANT FURTHER SAYETH NAUGHT.**

_____

MARCO TINÉ

     The foregoing was sworn to and acknowledged before me in my presence by MARCO TINÉ on this 1st day of December, 2023.

Notary Public

ALFONSO A. JIMENEZ
Notary Public, State of Florida
Commission# HH 98986
My comm. expires March 1, 2025

# Comparative Market Analysis

"This is an opinion of value or Comparative Market Analysis and should not be considered an appraisal . In making any decision that relies upon my work, you should know that I have not followed the guidelines for development of an appraisal or analysis contained in the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation ."



| Researched and prepared by | Subject Property |
| --- | --- |
| Marco Tiné | 9125 N Bayshore Dr |
| | Miami Shores, FL |
| Prepared exclusively for | 33138-3407 |

Prepared on
November 29, 2023



Marco Tiné
Serhant
1688 Meridian Avenue Suite 700
Miami, FL 33130
786.797.8463
Marco@CasaCollectionGroup.com

**Marco Tine**
**Luxury Property Specialist**
Marco@CasaCollectionGroup.com
Ph: 786-797-8463
CasaCollectionGroup.com

**Subject Property: 9125 N Bayshore Dr, Miami Shores**                    November 29, 2023

# List Price and Sale Price

This graph illustrates the list price, along with sale price in Sold listings.



**Marco Tine**
Luxury Property Specialist
Marco@CasaCollectionGroup.com
Ph: 786-797-8463
CasaCollectionGroup.com

Subject Property: 9125 N Bayshore Dr, Miami Shores                              November 29, 2023

# CMA Pro Report

These pages give a general overview of the selected properties.

## Closed Properties

### 1690 NE 104th St , Miami Shores 33138



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| MLS #: | **A11372532** | Status: | **CS** | Beds: | **3** | L Price: | **$4,599,000** |
| County: | **Miami-Dade County** | | | Baths: | **3 / 1** | L Date: | **04/17/2023** |
| Subdivision: | **RIVER BAY PARK ADDN** | | | Age: | **1957** | | |
| Complex: | | | | Pool: | **Yes** | | |
| Parking: | **Circular Drive** | | | LA SqFt: | **2,663** | | |
| | | | | TA SqFt: | **3,919** | | |

| | | | | | |
|---|---|---|---|---|---|
| Tax Amt: | **$53,618** | Tax Year: | **2022** | Tax Info: | **Tax Reflects No Exemptions** |
| Waterfront: | **95** | Wtrfrnt Dsc: | **Bay Front** | | |

Lot Desc.: **1/4 To Less Than 1/2 Acre Lot**

Rmks: **Lowest priced Open Bay Waterfront property on the market. Property is situated on an oversized 16,232 sf lot on a cul de sac in Miami Shores. 95' of water frontage. Home is renovated. Beautiful, quiet location situated in the heart of Miami Shore's highly coveted waterfronts on the open bay.**

### 9707 NE 13th Ave , Miami Shores 33138



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| MLS #: | **A11436778** | Status: | **CS** | Beds: | **4** | L Price: | **$5,500,000** |
| County: | **Miami-Dade County** | | | Baths: | **3 / 0** | L Date: | **08/16/2023** |
| Subdivision: | **EARLETON SHORES** | | | Age: | **1955** | | |
| Complex: | | | | Pool: | **No** | | |
| Parking: | **Circular Drive, Covered Parking, Driveway, Guest** | | | LA SqFt: | **2,986** | | |
| | | | | TA SqFt: | **2,986** | | |

| | | | | | |
|---|---|---|---|---|---|
| Tax Amt: | **$26,557** | Tax Year: | **2022** | Tax Info: | **Tax Reflects No Exemptions** |
| Waterfront: | **93** | Wtrfrnt Dsc: | **Bay Front, No Fixed Bridges, Ocean Access, Seawall** | | |

Lot Desc.: **1/4 To Less Than 1/2 Acre Lot**

Rmks: **The best and Only and Best Wide Open Bay Property in Miami Shores!**
**Welcome to an exquisite waterfront retreat in the heart of Miami Shores. This 4-bedroom, 3-bath home seamlessly blends modern design with timeless charm. Enjoy open living spaces, a gourmet kitchen, and stunning views. Step into the master suite for waterfront panoramas. With 94 feet of waterfront and 14,000 sq ft of land.**
**This property's prime location along the open bay waterfront makes it a must-have for boat enthusiasts. With easy access to the ocean through Haulover, it offers a unique opportunity at an affordable price compared to similar Miami properties. Wide Open Bay properties are rare, so don't miss your chance.**
**4th bedroom and 3rd bathrooms are inside the Garage and are used like an office.**

Researched and prepared by  Marco Tine



**Marco Tine**
Luxury Property Specialist
Marco@CasaCollectionGroup.com
Ph: 786-797-8463
CasaCollectionGroup.com

| Subject Property: 9125 N Bayshore Dr, Miami Shores | November 29, 2023 |
|---|---|

# CMA Pro Report

These pages give a general overview of the selected properties.

## Closed Properties

### 9767 NE 13th Ave , Miami Shores 33138

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| MLS #: | **A11293048** | Status: | **CS** | Beds: | **5** | L Price: | **$9,995,000** |
| County: | **Miami-Dade County** | | | Baths: | **4 / 1** | L Date: | **10/26/2022** |
| Subdivision: | **EARLETON SHORES** | | | Age: | **1951** | | |
| Complex: | | | | Pool: | **Yes** | | |
| Parking: | **Circular Drive** | | | LA SqFt: | **5,094** | | |
| | | | | TA SqFt: | | | |
| Tax Amt: | **$103,000** | Tax Year: | **2021** | Tax Info: | **Tax Reflects City & County Tax** | | |
| Waterfront: | **187** | Wtrfrnt Dsc: | **Bay Front** | | | | |

Lot Desc.:   **3/4 To Less Than 1 Acre Lot, Oversized Lot**

Rmks:   **Welcome to the most spectacular and best priced bayfront property in Miami! This is a double lot in beautiful Miami Shores with 28,047-sf of land, 187-feet of wide bayfront, and an oversized pier dock! The perfect development opportunity for investors/developers to build 2 new bayfront homes (each with 14,000-SF land and 93-FT of on the water) or 1 custom mega-mansion with 187-ft on the bay! The current home on the property is a single-story home with 5 beds, 4.5 baths, large living/Florida room, high ceilings, a rooftop deck, with great potential to update and modernize. Perfectly manicured property with circular driveway, 2-car garage, and a large pool.**

**Marco Tine**
**Luxury Property Specialist**
Marco@CasaCollectionGroup.com
Ph: 786-797-8463
CasaCollectionGroup.com

**Subject Property: 9125 N Bayshore Dr, Miami Shores**                     November 29, 2023

# CMA Pro Report

These pages give a general overview of the selected properties.

## Closed Properties

| | |
|---|---|
| Total # of Listings | **3** |
| Lowest Price | **$4,500,000** |
| Highest Price | **$8,695,000** |
| Average Price | **$6,098,333** |
| Avg. Price/SqFt | **$1,701.57** |



**Researched and prepared by  Marco Tine**

**Marco Tine**
Luxury Property Specialist
Marco@CasaCollectionGroup.com
Ph: 786-797-8463
CasaCollectionGroup.com

Subject Property: 9125 N Bayshore Dr, Miami Shores                                      November 29, 2023

## CMA Pro Report

These pages give a general overview of the selected properties.



### Summary Graph/Analysis

Legend: ■ Avg Price  ■ Min Price  ■ Max Price

### Cumulative Analysis

| Listing Category | Lowest Price | Highest Price | Average Price | Avg $ Per SqFt |
|---|---|---|---|---|
| Closed | $4,500,000 | $8,695,000 | $6,098,333 | $1,701.57 |
| **Totals/Averages** | **$4,500,000** | **$8,695,000** | **$6,098,333** | **$1,701.57** |

## Property Summary

| S | Street Address | Bds | Bth | SqFt | L Price | S Price | Sold Date |
|---|---|---|---|---|---|---|---|
| **Closed** | | | | | | | |
| CSALE | 1690 NE 104th St | 3 | 4 (3 1) | 3,919 | $4,599,000 | $4,500,000 | 06/29/2023 |
| CSALE | 9707 NE 13th Ave | 4 | 3 (3 0) | 2,986 | $5,500,000 | $5,100,000 | 09/29/2023 |
| CSALE | 9767 NE 13th Ave | 5 | 5 (4 1) | | $9,995,000 | $8,695,000 | 03/31/2023 |

Researched and prepared by  Marco Tine

**Marco Tine**
**Luxury Property Specialist**
Marco@CasaCollectionGroup.com
Ph: 786-797-8463
CasaCollectionGroup.com

**Subject Property: 9125 N Bayshore Dr, Miami Shores**

# Pricing Recommendation

This page suggests a recommended sale price based on a thorough analysis of your property.

**After analyzing your property, comparable properties on the market now, recent sales and comparable properties that failed to sell, I conclude that in the current market, your property is most likely to sell for .**

**Researched and prepared by Marco Tine**
**Serhant**

**Marco Tine**
Luxury Property Specialist
Marco@CasaCollectionGroup.com
Ph: 786-797-8463
CasaCollectionGroup.com

**Subject Property: 9125 N Bayshore Dr, Miami Shores**                    November 29, 2023

## CMA Map Layout

This page displays the Map for the CMA Subject and your comparables.



9125 N Bayshore Dr
1   9767 13Th Ave Ne
2   9707 13Th Ave Ne
3   1690 104Th St Ne