IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROOT, INC., *et al.*,

    Plaintiffs,

v.

                              Civil Action 2:23-cv-512
                              Judge Sarah D. Morrison
                              Magistrate Judge Elizabeth P. Deavers

BRINSON CALEB SILVER, *et al.*,

    Defendants.

## ORDER

This matter is before the Court for consideration of the Unopposed Motion to File Under Seal filed by Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC.  (ECF No. 197.)  Specifically, Plaintiffs seek to file under seal Exhibits A-G and N attached to their forthcoming Opposition to Quantasy Defendants' Motion to Quash Subpoenas for Financial Records and to Stay Discovery as to the Quantasy Defendants.  (*Id*. at 1.)  In support, Plaintiffs explain that the Exhibits contain bank account numbers, balances, and personal contact information pertaining to the Quantasy Defendants and non-party Christine Campbell, the wife of Defendant William Campbell.  For the following reasons, the Motion (ECF No. 197) is **GRANTED**.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978).  A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for

the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in

2

support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

In their motion, Plaintiffs explain the nature of each Exhibit they seek to file under seal. Further, they assert that the public filing of these Exhibits would allow public access to the Quantasy Defendants' full bank account numbers and balances, and bank account and wiring information of other individuals and companies with whom Quantasy, LLC had transactions. Plaintiffs also contend that it is not practical to redact the statements instead of sealing them because almost all of the pages and content of the Exhibits are sensitive information so that any minimal sections or sentences that are not redacted would contain no useful information for the public. Finally, they note that are not seeking to seal their brief in opposition and it summarizes the Exhibits and details the important transactions.

Here, the Court finds that the public has some interest in this action; however, under the circumstances, the Exhibits are not of great interest to the public and contain confidential financial information. Further, because the confidential information is pervasive throughout the Exhibits Plaintiffs seek to keep sealed in their entirety, the Court finds that sealing those documents in their entirety "is no broader than necessary" to protect the information, as redaction may render the documents meaningless. *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 939 (citations and internal quotation marks omitted); *Shane Grp., Inc.*, 825 F.3d at 306.

For all these reasons, Plaintiffs' Motion (ECF No. 197) is **GRANTED**. The Clerk is **DIRECTED** to maintain a copy of the identified documents under seal.

IT IS SO ORDERED.

DATED: December 6, 2023

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

3