# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **ROOT INC.**, *et al.*, | : | Case No. 2:23-cv-512 |
| | : | |
| Plaintiffs, | : | Judge Sarah D. Morrison |
| | : | |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| **BRINSON CALEB SILVER** *et al.*, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION TO DEFENDANT QUANTASY & ASSOCIATES, LLC

Pursuant to Rule 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and the Court's February 16, 2023 Order for expedited discovery, Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (collectively "Root" or "Plaintiffs") request that, within 14 days hereof, and in accordance with the Definitions and Instructions set forth below, Defendant Quantasy & Associates, LLC ("Quantasy") answer under oath the following interrogatories and requests for admission, and respond to the following requests for production (the "Discovery Requests") and produce for inspection and copying at the offices of Vorys, Sater, Seymour and Pease LLP, 52 East Gay Street, Columbus, Ohio 43215, any and all documents described below that are in Quantasy's possession, custody, or control, including without limitation, those in possession, custody, or control of its agents, attorneys, or other representatives.

Pursuant to Rule 26(e), each of the following Discovery Requests is deemed to be continuing to the date of trial. Root hereby requests supplementation of all responses to include any information acquired after these responses are given. Moreover, if Quantasy learns that any response is inaccurate or incomplete, or if an answer becomes incomplete by reason of a

development occurring after the responses are provided, Quantasy is under an obligation to promptly supplement each inaccurate or incomplete answer by service of supplemental responses to these Discovery Requests.

**DEFINITIONS AND INSTRUCTIONS**

1. "You," "Your," and "Quantasy" means Quantasy & Associates, LLC, including, but not limited to its predecessors, successors, predecessors in interest, successors in interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Quantasy, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on Quantasy's behalf.

2. "Root" shall mean Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC.

3. "Collateral Damage" shall mean Collateral Damage, LLC.

4. "Silver" shall mean Brinson Caleb "BC" Silver.

5. "Campbell" shall mean William Campbell.

6. "Eclipse" shall mean Eclipse Home Design, LLC.

7. "McDaniel" shall mean Paige McDaniel.

8. "Complaint" shall mean the First Amended Verified Complaint Root filed in the above-captioned matter on February 14, 2023.

9. The "Litigation" shall mean Case No. 2:23-cv-00512 in the United States District Court for the Southern District of Ohio, Eastern Division.

10. A "document" or "documents" shall mean any medium on which information can be recorded or from which information can be obtained.

11. "Information" shall mean an assembly of assemblies of words, numbers, images, recorded audio signals, and/or recorded video signals.

12. A "Person" means a natural person, as well as business entities, including, but not limited to partnerships, companies, corporations, proprietorships, joint ventures, government agencies, and unincorporated associations.

13. "Contract" shall mean any written or oral agreement to provide services or goods.

14. "Thing" or "Things" means any tangible item.

15. "Relating to" shall mean referring to, relating to, alluding to, responding to, reflecting, discussing, describing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, comprising, evidencing, setting forth, containing, summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

16. "Identify" shall mean, with respect to any natural person, to state the full name, home address, business address, employer, and position or positions within each organization employing such person at the present time and at relevant time; and to state the full name, address, and principal place of business.

17. "Identify" shall mean, with respect to any document, to set forth the date thereof, the title (if any), the name of the person or persons to whom such document was given or transmitted, the present location and custodian of such document, and the topic dealt with therein with reasonable specificity, and to describe the relevant page or pages and line or lines thereof (or annex a copy to the responses to these Discovery Requests with appropriate designations of such page or pages and line or lines).

18. "Identify" shall mean, with respect to any oral statement, to set forth the date and place thereof, the name of the person or persons making, issuing or communicating the oral statement, the name of the person or persons to whom and in whose presence such oral statement was made, and the substance thereof, and to identify each document in which such statement was recorded, described, or referred to.

19. "Identify" shall mean, with respect to any act, to describe the act, to set forth the date (or inclusive dates) when it occurred, to set forth the place or places where it occurred; and to identify each person whose activities resulted in the act.

20. "Identify" as it relates to funds shall mean (1) the date the funds were transferred; (2) the amount of the funds transferred (3) the identity of the account number and financial institution from whom the funds was received; and (4) the identity of the account number and financial institution into which the funds were deposited.

21. "Identify" as it relates to Contracts shall mean: (1) the date of the agreement; (2) whether the agreement is written or oral; (3) if oral the terms and conditions of the agreement.

22. "Identify" as it relates to methods of communication shall mean the method of communication (e.g. email) and the specific address or number associated with that method of communication (e.g. email address, phone number, social media handle, etc.).

23. "Communication" or "communicate" shall mean every manner or means of disclosure, transfer, or exchange of information, and every instance of disclosure, transfer, or exchange of information, whether orally, by document, by telephone, electronic mail, or otherwise.

24. "Work Product" means any finished or draft work, presentation, project, or other material prepared for Root or for Root's benefit pursuant to any Contract.

25. The plural shall include the singular and the singular shall include the plural.

4

26. "And" and "or" as used herein are both conjunctive and disjunctive.

27. "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

28. "Any" shall be construed to include "all," and "all" shall be construed to include "any."

29. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

30. Words not defined herein should be interpreted according to their plain meaning. If you are unsure about the meaning or scope of any request, please initiate a meet and confer prior to the response deadline so any issues may be resolved expeditiously.

31. Any responsive documents that are no longer in existence must be identified in a list.  For each document, describe the time period during which such documents were maintained, the date when they ceased to exist, the circumstances under which they ceased to exist, and identify all persons knowledgeable of the circumstances under which the documents were maintained and ceased to exist.

32. If a claim is made that any document is privileged, constitutes attorney work product, or is otherwise not subject to disclosure, a response shall include a written statement for each document withheld that:

   a. Identifies the person who prepared or authorized the document and all recipients or addressees, including recipients of copies;
   b. Specifies the date on which the document was prepared or transmitted;
   c. Describes the nature of the document (e.g., letter, memorandum, notice, etc.);
   d. Identifies the subject matter of the document;

5

  e. If the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describe who those persons are; and

  f. Sets forth the nature of and basis for the privilege or other ground asserted for non-production.

33. Electronically stored information should be produced as follows:

  g. Produce documents as black & white Group IV Tiff images at 300 dpi. Each image is named as the unique Bates number for that page. ESI that cannot render to useable TIFF images (e.g. Spreadsheets, Presentations, Video files, Audio files, etc.) shall be produced in native format. Native files are named with a unique bates number and are produced with a corresponding Bates-numbered TIFF image placeholder stating the document was produced in Native Format. The parties hereby reserve their rights to seek other particular electronic documents in their native form for good cause shown.

  h. Produce scanned paper documents with logical unitization (i.e., distinct documents should not be merged into a single record, and single documents should not be split into multiple records). Parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

  i. Preserve and produce all documents with Parent-Child Relationships. Productions should be prepared at a family-complete level where feasible.

  j. Produce extracted text for all non-redacted electronic files containing searchable text. Produce OCR for all non-searchable or redacted files. Name each text file

with the beginning Bates number of each document. The text files will not contain the redacted portions of the documents. Native files must contain the text of the document and not the OCR version of the TIFF image placeholder.

k. Produce each document with a Bates Number beginning with a prefix and a consistent number of digits that can be readily attributed to the producing party. Bates numbering is sequential within a document for all produced images and placeholders. Bates prefixes should be consistent throughout all documents produced by a single producing party.

l. Produce an Image Cross-Reference File (IPRO or Opticon).

m. Produce a Concordance delimited data file containing extracted metadata and objective coding. Produce metadata fields listed below if data exists in the native file. Produce the following objective coding fields for paper documents (to the extent practicable) (1) beginning Bates number; (2) ending Bates number; (3) beginning attachment Bates number; (4) ending attachment Bates number; and (5) source/custodian. Metadata fields:

| | | | |
|---|---|---|---|
| BegDoc | RecordType | Received_Date_Time | CC |
| EndDoc | Master_Date_Time | Original Filepath | BCC |
| ParentDoc | SentOnDate_Time | Author | eFile Subject |
| AttachmentDocs | LastMod_Date_Time | To | eMail Subject |
| Custodian | FileName | FullText_Path | From SMTP |
| NativePath | FileSize | BCC SMTP | Message ID |
| AttachCount | Application | CC SMTP | Conversation Index |
| FileExt | MD5Hash | Dedupe Custodians | To SMTP |

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all documents that you intend to introduce into evidence or refer to at any hearing, deposition or trial in this matter.

**ANSWER:**

**INTERROGATORY NO. 2:** In accordance with Fed. Civ. R. 26(a)(1)(i) identify each individual likely to have discoverable information that you may use to support any claim or defense you will assert in this action.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify all funds received from or sent to Root by you.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify all funds retained by you in connection with work for Root.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify all funds received from or sent to Silver by you.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify all funds received from or sent to Collateral Damage by you.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify all funds received from or sent to Eclipse by you.

**ANSWER:**

8

**INTERROGATORY NO. 8:**  Identify all Contracts between Quantasy and Root.

**ANSWER:**

**INTERROGATORY NO. 9:**  Identify all Contracts between Quantasy and Collateral Damage relating to Root.

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify all Contracts between Quantasy and Collateral Damage unrelated to Root.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify all Work Product produced by Quantasy for Root.

**ANSWER:**

**INTERROGATORY NO. 12:**  For all Work Product identified in your answer to Interrogatory No. 11, state: (a) the identity of all persons who participated in its preparation; (b) the total time spent in hours by each person; and (c) the dollar amount charged.

**ANSWER:**

**INTERROGATORY NO. 13:**  Identify all Work Product produced by Collateral Damage for Root.

**ANSWER:**

**INTERROGATORY NO. 14:**  For all Work Product identified in your answer to Interrogatory No. 13, state: (a) the identity of all persons who participated in its preparation; and (b) the total time spent in hours by each person and (c) the dollar amount charged.

**ANSWER:**

**INTERROGATORY NO. 15:**  Identify all methods of communication (i.e. text, emails, WhatsApp, etc.) by which any employee of Quantasy communicated with Silver.

**ANSWER:**

**INTERROGATORY NO. 16:**  Identify all the amounts that you contend Quantasy is owed as compensation for any work actually performed on behalf of Root.

**ANSWER:**

**INTERROGATORY NO. 17:**  Identify any and all instances in which you have done business with an entity located, incorporated or with headquarters in Ohio.

**ANSWER:**

**INTERROGATORY NO. 18:**  Identify all bank accounts you own and/or use and provide the account numbers associated with such accounts.

**ANSWER:**

**INTERROGATORY NO. 19:**  Identify all LLC members of Quantasy.

**ANSWER:**

**INTERROGATORY NO. 20:**  Identify all communications in which you disclosed to Root that Quantasy intended to, or did, retain Collateral Damage to perform work relating to Root.

**ANSWER:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that Lauren Lanskie was not an employed by or otherwise associated with Collateral Damage in 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**  Admit that Lauren Lanskie was not an employed by or otherwise associated with Collateral Damage in 2022.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:**  Admit that Lauren Lanskie was never an owner, principal, or officer of Collateral Damage.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:**  Admit that Lauren Lanskie never executed any contract as a representative of Collateral Damage in 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:**  Admit that Lauren Lanskie never executed any contract as a representative of Collateral Damage in 2022.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:**  Admit that Lauren Lanskie never sent an email from any email address associated with Collateral Damage in 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 7:**  Admit that Lauren Lanskie never sent an email from any email address associated with Collateral Damage in 2022.

**ANSWER:**

11

**REQUEST FOR ADMISSION NO. 8:**  Admit that you never disclosed to anyone at Root (except Silver) that Collateral Damage had been retained by Quantasy (by contract, subcontract or otherwise) to do work for Root.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 9:**  Admit that you never disclosed to anyone at Root (except Silver) that Collateral Damage was being paid by Quantasy (or any other person or entity) to do work for Root.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 10:**  Admit that Silver owns and/or controls Collateral Damage.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 11:**  Admit that you knew that Silver owned and/or controlled Collateral Damage in 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 12:**  Admit that you knew that owned and/or controlled Collateral Damage in 2022.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 13:**  Admit that Collateral Damage never produced any Work Product for Root.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 14:** Admit that David Rodriguez, on Quantasy's behalf, made written representation to Root's Internal Auditors in 2022 that more than $10 million was available for Root to utilize in 2023.

**ANSWER:**

13

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all documents or other tangible items identified, or relied upon, in responding to the concurrently served Interrogatories.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**  Produce all contracts, agreements, and documents relating to the relationship between Quantasy and Collateral Damage.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**  Produce all contracts, agreements, and documents relating to the relationship between Quantasy and Root.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  Produce any documents whereby anyone associated with Root directed Quantasy to associate with or hire Collateral Damage to perform work for relating to Root.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  Produce all documents related to payments and invoices from Root to Quantasy and/or from Quantasy to Root.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  Produce all documents related to payments and invoices from Collateral Damage to Quantasy and/or from Quantasy to Collateral Damage.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  Produce all documents for work relating to Root that Quantasy purportedly subcontracted.

14

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents, deliverables or other tangible items for work Quantasy performed relating to Root.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents and deliverables or other tangible items for work that Quantasy's subcontractors purportedly performed relating to Root.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents and deliverables or other tangible items for work that Collateral Damage purportedly performed for Quantasy related to Root.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents or communications in which Quantasy disclosed to anyone at Root (other than Silver) that it was hiring subcontractors to perform work related to Root.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents identifying the Quantasy employees who performed work related to Root and the time spent performing any work related to Root.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents or communications related to unallocated and uncommitted funds Quantasy previously retained or currently retains for Root's marketing expenditures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents related to any internal investigations conducted by Quantasy related to Quantasy or Campbell's relationship with Root, Collateral Damage and/or Silver.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Produce any bank records from January 1, 2021, to the present that reflect any payment to Quantasy by, or by Quantasy to, Collateral Damage, Eclipse and/or Silver.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Produce any bank records from January 1, 2021, to the present that reflect any payment to you by, or by you to, Campbell that relate to Root.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents that you intend to introduce into evidence or refer to at any hearing, deposition or trial in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Produce all other documents related to Root not requested above.

**RESPONSE:**

Respectfully submitted,

*/s/  William D. Kloss, Jr.*
William D. Kloss, Jr. (0040854), Trial Attorney
Elizabeth S. Alexander (0096401)
Grace E. Saalman (0101603)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6360  Fax: (614) 719-4807
wdklossjr@vorys.com
esalexander@vorys.com
gesaalman@vorys.com

Matthew L. Kutcher (IL Bar No. 6275320*)*
(*application for pro hac vice forthcoming*)
COOLEY LLP
110 N. Wacker Drive Suite 4200
Chicago, IL 60606
Phone (312)-881-6500
Fax (312)-881 6598
mkutcher@cooley.com

Kristine A. Forderer (CA Bar No. 278754)
(*application for pro hac vice forthcoming*)
COOLEY LLP
3 Embarcadero Center
San Francisco, CA 94111
Phone (415) 693-2128
kforderer@cooley.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on this 17th day of February 2023, via email upon counsel for Quantasy & Associates, LLC, William Campbell, Brinson Caleb Silver, Collateral Damage, LLC, and Eclipse Home Design, LLC, and via regular mail and hand-delivery upon Paige McDaniel as set forth below:

**Matthew D. Ridings** (0079402)
THOMPSON HINE LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
Telephone: 216.566.5561
Facsimile: 216.566.5800
Matt.Ridings@ThompsonHine.com

**Jamar T. King** (0091093)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342
Telephone: 937.443.6852
Facsimile: 937.443.6635
Jamar.King@ThompsonHine.com

**Steven A. Block** (IL Bar No. ___ )
THOMPSON HINE LLP
20 North Clark Street, Suite 3200
Chicago, IL 60602-4101
Telephone: 312.998.4242
Facsimile: 312.998.4245
Steven.Block@ThompsonHine.com

**Karim Sabbidine** (NY Bar No. 5643994)
THOMPSON HINE LLP
335 Madison Ave., 12th Floor
New York, NY 10017
Telephone: 212.908.3944
Facsimile: 212.344.6101
Karim.Sabbidine@ThompsonHine.com
*Counsel for Quantasy & Associates, LLC and William Campbell*

**Paige McDaniel**
5576 Alexanders Lake Rd.
Stockbridge, GA 30281

**Aaron M. Jones** (0096386)
BRENNAN MANNA DIAMOND
250 Civic Center Dr., Suite 300
Columbus, OH 43215
Telephone/Facsimile: 614.500.4206
AMJones@bmdllc.com
*Counsel for Brinson Caleb Silver, Collateral Damage, LLC, and Eclipse Home Design, LLC*

*/s/ William D. Kloss, Jr.*
William D. Kloss, Jr. (0040854)