# Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Root, Inc.**, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 2:23-CV-00512-SDM-CM |
| ) | |
| **Brinson Caleb Silver**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SPECIALLY APPEARING DEFENDANT WILLIAM CAMPBELL'S RESPONSES AND OBJECTIONS TO PLAINTIFFS ROOT, INC., CARET HOLDINGS, INC., AND ROOT INSURANCE AGENCY, LLC'S FIRST REQUESTS FOR PRODUCTION

Pursuant to the Federal Rules of Civil Procedure Rules 26 and 34, Specially Appearing Defendant William Campbell ("Campbell") hereby serves these Objections and Responses to the First Requests for Production of Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (collectively, the "Plaintiffs").

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION**

**REQUEST NO. 1.**    Produce all documents or other tangible items identified, or relied upon, in responding to the concurrently served Interrogatories.

**RESPONSE:**  Campbell will produce documents responsive to this request.

**REQUEST NO. 2.**    Produce any documents whereby anyone associated with Root directed you to associate with or hire Collateral Damage to perform work for Root or for the benefit of Root.

**RESPONSE:**  Campbell, acting in his personal capacity, never associated with Collateral Damage or Root.  Accordingly, no such documents exist.

**REQUEST NO. 3.**    Produce all documents and communications exchanged between you and Silver from January 2021 to present.

**RESPONSE:**  Campbell, in his personal capacity, is unaware of any responsive materials.

**REQUEST NO. 4.**    Produce all documents and communications exchanged with Silver relating to Root, Collateral Damage, and/or Eclipse.

**RESPONSE:**  Campbell, in his personal capacity, is unaware of any responsive materials.

**REQUEST NO. 5.**    Produce all documents or other tangible items exchanged with or related to Root.

**RESPONSE:**  Campbell, in his personal capacity, is unaware of any responsive materials.

**REQUEST NO. 6.**    Produce all documents and communications you exchanged with or received from any person relating to subcontractor work performed for Root or for the benefit of Root.

**RESPONSE:**  Campbell, in his personal capacity, is unaware of any responsive materials.

**REQUEST NO. 7.**    Produce all documents related to payments you received from or made to Quantasy, Collateral Damage, Silver, Eclipse, Lanskie, or others relating to your work with Root or Collateral Damage.

**OBJECTION**: Campbell objects to the term "relating to" as vague and undefined.  As a principal at Quantasy, Campbell receives a salary and, from time to time, distributions from Quantasy.  Some portion of Campbell's salary and/or distributions received may have included revenue realized from Root or profits derived from Quantasy's work on behalf of Root; the percentage of salary or distributions that are derived from Quantasy's work for Root is impossible to calculate with any accuracy, and, further, Campbell objects to production of documents relating to his salary and distributions from Quantasy.  He <u>will not produce</u> any information related to his salary.

3

Campbell further states that he did not make or receive any payments to or from Collateral Damage, Silver, Eclipse, or Lauren Lanskie, therefore, he is unaware of any responsive materials as this Request relates to Collateral Damage, Silver, Eclipse, and Lauren Lanskie.

**REQUEST NO. 8.**   Produce any bank records from January 1, 2021, to the present that reflect any payment to you by, or by you to, Collateral Damage, Eclipse, and/or Silver.

**RESPONSE:**  Campbell states that he did not make or receive any payments to or from Collateral Damage, Silver, or Eclipse; therefore, he is unaware of any responsive materials.

**REQUEST NO. 9.**   Produce all other documents related to Root not requested above.

**RESPONSE:**  Campbell, in his personal capacity, is unaware of any responsive materials.

**REQUEST NO. 10.**  Produce all documents that you intend to introduce into evidence or refer to at any hearing, deposition or trial in this matter.

**RESPONSE:**  Campbell states that he has not determined what materials he will introduce into evidence or refer to during any hearings, depositions, or at trial.  Campbell will produce any such materials in compliance with any applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Court's pre-trial orders.

AS TO OBJECTIONS:

*/s/ Matthew D. Ridings*
Matthew D. Ridings, Trial Attorney
(0079402)
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, Ohio 44114
Telephone:  216.566.5561
Facsimile:  216.566.5800
Matt.Ridings@ThompsonHine.com

Joan E. Meyer
(Admitted *Pro Hac Vice*)
THOMPSON HINE LLP
1919 M Street, N.W.
Suite 700
Washington, D.C. 20036-3537
Telephone:  202.263.4115
Facsimile:  202.331.8330
Joan.Meyer@ThompsonHine.com