UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROOT, INC., *et al.*,

    **Plaintiffs,**

  v.

BRINSON CALEB SILVER, *et al.*,

    **Defendants.**

:

:

:

Case No. 2:23-cv-512
Judge Sarah D. Morrison
Magistrate Judge Elizabeth A.
Preston Deavers

## OPINION AND ORDER

This matter is before the Court on non-party Miami 555 LLC's Motion to Lift Litigation Injunction. (Mot., ECF No. 191.) Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (together, "Root") responded in opposition (Root Resp., ECF No. 195), as has Receiver Jerry E. Peer, Jr. (Receiver Resp., ECF No. 196). Miami 555 filed its reply. (Reply, ECF No. 207.)

This civil action broadly alleges that Brinson Caleb Silver carried out a scheme to defraud Root of millions of dollars, which he then used to purchase luxury goods and real estate. (*See* ECF No. 1; *see also United States v. Silver*, No. 2:23-cr-201 (S.D. Ohio, Plea Agreement filed at Docket No. 41.) Using his wholly-owned entity, Eclipse Home Design LLC, Mr. Silver purchased 9125 North Bayshore Drive, Miami Shores, Florida 33138 (the "Property") in June 2022 with the allegedly stolen funds. Eclipse financed the property in part with a Mortgage from Champions Funding, LLC. (ECF No. 191-1, PAGEID # 1767–72.)

Eclipse defaulted on the mortgage in December 2022. *Miami 555 LLC v. Eclipse Home Design LLC* (*State Foreclosure Action*), No. 2023-015089-CA-01 (Fla. Cir. Ct. Dist. 11, Docket No. 2, at ¶ 19). On March 22, 2023, Champions Funding assigned the Mortgage on the Property to Miami 555. (ECF No. 191-1, PAGEID # 1806.) Miami 555 instituted a foreclosure actions on April 11, 2023. *State Foreclosure Action* (Docket No. 1).

Meanwhile, the instant action was filed and being litigated. First, Root filed its complaint on February 2, 2023. (ECF No. 1.) An Amended Complaint soon followed. (ECF No. 20.) On February 16, 2023, this Court issued a Temporary Restraining Order that (among other things) enjoined Mr. Silver and Eclipse from transferring, selling, mortgaging, or otherwise encumbering the Property. (ECF No. 30, PAGEID # 427.) An Agreed Preliminary Injunction filed February 27, 2023, did the same. (ECF No. 42, PAGEID # 449.) On May 9, 2023 Mr. Silver and Eclipse were found in contempt of the Agreed Preliminary Injunction for violating its limits on spending. (ECF No. 86.) Three days later, Jerry E. Peer, Jr. was appointed as receiver of all monetary and real property assets of Mr. Silver and Eclipse. (ECF No. 99.) In the May 17, 2023 Order Appointing Receiver, this Court ordered that "all creditors . . . be . . . enjoined and stayed from commencing or continuing any action at law or proceeding in equity to enforce any claim or foreclose any lien against the Receivership Property"—including the Property on North Bayshore Drive. (ECF No. 101, PAGEID # 897–98.) Miami 555 now asks for an order "either clarifying that the

2

State Foreclosure Action is not subject to the [l]itigation [i]njunction and/or lifting the litigation injunction as to the State Foreclosure Action." (Mot., PAGEID # 1758.)

Miami 555 argues that, when applied to the State Foreclosure Action, the May 17 Order enjoining any creditor from continuing any action against the Receivership Property violates the Anti-Injunction Act. (Mot.) Pursuant to the Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Miami 555 argues that none of these three exceptions applies to the State Foreclosure Action. The Court agrees. The matter *sub judice* is not one in which Congress expressly authorized a stay of state court proceedings. Nor is there any judgment to protect or effectuate. Even if the Court has exercised jurisdiction over the Property by incorporating it into the Receivership Property, it had not done so as of the date the State Foreclosure Action was filed. *See Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC*, 38 F.4th 501, 506 (6th Cir. 2022) (quoting *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004)).

Accordingly, the Motion is **GRANTED** and the Court now **CLARIFIES** that the State Foreclosure Action is not subject to the litigation injunction contained in the May 17 Order Appointing Receiver.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**