IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROOT, INC., *et al.*, | : | Case No. 2:23-cv-00512-SDM-CMV |
| | : | |
| Plaintiffs, | : | Judge Sarah D. Morrison |
| | : | |
| v. | : | Magistrate Judge Elizabeth A. Preston Deavers |
| | : | |
| BRINSON CALEB SILVER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on January 12, 2024 and was attended by:

William Kloss, counsel for plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (collectively, "Root"),

Matthew Ridings, counsel for defendants Quantasy, LLC, Quantasy & Associates, LLC (together, "Quantasy"), and William Campbell (collectively, the "Quantasy Defendants"), and

Joshua Epstein, counsel for Quantasy Defendants.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes      X_____No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

  X  Yes      _____No      _____The proceeding is exempt under Rule 26(a)(1)(B)

The parties have already engaged in significant paper discovery including interrogatories, request for admission and document requests.  Thus, the parties believe in good faith that they have made the disclosures contemplated by Rule 26(a)(1)(A).

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

<u>X   </u>Yes     <u>     </u>No

If yes, describe the issue:  Previously, the Quantasy Defendants filed a motion to dismiss that challenged personal jurisdiction and the issue was fully briefed (*See* Motion to Dismiss Doc # 94, Opposition Doc # 135 and Reply in Support Doc #145).  The Court denied the Quantasy Defendants' challenge to jurisdiction (*See* Court's Opinion and Order Doc# 216).  While the Quantasy Defendants do not anticipate further briefing they expressly reserve all rights and challenges to jurisdiction.

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by *See* above.

4. <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by <u>not applicable</u>.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by <u>not applicable</u>.

5. <u>MOTIONS</u>

   a. Are there any pending motion(s)?

      <u> X   </u>Yes     <u>     </u>No

      If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:  The remainder of a motion to quash relating to document subpoenas issued by Plaintiffs for banking records of the Quantasy Defendants (*See* Motion to Quash Doc # 185, Opposition Doc # 201 and Reply in Support Doc #212)

   b. Are the parties requesting expedited briefing on the pending motion(s)?

      <u>     </u>Yes     <u>X   </u>No

      If yes, identify the proposed expedited schedule:

      Opposition to be filed by <u>not applicable</u>; Reply brief to be filed by <u>not applicable</u>.

6. <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

2

**Joint Statement**

Root is a technology-based insurance company based in Columbus, Ohio offering property and casualty insurance. Defendant Brinson Caleb Silver ("Silver") was formerly Root's Chief Marketing Officer ("CMO"). Quantasy is a multicultural advertising agency based in Los Angeles, California. Campbell is Quantasy's Chief Executive Officer. Under Silver's direction, Root retained Quantasy to create and provide marketing services for Root. Root was billed and paid Quantasy approximately $15 Million pursuant to two Scope of Work agreements.

**Root's Statement of the Issues**

Root's Second Amended Complaint (Doc # 173) (the "Complaint") alleges, *inter alia*, that:
- Silver and Campbell separately agreed that Quantasy would retain defendant Collateral Damage, LLC ("Collateral Damage") as a subcontractor to perform work on the Root engagement.
- Quantasy paid Collateral Damage approximately $9.4 Million for the alleged work.
- Quantasy's agreement with Collateral Damage was unknown to anyone at Root except Silver, and the subcontractor "agreement" was a sham.
- Collateral Damage did no substantive work and instead transferred the $9.4 Million to Silver, a corporation owned by Silver (defendant Eclipse Home Design, LLC). The funds were used to fund Silver's lavish lifestyle including the purchase of three luxury homes, cars, jewelry, an airplane, a yacht, and extensive travel.
- When initially confronted, Quantasy did not disclose its relationship with Collateral Damage and instead represented to Root that significant funds were still available for the agreed upon marketing services. Subsequently Quantasy revealed that the bulk of the money paid to it by Root had been sent to Silver and Collateral Damage. Root believes that Quantasy also transferred significant Root funds to Campbell. Although Quantasy refunded $2.85 million to Root, in the end Root received virtually nothing in exchange for the $15 Million it paid to Quantasy.

Root's Complaint alleges Six Counts: Count I - Civil RICO pursuant to 18 U.S.C. §1962 (c) (against all Defendants), Count II - Fraudulent Concealment (against Silver and the Quantasy Defendants), Count III - Fraudulent Misrepresentation (against Silver and the Quantasy Defendants), Count IV – Conversion (against all Defendants), Count V - Civil Criminal Theft pursuant to O.R.C. §§2307.60 and 61 (against all Defendants); and Count VI - Civil Action for Telecommunications Fraud pursuant to O.R.C. §2913.05 (against Silver, the Quantasy Defendants and Collateral Damage). On January 8, 2024, the Court dismissed the Conversion Claim against the Quantasy Defendants (Count IV) and partially dismissed the Fraudulent Misrepresentation Claim against the Quantasy Defendants (Count III). All other claims and part of Count III remain.

**Quantasy Defendants' Statement of the Issues**

The Quantasy Defendants deny the material allegations against them set forth in Root's Complaint. The Quantasy Defendants assert that they were also victims of Silver's fraud, and had no

knowledge of Silver's scheme to steal Root's money. In particular, the Quantasy Defendants contend that:

- Root employed, as its CMO, a fraudster who used his position at Root to steal millions of dollars from not only Root, but also Quantasy.
- Silver was able to steal millions from Root because of Root's: (i) inadequate internal controls, (ii) failure to supervise its employees, (iii) hiring of Silver without adequate investigation, (iv) public conferral of corporate authority on Silver, including the appointment of Silver as CMO, which facilitated Silver in carrying out the fraud, (v) bestowal of millions of dollars in spending authority upon Silver without supervision, and (vi) failure to institute accounting controls that would have detected the fraud.
- Because the Complaint details a series of events where Root's CMO – an officer of the company with actual and apparent authority – gave instructions to the advertising company that he hired on behalf of Root, and the Quantasy Defendants followed those instructions, the Quantasy Defendants were not part of a conspiracy or a RICO enterprise, and the claims against them should be dismissed with prejudice via summary judgment and/or at trial.

7. <u>DISCOVERY PROCEDURES</u>

   a. The parties agree that all discovery shall be completed by <u>December 1, 2024</u>. The parties to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

   b. Do the parties anticipate the production of ESI?  __X__ Yes  ____ No

   If yes, describe the protocol for such production: The parties have agreed to, and the Court has entered a Stipulated Protective Order (Doc #69).

   c. Do the parties intend to seek a protective order or clawback agreement?

   If yes, such order or agreement shall be produced to the Court by - <u>see above</u>.

8. <u>DISPOSITIVE MOTIONS</u>

   a. Any dispositive motions shall be filed by February 15, 2025.

   b. Are the parties requesting expedited briefing on dispositive motions?

   ____ Yes    <u>X</u>    No

   If yes, identify the proposed expedited schedule:

Opposition to be filed by <u>not applicable</u>; Reply brief to be filed by <u>not applicable</u>.

9. <u>EXPERT TESTIMONY</u>

   a. Primary expert reports must be produced by October 1, 2024.

   b. Rebuttal expert reports must be produced by November 1, 2024.

10. <u>SETTLEMENT</u>

Plaintiffs made a settlement demand on September 5, 2023.  Defendants are in active discussions with their insurance carrier about a response to the offer, but the insurance carrier has not yet provided Quantasy with any authorization for any settlement.  The Quantasy Defendants expect that this will be forthcoming in the near future, and they will provide a response as soon as practicable after receiving authorization from the carrier. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.  The parties request the following month and year: <u>The parties have discussed potential private mediation and will keep the Court informed on this issue</u>.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

 X   Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The parties request that the conference take place in chambers
         X  telephone
           by *see* below

 _____  No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

**The parties defer to the Court's judgment on whether a telephone conference is necessary. Given the complexities associated with Mr. Silver's imprisonment, the Court may wish to discuss this with the parties to chart a course going forward**.

12. <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:

5

The parties advise the Court that this Report was prepared without the assistance or input of Defendants, Brinson Silver, Collateral Damage, LLC, Eclipse Home Design, LLC and/or Paige McDaniel. Mr. Silver is currently in prison awaiting sentencing by Judge Edmund A. Sargus. Collateral Damage, LLC and Eclipse Home Design, LLC are controlled by Mr. Silver and neither have retained counsel as ordered by the Court. Ms. McDaniel has not substantively participated in the litigation.

Signatures:

/s/ William D. Kloss, Jr.
William D. Kloss, Jr. (0040854), Trial Attorney
Elizabeth S. Alexander (0096401)
Grace E. Saalman (0101603)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6360
Fax: (614) 719-4807
wdklossjr@vorys.com
esalexander@vorys.com
gesaalman@vorys.com

Attorneys for Plaintiffs

/s/ Matthew D. Ridings
Matthew D. Ridings (0079402), Trial Attorney
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114
Phone: (216-566-5561
Fax: $216) 566-5800
Matt.Ridings@ThompsonHine.com

/s/ Joshua H. Epstein
Joshua H. Epstein
(Admitted *Pro Hac Vice*)
DAVIS+GILBERT LLP
1675 Broadway
New York, NY 10019
jepstein@dglaw.com

Attorneys for Defendants William Campbell, Quantasy, LLC and Quantasy & Associates, LLC

Date: January 25, 2024