UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROOT, INC., et al., | : | |
| | : | |
| *Plaintiff*, | : | Case No. 2:23-cv-512 |
| | : | Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Elizabeth A. |
| | : | Preston Deavers |
| BRINSON CALEB SILVER, et al., | : | |
| | : | |
| *Defendants*. | : | |

**ORDER GRANTING MOTION OF RECEIVER, JERRY E. PEER, JR., TO SELL CERTAIN REAL PROPERTY OF DEFENDANT, ECLIPSE HOME DESIGN, LLC, AT PRIVATE SALE, FREE AND CLEAR OF ALL INTERESTS, LIENS, CLAIMS AND ENCUMBRANCES AND TO DISTRIBUTE PROCEEDS OF SALE**

This matter comes before the Court upon the *Motion of Receiver, Jerry E. Peer, Jr., to Confirm The Public Sale of Certain Real Property of Defendant, Eclipse Home Design, LLC, Free and Clear of All Interests, Liens, Claims, and Encumbrances and to Distribute Proceeds of Sale* ("Motion"), filed herein on January 19, 2024, by Jerry E. Peer, Jr. ("Receiver"), the duly authorized and acting Receiver for of all monetary and real property assets of Mr. Brinson Caleb Silver, Collateral Damage, LLC and Eclipse Home Design, LLC (hereinafter collectively "Defendants"), which seeks approval of the private sale of 9125 North Bayshore Drive, Miami Shores, Florida 33138, Parcel No. 11-32-05-001-0590 ("Property") and the approval of the sale on the terms and conditions of the *"AS-IS: Residential Contract For Sale and Purchase* ("Purchase Agreement"), attached to the Motion as "Exhibit A," free and clear of any and all interests, liens, claims and encumbrances, which shall transfer to the proceeds of sale, as well as any right of redemption, and to approve the Receiver's proposed distribution of proceeds of sale.

The Motion was served upon all parties to this action and other interested parties by electronic mail and/or Regular U.S. First Class Mail on January 19, 2024. The Court finds that such notice was adequate and appropriate under the circumstances and that no objections or other responses have been filed.

Therefore, based upon the pleadings, the record of this action, and the Motion and Exhibits attached thereto, THE COURT HEREBY FINDS AND CONCLUDES THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 754, 959 and 1692, Rule 66 of the Federal Rules of Civil Procedure.

B. On May 12, 2023 [Doc. # 99], Order Appointing Receiver, filed May 17, 2023 [Doc. # 101], and Order Amending Order Appointing Receiver, filed June 7, 2023 [Doc. # 120] (hereinafter collectively "Receiver Order"), Jerry E. Peer, Jr., was appointed as Receiver of all monetary and real property assets of Defendants.

C. Pursuant to the Receiver Order,

> The Receiver is authorized to negotiate and effect an orderly sale, transfer, use, or assignment of all or a portion of any of the Property in or outside of the ordinary course of business of the Receivership Defendants and, from the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property. Payments to creditors by the Receiver shall include trade indebtedness which arises during the course of the Receiver's operation of the Property, which shall be paid first from the sale proceeds, together with the fees and expenses of the Receiver and his attorneys, accountants, and other professionals. The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale.…

See Receiver Order, ¶ 2(k).

D. Pursuant to this Court's *Order Granting Motion of Receiver, Jerry E. Peer, Jr., to Employ Serhant and Marco Tiné as Real Estate Broker*, filed November 17, 2023 [Doc. # 189], Receiver engaged Serhant and Marco Tiné (collectively "Broker"), pursuant to the terms and

conditions of the Exclusive Right of Sale Listing Agreement ("Listing Agreement") to list the Property.

E. From January 6, 2024, through January 12, 2024, the Receiver and Broker offered the Property for private sale by and through Broker. As a result, there were five showings and numerous other inquiries, resulting in two offers.

F. Through the efforts of Receiver and Broker, Antonio Hidalgo and Gisella Rivera (collectively "Buyer") has been identified as a potential purchaser for the Property. The Receiver and Buyer have engaged in arm's length and good faith negotiations regarding the sale of the Property. As a result of these negotiations, Receiver and Buyer have entered into the Purchase Agreement, being contingent upon the approval of this Court.

G. Receiver seeks this Court's approval of the Purchase Agreement, to sell the Property free and clear of any and all interests, liens, claims, and encumbrances, as well as any right of redemption, with the interests, liens, claims, and encumbrances attaching to the net proceeds of sale, which shall be disbursed to the secured creditor(s) holding valid and existing liens, in order of their respective priorities. Apart from the Treasurer of Dade County, Florida, to whom the real estate taxes will be paid at closing, the only secured creditor is Miami 555, LLC, whose interests, mortgages, fixture filings, and assignments of leases and rents—the Mortgages, with respect to the Property are set forth in the Complaint and the Receiver Order or have otherwise been identified in these proceedings. Miami 555, LLC will be fully paid at closing, which will occur on or before February 28, 2024.

H. Pursuant to the terms and conditions of the Purchase Agreement, the Property is to be sold free and clear of any and all interests, liens, claims, and encumbrances, as well as any right of redemption, with the interests, liens, claims, and encumbrances attaching to the net proceeds of

3

sale, which shall be disbursed to the secured creditor(s) holding valid and existing liens, in order of their respective priorities. Apart from the Treasurer of Dade County, Florida, to whom the real estate taxes will be paid at closing, the only secured creditor is Miami 555, LLC who holds the first and best mortgage against the Property. Miami 555, LLC will be fully paid at closing, which will occur on or before February 28, 2024.

I. The Receiver in his business judgment has determined, based upon the circumstances, that a sale of Property, pursuant to the terms of the Purchase Agreement, is in the best interest of the creditors of the receivership estate. The Purchase Price and other terms and conditions of the proposed sale are fair and commercially reasonable and represent the highest and best offer under the circumstances. Receiver has adequate business justification to sell the Property pursuant to the terms of the Purchase Agreement.

J. Proper, timely, adequate and sufficient notice of the Motion and the proposed sale and related relief has been provided to all parties and such notice constitutes due and proper notice and no other or further notice of the Motion is required.

K. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all interested parties and entities and no objection or request for hearing has been filed.

L. The sale process conducted by the Receiver was reasonable, non-collusive and conducted at arms' length and in good faith, and the sale of the Property has been conducted in accordance with the terms of the Order Appointing Receiver.

M. Subject to the provisions of the Purchase Agreement and this Order, all liens, claims, encumbrances, and other interests shall attach to the proceeds from the sale of the Property,

in the order of their priority, with the same validity, force, and effect that they had against the Property immediately prior to the sale.

Based upon the pleadings, the record of this action, and the Motion and Exhibits attached thereto and the absence of any objection to the Motion, IT IS, THEREFORE, HEREBY ORDERED that:

1. The Motion is GRANTED, the sale of the Property, pursuant to the terms and conditions set forth in the Purchase Agreement is hereby approved, provided the sale of the Property occurs on or before February 28, 2024.

2. On the closing date (on or before February 28, 2024), the Property shall be sold, conveyed, granted, assigned, transferred and delivered by the Receiver to the Buyer pursuant to the terms and conditions of the Purchase Agreement. As provided herein with full payment to Miami 555, LLC in satisfaction of its note and mortgage and except for any applicable real estate taxes, the Property shall be transferred free and clear of any and all interests, liens, claims and encumbrances, including but not limited to mortgages, security interests, pledges, taxes and tax claims, of the parties to this action, as well as any interests terminated by order of the Court, whether direct or indirect, fixed or contingent, matured or not matured, disputed or undisputed, including all claims arising out of pending litigation and all potential or contingent claims or causes of action (collectively, "Interests"), with the liens, claims and encumbrances of the parties to this action transferred and attached to the proceeds of sale in the hands of the Receiver with the same priority as those liens, claims and encumbrances previously attached to the Property sold.

3. All of the terms and conditions of the Purchase Agreement are approved in all respects, and the sale of the Property pursuant to the Purchase Agreement is hereby authorized.

The omission in this Order of specific reference to any provision of the Purchase Agreement shall not impair or diminish the efficacy, propriety, or approval of such provision.

4. The Receiver is authorized and directed to execute, deliver and perform under the Purchase Agreement and all other documents contemplated thereby and to consummate the transactions contemplated thereby; the execution, delivery, and performance by the Receiver of the Purchase Agreement and all other documents contemplated thereby, and the consummation of the transactions contemplated thereby, have been and are duly authorized by this Order. Further, no consents or approvals, other than those expressly provided for in the Purchase Agreement or this Order, are required to consummate the sale of the Property.

5. The Purchase Agreement and any related agreements, documents, or other instruments may be waived, modified, amended or supplemented by the parties thereto in accordance with the terms thereof in a manner that has no material adverse effect upon any lienholder not specifically consenting thereto without further order of this Court.

6. Except as may be expressly permitted by this Order or the Purchase Agreement, all persons and entities holding any Interests or adverse claims of any kind and nature against the Property, the Receiver, or Defendants, are hereafter forever enjoined, stayed and barred from asserting such Interests or adverse claims against the Buyer, the Receiver, their successors and assigns, or against the Real Estate.

7. The provisions of this Order authorizing the sale of the Property free and clear of the Interests are self-executing and the Receiver, Plaintiff, and Buyer shall not be required to execute or file satisfactions, releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the foregoing provisions hereof;

provided, however, that this paragraph shall not excuse either the Receiver or Buyer from performing any and all of their respective obligations under the Purchase Agreement.

8. This Order (a) shall be and hereby is, effective as a determination that, upon the closing date, except as otherwise provided herein or in the Purchase Agreement, the Interests shall attach only to the proceeds of the sale of the Property in the order of their respective priorities, with the same extent and validity that they had against the Property immediately prior to the sale; and (b) shall be, and hereby is, binding upon and governing the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies and governmental departments and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments respecting conveyance of the Property.

9. From and after entry of this Order, Defendants, any respective creditors, and/or other parties in interest shall not take or cause to be taken any action that would interfere with the transfer of the Property to the Buyer in accordance with the terms of this Order.

10. Any and all rights of redemption of Defendants, whether equitable or statutory, have been expressly waived and are forever barred.

11. After receipt of all credits provided for under the Purchase Agreement, proceeds of the sale paid at closing shall be distributed at Closing and/or by Receiver as follows:

    11.01  First, to Miami 555, LLC in satisfaction of its note and mortgage against the Property;

    11.02  Second, to the Clerk of Courts to pay any outstanding court costs;

11.03 Third, to pay outstanding real property taxes and assessments pro-rated through the date of the Closing, if any, or as otherwise provided in the Purchase Contract;

11.04 Fourth, to pay all closing costs attributable to the Receiver as Seller;

11.05 Fifth, if deemed necessary by Receiver, an amount to be determined by Receiver as sufficient to cover existing and future anticipated administrative expenses, including Receiver and counsel to Receiver fees and expenses ("Receiver Holdback"), which shall be held by Receiver to cover the costs of the Receivership estate. Any amount remaining over and above the Receiver Holdback shall be distributed pursuant to subsection 11.06 below; and

11.06 Sixth, once all administrative fees and expenses have been paid and a sufficient Receiver Holdback determined, the remaining proceeds held by Receiver pending further order of this Court.

**IT IS SO ORDERED.**

_____
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

APPROVED AND SUBMITTED BY:

**PETERSON CONNERS LLP**

 /s/  ISTVAN GAJARY
GREGORY S. PETERSON (0061915)
JERRY E. PEER, JR. (0075128)
ISTVAN GAJARY (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: (614) 365-7000
Facsimile: (614) 220-0197
E-mail:  gpeterson@petersonconners.com
            jpeer@petersonconners.com
            igajary@petersonconners.com
*Counsel for Receiver, Jerry E. Peer, Jr.*

**KOPELOWITZ OSTROW**

 /s/  BRIAN R. KOPELOWITZ
BRIAN R. KOPELOWITZ
ALEXIS FIELDS
1 West Las Olas Blvd., 5th Floor
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
E-mail:  kopelowitz@kolawyers.com
            fields@kolawyers.com
*Counsel for Miami 555, LLC*