## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROOT, INC., et al.,** | : | CASE NO. 2:23-cv-00512 |
| Plaintiffs, | : | JUDGE SARAH D. MORRISON |
| v. | : | |
| **BRINSON CALEB "BC" SILVER et al.,** | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANT, PAIGE McDANIEL, TO SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Now comes Defendant, Paige McDaniel ("McDaniel"), and for hers Answer to the Second Amended Complaint for Damages and Injunctive Relief ("SAC"), of Plaintiffs, Root, Inc., Caret Holdings, Inc. and Root Insurance Agency, LLC (collectively "Plaintiffs"), states:

### FIRST DEFENSE

1. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 through 14 of Plaintiffs' SAC.

2. Admits that she is a resident of Georgia, that she is Silver's sister, and admits she is the sole member of Collateral Damage, LLC, a Georgia entity.

3. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 16 through 63 of Plaintiffs' SAC.

1

4. Admits that a certificate of organization for Collateral Damage was filed with the Georgia Secretary of State, and denies the remaining allegations contained in Paragraph 64 of Plaintiffs' SAC.

5. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 65 through 70 of Plaintiffs' SAC.

6. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiffs' SAC.

7. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 72 through 105 of Plaintiffs' SAC.

8. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 105 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

9. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 107 through 109 of Plaintiffs' SAC.

10. Denies the allegations contained in Paragraphs 110 through 114 of Plaintiffs' SAC.

11. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiffs' SAC.

12. Denies the allegations contained in Paragraph 116 of Plaintiffs' SAC.

13. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of Plaintiffs' SAC.

14. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 117 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

15. Denies for want of knowledge or lack of information sufficient to form a belief as

to the truth of the allegations contained in Paragraphs 119 through 123 of Plaintiffs' SAC.

16. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 123 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

17. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 125 through 133 of Plaintiffs' SAC.

18. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 133 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

19. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of Plaintiffs' SAC.

20. Denies the allegations contained in Paragraphs 136 and 137 of Plaintiffs' SAC.

21. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 138 and 139 of Plaintiffs' SAC.

22. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 139 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

23. Denies the allegations contained in Paragraphs 141 and 142 of Plaintiffs' SAC.

24. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of Plaintiffs' SAC.

25. Denies the allegations contained in Paragraph 144 of Plaintiffs' SAC.

26. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of Plaintiffs' SAC.

27. Denies the allegations contained in Paragraph 146 of Plaintiffs' SAC.

28. McDaniel restates and realleges all of her responses contained in Paragraphs 1

through 146 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

29. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 148 through 151 of Plaintiffs' SAC.

30. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 151 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

31. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 153 through 157 of Plaintiffs' SAC.

32. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 157 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

33. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 159 through 163 of Plaintiffs' SAC.

34. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 153 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

35. Denies for want of knowledge or lack of information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 165 through 170 of Plaintiffs' SAC.

36. McDaniel restates and realleges all of her responses contained in Paragraphs 1 through 170 of her Answer to Plaintiffs' SAC as if fully rewritten herein.

37. Denies the allegations contained in Paragraphs 172 through 174 of Plaintiffs' SAC.

## **AFFIRMATIVE DEFENSES**

38. Plaintiffs' SAC fails, in whole or in part, to state a claim for which the requested relief may be granted.

39. Plaintiffs' SAC claims are barred, in whole or in part, by its failure to mitigate its

alleged damages, or its alleged damages have already been mitigated in whole or in part.

40. Plaintiffs' claims are barred by the doctrines of release and waiver.

41. Plaintiffs' claims are barred due to intervening acts and conduct of third parties over whom McDaniel had no control or authority.

42. Plaintiffs' claims are barred as Plaintiffs proximately caused its damages, if any.

43. Plaintiffs' claims are barred by the defenses of corporate and/or limited liability company shield, *res judicata,* accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, laches, license, the acts of third parties, waiver, mistake, illegality, fraud, statute of limitations, setoff, failure to join necessary parties, payment, unclean hands, recoupment, statute of frauds, cancellation of contract, failure to exhaust administrative remedies, novation, law of the case, absence of damages, force majeure, doctrines of impossibility and/or impracticability, and all other affirmative defenses available under Ohio Civ. R. 8, State and Federal Statutory and Common law which are provisionally asserted herein for purposes of precluding a waiver thereof. The affirmative defenses are subject to such matters as may develop through discovery and proof.

44. McDaniel reserves the right to assert additional affirmative defenses based upon further proceedings and discovery in this matter.

**WHEREFORE,** Defendant, Paige McDaniel, demands judgment in her favor, that Plaintiffs' Second Amended Complaint be dismissed, with prejudice, that McDaniel her costs, including reasonable attorneys' fees, as well as any other relief that this Court deems just and equitable.

5

Respectfully submitted,

DINN, HOCHMAN & POTTER, LLC:


/s/ Thomas A. Barni
THOMAS A. BARNI (0064555)
ANDREW J. YARGER (0086919)
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio  44124
(440) 446-1100 – Phone
(440) 446-1240 – Fax
tbarni@dhplaw.com
ayarger@dhplaw.com
Attorneys for Defendant, Paige McDaniel

## CERTIFICATE OF SERVICE

I, Thomas A. Barni, hereby certify that this document was filed through the ECF system and will be sent electronically to all parties via the Court's electronic filing system.

Dated: February 28, 2024

/s/ Thomas A. Barni
THOMAS A. BARNI (0064555)
ANDREW J. YARGER (0086919)
Attorneys for Defendant, Paige McDaniel