**LEGALZOOM**

April 22, 2024

OFFICE OF THE CLERK 0 UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
85 MARCONI BOULEVARD, ROOM 121
COLUMBUS, OH 43215

To Whom It May Concern:

    LegalZoom.com, Inc. ("LegalZoom"), through its wholly-owned subsidiary, United States Corporation Agents, Inc. ("USCA"), received documents from your office. The documents are directed to COLLATERAL DAMAGE LLC. We are unable to accept service of the documents because USCA is not the registered agent for an entity with the precise name COLLATERAL DAMAGE LLC in CALIFORNIA.

    Enclosed, please find your documents which we are returning to you. If you have any questions, please feel free to give us a call at (800) 524-4564.

Sincerely,

Your LegalZoom Team

9900 SPECTRUM DR
AUSTIN TX 78717      (877) 773-0888      LEGALZOOM.COM

# California Secretary of State

**Business**   **UCC**                                                                     Login

## Business Search

**COLLATERAL DAMAGE LLC**
**(201913510663)**

- Home
- Search
- Forms
- Help

▼ The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.

Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.

### Basic Search

> A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated


Request Certificate

| | |
|---|---|
| Initial Filing Date | 05/10/2019 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Not Good |
| Standing - VCFCF | Good |
| Formed In | CALIFORNIA |
| Entity Type | Limited Liability Company - CA |
| Principal Address | 45 S ARROYO PKWY. PASADENA, CA 91105 |
| Mailing Address | 45 S ARROYO PKWY. PASADENA,CA91105 |
| Statement of Info Due Date | 05/31/2023 |
| Agent | Individual NO AGENT AGENT RESIGNED OR INVALID |

   
View History            Request Access

Skip to main content   State

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROOT, INC., *et al.*,

      **Plaintiffs,**

v.                                  Civil Action 2:23-cv-512
                                          Judge Sarah D. Morrison
                                          Magistrate Judge Elizabeth P. Deavers

BRINSON CALEB SILVER, *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Quash Subpoenas for Financial Records and to Stay Discovery as to the Quantasy Defendants. (ECF No. 185 (the "Motion to Quash").) Plaintiffs have filed a Memorandum in Opposition (ECF No. 201), and the Specially Appearing Defendants filed a Reply (ECF No. 212). For the reasons that follow, the Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**.

## I.

The Court has set forth the factual allegations of this case by way of background in previous orders and will not repeat them in detail here. Briefly, as it pertains to the subject briefing, Plaintiffs allege that its former Chief Marketing Officer, Defendant Silver, improperly transferred millions of dollars to Defendants Quantasy, LLC, Quantasy & Associates LLC (collectively, the "Quantasy Entities"), and William Campbell (collectively with the Quantasy Entities, the "Quantasy Defendants"), as part of what they describe as "a brazen kickback scheme to defraud" Plaintiffs. (*See* ECF No. 201.) Many of Plaintiffs' claims against the Quantasy Defendants recently survived a Motion to Dismiss. (ECF No. 216.)

The current briefing relates to Plaintiffs' requests for various financial records and information related to the Quantasy Defendants by way of third-party subpoenas, which the Quantasy Defendants have moved to quash. (ECF No. 185.) Specifically, Plaintiffs appear to seek financial records and information related not only to the Quantasy Defendants, but also to Defendant Campbell's wife and father. (*Id.*) The Quantasy Defendants submit that these subpoenas "amount to nothing more than harassment and intimidation of [Defendant] Campbell and his family," and argue that the information sought is "neither relevant . . . nor remotely proportional to the needs of this case." (*Id.*) The matter is ripe for judicial review.

## II.

Rule 45 of the Federal Rules of Civil Procedure "governs discovery from non-parties, including the right to command a non-party to, *inter alia*, produce documents." *Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at *4 (S.D. Ohio Apr. 17, 2015) (citing Fed. R. Civ. P. 45(a)(1) ). Rule 45 provides that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(iii),(iv) ). "In determining whether a subpoena imposes an undue burden, a court considers 'such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Kacmarik v. Mitchell*, No. 1:15CV2062, 2017 WL 131582, at *5 (N.D. Ohio Jan. 13, 2017) (quoting *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2016 WL 7467968 at *2 (S.D. Ohio Dec. 28, 2016)) (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Ultimately, "[c]ourts must balance the need for discovery against the burden imposed on the person ordered to produce documents,

and the status of that person as a non-party is a factor." *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (citations and quotations omitted).

The party seeking to quash a subpoena bears the ultimate burden of proof. *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio May 6, 2011) (citing *White Mule Co. v. ATC Leasing Co. LLC,* 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)). If the discovery sought appears "relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance" but "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* (citation omitted). Finally, courts recognize that "[t]here is no inherent privacy right in financial information such that the Court is required by Rule 45 to quash a subpoena." *PCA-Corr., LLC v. Akron Healthcare LLC*, No. 1:20-CV-428, 2021 WL 2043118, at *5 (S.D. Ohio May 21, 2021) (citing *Simonoff v. Saghafi*, No. 1:17 CV 2574, 2018 WL 11306069, at *2 (N.D. Ohio May 18, 2018)). "So, when addressing motions to quash, federal courts commonly place the burden on the party claiming the privilege of avoiding disclosure." *Id.* (citing *State Farm Mut. Ins. Co. v. Policherla*, No. 08-13939, 2009 WL 2170183, at *3 (E.D. Mich. July 20, 2009). If that party shows that the information falls into a protected category and that disclosure may be harmful, then the burden shifts to the requesting party to establish relevance and the need for the information. *Id.* The court then weighs the parties' respective interests. *Id.*

### III.

In the Motion to Quash, the Quantasy Defendants move the Court to quash a number of third-party document subpoenas Plaintiff issued in November 2023 (collectively, the "November 2023 Subpoenas"). These subpoenas seek various financial records pertaining to the Quantasy Defendants, Christine Campbell (Mr. Campbell's wife), and the Reverend William Monroe

3

Campbell (Mr. Campbell's father). (*See* ECF No. 185.) The Court will address each group of subpoenas in turn, beginning with those directed to the Quantasy Defendants.

### A. Quantasy Defendants.

The first set of November 2023 Subpoenas are directed at the Quantasy Defendants. Plaintiffs submit that the November 2023 Subpoenas "are relevant to Root's RICO and fraud claims," and "are also relevant to Root's breach of contract claims" against the Quantasy Defendants. (ECF No. 201 at PAGEID ## 1976-1979.) For the reasons set forth below, the Court agrees, and disagrees with the Quantasy Defendants' position that Plaintiffs have "already obtained all evidence relevant." (*See* ECF No. 185 at PAGEID # 1609.)

Rule 26 limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). In exercising that discretion, the Federal Rules of Civil Procedure "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26, Advisory Committee Notes to the 2015 Amendment. As the requesting party, Plaintiffs must establish the relevance of the documents sought by the subpoena. *See Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (quoting *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552 n. 1 (S.D. Ind. 1999)).

Against that background, the Court agrees with Plaintiffs that the November 2023 Subpoenas are relevant to their RICO, fraud, and breach of contract claims. (ECF No. 201 at

4

PAGEID ## 1975-1979.)[1] First, Plaintiffs submit that for their RICO claim, they must "prove that [the Quantasy Defendants] 'used' Root's money, which was 'proceeds of unlawful activity,' to 'disguise the nature, location, scope, ownership or control of the proceeds.'" (*Id.* at PAGEID # 1977 (citations omitted).) For their fraudulent misrepresentation claim, Plaintiffs submit that they must "prove that the Quantasy Defendants represented that they would perform marketing services in exchange for payment but instead pocketed the money." (*Id.* (citing ECF No. 173 at ¶¶ 56, 85).) To these ends, Plaintiffs believe they have identified multiple instances in which Mr. Campbell "withdrew Root's money from the Quantasy Entities' bank accounts and used that money to disguise its nature, location, source, ownership and control," and they argue that "[t]here may be additional evidence of such conduct in the Quantasy Defendants' bank records." (*Id.* at PAGEID ## 1977-1978.) Regardless of whether additional evidence exists, Plaintiffs also argue that they need the Quantasy Defendants' financial records "to prove that [the] Quantasy Defendants failed to spend the $3.6 million on marketing services for Root," which goes directly to "a cornerstone of the Quantasy Defendants' defense." (*Id.* at PAGEID # 1978.) On a similar note, as it relates to their breach of contract claim, Plaintiffs submit that the requested information "will confirm whether [the Quantasy Defendants] indeed spent Root's funds on marketing services for Root's benefit." (*Id.* at PAGEID # 1979.)

In response, the Quantasy Defendants simply reject Plaintiffs' argument, submitting that Plaintiffs "offer[] no plausible explanation as to how the information [Plaintiffs seek] is relevant to [Plaintiffs'] claims." (ECF No. 212 at PAGEID # 2141.) At most, the Quantasy Defendants argue that Plaintiffs' RICO and fraud claims are "just pure speculation and conjecture," but this

---

[1] Plaintiffs also argue that the November 2023 Subpoenas are relevant to their Conversion claim, but the Court has since dismissed that claim. (ECF No. 216 at PAGEID ## 2199-2200.)

5

position ignores the several transactions identified by Plaintiffs, which clearly are not speculative. (*Id.* at PAGEID # 2143.) Additionally, while the Quantasy Defendants view Plaintiffs' breach of contract claim as a narrow issue – "Root either breached the agreement or it did not" – they ignore the concrete issue Plaintiffs actually raise, which is whether the Quantasy Defendants spent $3.6 million on marketing services. (*Id.* at PAGEID # 2145.) Given these oversights, the Court does not find the Quantasy Defendants' arguments to be well taken, and finds that the November 2023 Subpoenas are relevant not only to Plaintiffs' claims, but also the Quantasy Defendants' defenses.[2]

This brings the Court to the Quantasy Defendants' next argument, which is generally that because Plaintiffs previously served third-party subpoenas seeking some of the Quantasy Defendants' financial records, they "already had a full opportunity to examine the records that would show any relevant potential payment from Silver to any of the Quantasy Defendants." (*See* ECF No. 185 at PAGEID ## 1609-1612.) But the Court is not persuaded by this argument either. First and foremost, the November 2023 Subpoenas seek information from a number of entities for the first time. (*Compare* ECF No. 185-1 (February 17, 2023 third-party documents subpoenas served upon JPMorgan Chase Bank, N.A ("Chase"), City National Bank ("City National"), and Bank of America, N.A. ("Bank of America")) *with* ECF No. ECF No. 185-2 (the November 2023 Subpoenas, served upon City National, Mesh Payments, Inc., Morgan Stanley & Co., LLC, PayPal Holdings, Inc., Early Warning Services, LLC, Chase, and Morgan Stanley Smith Barney LLC).) But regardless, even to the extent Plaintiffs have served a second round of subpoenas upon certain entities, the Quantasy Defendants do not dispute that the scope of the

---

[2] Indeed, the Court already seemed to recognize this, noting that "[w]ith the benefit of discovery, the Quantasy Defendants' theory (which is possible) may prove to be true." (ECF No. 216 at PAGEID # 2192.)

requested information has changed as Plaintiffs have learned more about the underlying facts. (*See* ECF No. 201 at PAGEID # 1981.) On this point, the Court finds it entirely reasonable for Plaintiffs to "seek[] confirmation that the banks respond[] with information for [both of the Quantasy Defendants]," especially given that Plaintiffs did not name Defendant Quantasy, LLC until they filed the operative Second Amended Complaint in September 2023 (several months after the first round of subpoenas).[3] Finally, the Court also notes that the Quantasy Defendants do not submit that the requested records are privileged or otherwise protected, that they would be unduly burdensome to produce, or that the November 2023 Subpoenas are otherwise annoying, embarrassing, or oppressive as to the Quantasy Defendants. *See* Fed. R. Civ. P. 26(c). On balance, then, the Court finds that Plaintiffs' interests prevail. Accordingly, the Court **DENIES** the Motion to Quash as it pertains to the Quantasy Defendants.

**B.     Christine Campbell.**

The second set of November 2023 Subpoenas are directed at Mr. Campbell's wife, Christine Campbell. These subpoenas present very different issues than those directed at the Quantasy Defendants. For example, unlike the Quantasy Defendants, Mrs. Campbell is not a party to this action, and the operative Second Amended Complaint does not even mention Mrs. Campbell, let alone allege that she is related to any of Plaintiffs' claims in this action. (*See* ECF No. 173.) Accordingly, the Court cannot assume that the subpoenas directed at Mrs. Campbell are relevant simply because it finds that the subpoenas directed at the Quantasy Defendants are. *See Hendricks*, 275 F.R.D. at 253 ("[W]hen relevancy is not apparent on the face of the request,

---

[3] Separately, and as an aside, the Court finds it significant that the Quantasy Defendants did not object to Plaintiffs' first round of subpoenas. While they certainly did not waive the ability to object to subsequent subpoenas, that fact would seem to undercut the Quantasy Defendants' cursory "argument" that the November 2023 Subpoenas – which seek the same types of information, as the Quantasy Defendants concede – are not relevant.

7

the party seeking the discovery has the burden to show the relevancy of the request.") (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. Jan. 28, 2003)).

Indeed, a closer look at the subject briefing confirms that while Plaintiffs argue that the Quantasy Defendants' financial documents are relevant, they have failed to argue, let alone demonstrate, that Mrs. Campbell's financial records also are relevant. (ECF No. 201 at PAGEID ## 1976-1977 ("[T]here is reason to believe that Campbell withdrew Root's money from ***the Quantasy Entities' bank accounts***" and "[t]here may be additional evidence of such conduct in ***the Quantasy Defendants' bank records***"), PAGEID # 1979 ("***The Quantasy Defendants' bank accounts*** will confirm whether they indeed spent Root's funds on marketing services for Root's benefits") (emphasis added).) Plaintiffs instead assume that the documents are relevant, and jump straight to the conclusion that they are therefore automatically "entitled to discover both [Mr.] Campbell and Christine Campbell's relevant financial information." (*Id.* at PAGEID # 1981.)[4] But the Court will not make this jump with Plaintiffs, as they have failed to meet their burden on the threshold issue of relevance. *Hendricks*, 275 F.R.D. at 253. Accordingly, the Court **GRANTS** the Motion to Quash as it pertains to Christine Campbell.

---

[4] Plaintiffs also rely exclusively on this conclusory statement to rebut the Quantasy Defendants' position that the November 2023 Subpoenas directed at Mrs. Campbell were issued for purposes of harassment. (*See* ECF No. 185 at PAGEID # 1613 ("It is wholly inappropriate to involve Mr. Campbell's wife – and her private financial affairs – in this matter without a whit of evidence that she had ever even heard of Silver or Root, let alone participated in Silver's scheme.").) Plaintiffs do not allege Mrs. Campbell's involvement, and the Court does not agree that Mrs. Campbell's personal financial activity is necessarily relevant to Plaintiffs' claims. (*See* ECF No. 201 at PAGEID # 1978 (citing Mrs. Campbell's 2022 personal withdrawal of funds).) Finally, the lone case on which Plaintiffs rely only discusses the relevance of joint accounts, which is far more limited in scope than what Plaintiffs seek in the November 2023 Subpoenas as they relate to Mrs. Campbell. *See State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-CV-11500, 2013 WL 10572229, at *1 (E.D. Mich. Aug. 13, 2013).

### C. William Monroe Campbell.

Finally, the November 2023 Subpoenas also appear to seek information associated with an email address which belongs to Mr. Campbell's father, William Monroe Campbell, who is the Senior Pastor at Mount Gilead Missionary Baptist Church in Los Angeles. (*See, e.g.*, ECF No. 185-2 at PAGEID # 1698.) The Quantasy Defendants submit that this exemplifies "[t]he overbroad and harassing nature of the November 2023 Subpoenas," as Mr. Campbell's father has no relevance to Plaintiffs' claims. (ECF No. 185 at PAGEID # 1614.) In response, Plaintiffs submit that "Root does not seek financial information concerning Campbell's father, William Monroe Campbell," and that "Root will clarify such with the Subpoena recipients." (ECF No. 201 at PAGEID # 1971 n.2.) The Quantasy Defendants appear to be satisfied with this response, as they do not revisit the issue in their Reply brief. (*See* ECF No. 212.) Accordingly, the Court **GRANTS** the Motion to Quash as it pertains to the Reverend William Monroe Campbell.

### IV.

For the reasons set forth above, the Motion to Quash Subpoenas for Financial Records and to Stay Discovery as to the Quantasy Defendants, ECF No. 185, is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the November 2023 Subpoenas are **QUASHED IN PART, ONLY** insofar as they pertain to Christine Campbell and the Reverend William Monroe Campbell.

**IT IS SO ORDERED.**

Date: April 11, 2024　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Orders on Motions
2:23-cv-00512-SDM-EPD Root, Inc. et al v. Silver et al

AttySealedAcc,JURY,PROSE,PROTO

# U.S. District Court

## Southern District of Ohio

### Notice of Electronic Filing

The following transaction was entered on 4/11/2024 at 4:42 PM EDT and filed on 4/11/2024
**Case Name:** Root, Inc. et al v. Silver et al
**Case Number:** 2:23-cv-00512-SDM-EPD
**Filer:**
**Document Number:** 254

**Docket Text:**
ORDER granting in part and denying in part [185] Motion to Quash. Specifically, the November 2023 Subpoenas are QUASHED IN PART, ONLY insofar as they pertain to Christine Campbell and the Reverend William Monroe Campbell. Signed by Magistrate Judge Elizabeth Preston Deavers on April 11, 2024. (jlk) (This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.)

**2:23-cv-00512-SDM-EPD Notice has been electronically mailed to:**

William Darrell Kloss, Jr     wdklossjr@vorys.com, jlmason@vorys.com

James Roger Leickly     james@leicklylaw.com

Tiffany Strelow Cobb     tscobb@vorys.com, bjtobin@vorys.com, mdwalkuski@vorys.com

Phillip A. Templeton     ptempleton57@gmail.com

Thomas Wyatt Palmer     Thomas.Palmer@ThompsonHine.com, ECFDocket@Thompsonhine.com

Jerry E Peer, Jr     jpeer@petersonconners.com

Gregory Scott Peterson     gpeterson@petersonconners.com

Thomas A Barni     tbarni@dhplaw.com

Istvan Gajary     igajary@petersonconners.com

Jamar TaeVann King     jamar.king@thompsonhine.com, ECFDocket@Thompsonhine.com, diane.macleod@thompsonhine.com

Elizabeth S. Alexander     esalexander@vorys.com, jlgeorge@vorys.com, stnorvell@vorys.com

Matthew L. Jalandoni (Terminated)    mjalandoni@flannerygeorgalis.com, dkrupp@flannerygeorgalis.com, kroyal@flannerygeorgalis.com

Aaron Jones (Terminated)    amjones@bmdllc.com, addutro@bmdllc.com, cvoharra@bmdllc.com, hjaeger@ffalaw.com

Andrew Jonathon Yarger    ayarger@dhplaw.com

Grace Elizabeth Saalman    gesaalman@vorys.com, jskish@vorys.com

William Benjamin Reese (Terminated)    breese@flannerygeorgalis.com, dkrupp@flannerygeorgalis.com, kroyal@flannerygeorgalis.com

Matthew David Ridings    matt.ridings@thompsonhine.com, ecfdocket@thompsonhine.com

Karim Sabbidine    Karim.Sabbidine@ThompsonHine.com

Joshua H Epstein    jepstein@dglaw.com

Eva Mia Jimenez    ejimenez@dglaw.com

Kristine Anne Forderer    kforderer@cooley.com

Matthew L. Kutcher    mkutcher@cooley.com, diane.young@cooley.com, efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com

Joan E Meyer    joan.meyer@thompsonhine.com, ECFDocket@thompsonhine.com

Alexis Fields    fields@kolawyers.com, nunez@kolawyers.com

**2:23-cv-00512-SDM-EPD Notice has been delivered by other means to:**

Collateral Damage, LLC
101 N. Brand Blvd.
11th Floor
Glendale, CA 91203

Eclipse Home Design, LLC
651 N. Broad Street
Suite 201
Middletown, De 19709

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=4/11/2024] [FileNumber=8906467-0
] [4ba6fa8278a681a8b99a033c7ed82fbada8e237095a85970e0887876eae311d65bc
3fef7b9011353ae168b326720dc5520ffd51f63f9a2a05bf4da194a80fa37]]

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
85 MARCONI BOULEVARD, ROOM 121
COLUMBUS, OHIO 43215

OFFICIAL BUSINESS

COLUMBUS OH 430
15 APR 2024 PM 4

US POSTAGE — Pitney Bowes
ZIP 43215 $ 000.88
02 4W
0000343269 APR 12 2024

Collateral Damage, LLC
101 N. Brand Blvd.
11th Floor
Glendale, CA 91203

91203-263811