IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **ROOT, INC.,** *et al.*, | : | Case No. 2:23-cv-512 |
| | : | |
| Plaintiffs, | : | Chief Judge Sarah D. Morrison |
| | : | |
| v. | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| **BRINSON CALEB SILVER,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT SILVER'S DISCOVERY

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiffs Root Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC ("Plaintiffs" or "Root") move this Court for an order compelling Defendant Brinson Caleb Silver ("Silver") to produce documents responsive to Root's discovery requests. Silver has failed to engage in discovery or meaningfully participate in this matter, including failing to timely produce responsive documents in violation of Rule 26 of the Federal Rules of Civil Procedure. Root respectfully requests that Silver be compelled to produce all documents responsive to Root's discovery requests. A memorandum in support is attached.

DATED: February 13, 2025

        Respectfully submitted,

        */s/Elizabeth S. Alexander*_____
        Elizabeth S. Alexander (0096401), Trial Attorney
        Tiffany S. Cobb (0067516)
        Thomas J. Whaling (0096430)
        Grace E. Saalman (0101603)
        VORYS, SATER, SEYMOUR AND PEASE LLP
        52 East Gay Street, P.O. Box 1008
        Columbus, Ohio 43216-1008
        Phone: (614) 464-6360
        Fax: (614) 719-4807
        esalexander@vorys.com
        tscobb@vorys.com
        tjwhaling@vorys.com
        gesaalman@vorys.com

        Matthew L. Kutcher (IL Bar No. 6275320*)*
        COOLEY LLP *Admitted Pro Hac Vice*
        110 N. Wacker Drive Suite 4200
        Chicago, IL 60606
        Phone (312)-881-6500
        Fax (312)-881 6598
        mkutcher@cooley.com

        Kristine A. Forderer (CA Bar No. 278754)
        COOLEY LLP *Admitted Pro Hac Vice*
        3 Embarcadero Center
        San Francisco, CA 94111
        Phone (415) 693-2128
        kforderer@cooley.com

        *Counsel for Plaintiffs*

## **MEMORANDUM IN SUPPORT**

### I. FACTUAL BACKGROUND

Root filed this action on February 2, 2023 against Silver and others for defrauding Root of millions of dollars through a civil conspiracy and racketeering scheme. (Compl., ECF No. 1.) On February 17, 2023, pursuant to the Court's expedited discovery orders, Root served Silver with its First Set of Discovery Requests. (Declaration of Elizabeth S. Alexander ¶ 3, attached hereto as Exhibit A.) Root included requests for documents, requests for admission, and interrogatories. (*Id.* ¶ 4.) Silver produced written responses and objections to Root's interrogatories, requests for admission, and requests for production, but Silver failed to produce documents. (*Id.* ¶ 6.) To this day, Silver has not produced a single document responsive to Root's discovery requests. (*Id.* ¶ 11.) Root agreed to several extensions of Silver's deadline to produce documents and attempted to confer with Silver and his prior counsel multiple times to no avail:

- On February 16, 2023, the Court entered a notation order that responses to discovery requests were due **March 3, 2023**. (ECF No. 29.)

- During a May 26, 2023 conference with the Court, Silver's counsel orally moved for an extension to serve discovery. The Court granted the motion and ordered that Silver respond to Root's discovery requests on or before **June 2, 2022**. (5/26/23 Order, ECF No. 109.)

- Silver's counsel asked Root's counsel to agree to an additional extension. As a professional courtesy, Root agreed. (Alexander Decl. ¶ 5.) The Court granted Silver's unopposed motion to extend his discovery deadline to **June 16, 2023**. (6/02/23 Order, ECF No. 113.)

- After Silver failed to produce documents on the June 16, 2023 deadline, Root requested the missing documents. (Alexander Decl. ¶ 7; June 16, 2023 Emails between Attorneys Kloss, Reese, and Jaladoni, attached to Alexander Decl. as Exhibit 1.)

- Silver's counsel informed Root on June 19, 2023, that the status of Silver's production of documents was predicated on whether the Court granted attorney fees at the later hearing. (Alexander Decl. ¶ 8, Ex. 1.)

- Thereafter, Root's counsel sent a letter to Silver's counsel noting the Court's deadline of June 16, 2023, to produce documents and seeking an explanation for their failure to produce as well as demanding complete written responses. (Alexander Aff. ¶ 9; June 19, 2023 Letter from Attorney Kloss to Attorney Jaladoni, attached to Alexander Decl. as Exhibit 2.)

- On July 26, 2023, after Silver's counsel withdrew representation, Root contacted Mr. Silver directly to inform him that he must produce documents. (July 26, 2023 Letter from Attorney Kloss to Silver, attached to Alexander Decl. as Exhibit 3.)

Despite Root's efforts described above, Silver has not produced documents responsive to Root's discovery requests. Nor has he responded to Root's requests or inquiries with any explanation regarding his failure to produce documents.[1]

Since July 2023, the Receiver has worked to assess and secure Silver's assets. In the latest report, the Receiver informed the Court that he secured all of Silver's monetary and property assets except for a bank account in Jakarta, Indonesia. (Receiver's Ninth Interim Rep., ECF No. 264.) The Court accepted the Receiver's latest report on September 23, 2024. (Notation Order, ECF No. 268.) Despite the Receiver's information regarding Silver's finances, Root still requires responses to its discovery requests to prosecute its claims against Silver. While Root and the Receiver are working cooperatively to locate the remaining funds in Jakarta, Indonesia, Silver has stopped responding to Root - likely due, in part, to his incarceration – such that he is no longer willing to engage in discovery or meaningfully participating in this matter. For the sake of transparency, in the event that the Court issues an order compelling Silver to engage in discovery and Silver fails to do so, Root intends to move for default against Silver for his failure to participate in this case.

---

[1] Root understands that Silver has been – and is currently – incarcerated, serving a 51-month sentence as a result of the related criminal matter. Notably, the discovery requests and much of the correspondence described above, occurred prior to Silver's incarceration. Following the withdrawal of his counsel and his incarceration, Root has directed subsequent correspondence to Silver directly to his address in prison.

*See* Civ.R. 37(b)(2)((vi) (providing for default as a remedy for failure to comply with a discovery order).

  II.  **LAW AND ARGUMENT**

Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).

If a party fails to respond to discovery requests or produce documents, "Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to file a motion for an order compelling discovery . . . provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests." *Bank One, N.A. v. Echo Acceptance Corp.*, No. 2:04-CV-318, 2006 U.S. Dist. LEXIS 62575, at *6 (S.D. Ohio Sept. 1, 2006) (citing Fed. R. Civ. P. 37)). "The burden of proof rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Alomari v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-00613, 2013 U.S. Dist. LEXIS 155679, at *8-9 (S.D. Ohio Oct. 30, 2013) (citation omitted). Importantly, being in prison does not relieve a party from discovery obligations. *Granger v. Williams*, 112 F.R.D. 222, 223 (E.D. Mich. 1986) ("The fact that a Plaintiff is incarcerated does not absolve him or her from complying with discovery requests."); *see also Sanchez v. Rodriguez*, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (imposing discovery sanctions on a *pro se* incarcerated party).

Root seeks an order compelling Silver to produce responsive documents to Root's discovery requests. Root has attempted to meet and confer with Silver's former counsel – and now

5

Silver – but Root has exhausted its extrajudicial options to obtain the documents. Silver's former counsel refused produced documents in June 2023, stating that they would not produce documents unless and until the Court approved its attorneys' fees. This was a direct violation of the Court's June 5, 2023 Order stating that Silver's attorneys' representation must "continue between the date of this Order and the June 20 hearing." Within that span of time, Silver's deadline to produce documents passed on June 16, 2023, yet Silver's counsel failed to produce documents.

Since then Root has agreed to extensions for Silver to produce his documents. Root also communicated directly to Silver's counsel without involving the Court. Then, when Silver's counsel withdrew, Root attempted to confer with Silver himself. But Silver has still failed to produce documents. Silver's failure to produce documents will prejudice Root's ability to prosecute its case against Silver.

### III.  CONCLUSION

For the foregoing reasons, Root respectfully requests the Court order Silver to comply with his obligations under Rule 26 and produce responsive documents.

Respectfully submitted,

*/s/Elizabeth S. Alexander*
Elizabeth S. Alexander (0096401), Trial attorney
Tiffany S. Cobb (0067516)
Thomas J. Whaling (0096430)
Grace E. Saalman (0101603)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6360
Fax: (614) 719-4807
esalexander@vorys.com
tscobb@vorys.com
tjwhaling@vorys.com
gesaalman@vorys.com

Matthew L. Kutcher (IL Bar No. 6275320*)*
COOLEY LLP *Admitted Pro Hac Vice*
110 N. Wacker Drive Suite 4200
Chicago, IL 60606
Phone (312)-881-6500
Fax (312)-881 6598
mkutcher@cooley.com

Kristine A. Forderer (CA Bar No. 278754)
COOLEY LLP *Admitted Pro Hac Vice*
3 Embarcadero Center
San Francisco, CA 94111
Phone (415) 693-2128
kforderer@cooley.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on this 13 February 2025, via CM/ECF upon all counsel of record for Quantasy & Associates, LLC, Quantasy, LLC and William Campbell, and via regular mail upon Brinson Caleb Silver, Collateral Damage, LLC, and Eclipse Home Design, LLC as set forth below:

**Brinson Caleb Silver**
Butler County Jail
Attn. Brinson Caleb Silver
Inmate # 303850
705 Hanover Street
Hamilton, OH 45011

**Collateral Damage, LLC**
c/o Butler County Jail
Attn. Brinson Caleb Silver
Inmate # 303850
705 Hanover Street
Hamilton, OH 45011

**Eclipse Home Design, LLC**
c/o Butler County Jail
Attn. Brinson Caleb Silver
Inmate # 303850
705 Hanover Street
Hamilton, OH 45011

*/s/Elizabeth S. Alexander*
Elizabeth S. Alexander (0096401)
*Attorney for Plaintiffs*